LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

E-FILED

AUG 2 5 2020

Document #

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Hupp

PLAINTIFF(S)

v.

Solera Oak Valley Greens Association

DEFENDANT(S).

CASE NUMBER

5:16-cv-00370-VAP-SP

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

On August 21, 2020 , the Court received the attached

☒ Complaint ☐ Petition ☐ Notice of Removal, captioned

☒ other document(s), entitled Certificate of interested parties; IFP, Notice of motion; Request

from  Paul Hupp , who was found by the Court on 08/16/2016

in case number 5:16-cv-00370-VAP-SP  to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).

☒ Submission of document(s) for filing requires a Motion for Leave to File.

☐ Document(s) must be pre-screened by the Court before filing.

☐ Filing fee must be paid.

☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.

☐ Bond in the amount of $ must be posted in order to proceed.

☐ Other :

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the ☐ assigned magistrate judge ☐ assigned district judge ☒ Chief Judge for review.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ IT IS HEREBY ORDERED that the document(s) presented:
    ☐ be filed in the above-captioned case.
    ☐ be filed in case number _____ .
    ☐ be filed as a new case.
or

☐ IT IS RECOMMENDED that the document(s) presented not be filed.  The Clerk is directed to forward this recommendation to the appropriate district judge for review.

Date _____    United States Magistrate Judge _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IT IS HEREBY ORDERED that the document(s) presented

☒ not be filed.
☐ be filed in the above-captioned case.
☐ be filed in case number _____ .
☐ be filed as a new case.

Date  8/25/ 2020    United States District Judge _____

1
Paul Hupp
965 Hidden Oaks Drive
2
Beaumont, CA. 92223
*In Propria Persona*
3

4
LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY
6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

7                                              )
                                               )
8
Paul Hupp,                                     )
                                               )
9           Plaintiff,                          )
                                               )   Case No.: CV-20-
10          v.                                  )
                                               )
11   County of Riverside,                       )
     City of Beaumont,                          )
12   Solera Oak Valley Greens Association,       )
     Richardson Harman Ober, PC,                )
13   Richardson Ober, PC,                        )
     Thomas Harry Cahraman,                     )   **PLAINTIFF PAUL HUPP'S NOTICE OF**
14   Rebecca Lynn Dugan,                        )   **MOTION AND MOTION FOR LEAVE OF**
     John Washburne Vineyard,                   )   **COURT TO <u>TEMPORARILY</u> FILE CASE**
15   Carol Anne Greene,                         )   **PAPERS <u>UNDER SEAL</u>; DECLARATION**
     Debre Katz Weintraub,                      )   **OF PAUL HUPP IN SUPPORT**
16   Samiuela F. Taloa,                         )
     Wanda Joyce Bartholomew,                   )
17   Richard Allen Beyl,                        )
     Kelly Gene Richardson,                     )
18   Jonathan Robert Davis,                     )
     Theodore Hyun Dokko,                       )
19   Todd Halbeisen,                            )
     Miguel Macias,                             )
20   Lyndon Peats,                              )
     John Simpson,                              )
21   Wayne Wolcott,                             )
     Virginia Anne Phillips,                    )
22   Roes 1-10,                                 )
23   Individually, Individually, Jointly, Jointly and )
     Severally,                                 )
24          Defendants.                          )
                                               )
25

-1-                                    Paul Hupp

# I
## Introduction

Plaintiff Paul Hupp ("Plaintiff"), in *Propria Persona*, files this Notice of Motion and Motion ("MOTION") for Leave of Court to *temporarily seal* the case documents, including but not limited to case initiating documents, support documents and the Emergency *Ex Parte* Application documents. And that such documents be filed under seal, and remain under seal, until defendants Thomas Harry Cahraman ("CAHRAMAN") Rebecca Lynn Dugan ("DUGAN"), John Washburne Vineyard ("VINEYARD") and Carol Anne Greene ("GREENE") have been served notice.

# II
## Argument

The Court has been filing copies of all civil matters that have been filed by Plaintiff since Hupp v Solera Oak Valley Greens Association et al, Case No.: EDCV-16-00370 VAP (SP), into the docket of that case, and notifying the attorneys of record in that case of such docket filings, including Dennis Earl Wagner (SBN# 99190) ("WAGNER") of the law firm Wagner and Pelayes, LLP[1], the attorney that represented Riverside Superior Court Judges John Devlon Molloy, Craig Grant Riemer and Edward T. Webster. Once WAGNER is notified he in turn would advise his clients, and associates of his clients, who were named defendants, of the litigation. This created a bias against PHUPP because WAGNER and his clients/client associates would then take actions to evade, elude and avoid incriminating actions and misconduct they were predisposed to engage in, including the felonious conduct that GREENE (with co-

---

[1] Wagner is now employed by Wagner Zemming Christensen, LLP. On information and belief Wagner and Magistrate Judge  Sheri Nicole Pym have engaged in ex parte communications multiple times regarding

conspirator Samiuela F. Taloa) is accused of in this action. That has happened prior, and will likely happen in this action if the initiating papers are not filed under seal. It is also very probable that WAGNER will represent CAHRAMAN, DUGAN, VINEYARD and GREENE in this matter. Once CAHRAMAN, DUGAN, VINEYARD and GREENE have been served process the Court can unseal all documents previously filed under seal.

### III
### Conclusion

Plaintiff prays the Court GRANT this *temporary* request because the burden to file the papers temporarily under seal is minimal, while the damage to Plaintiff that would be created by WAGNER giving advance notice to CAHRAMAN, DUGAN, VINEYARD and GREENE is tremendous and will cause substantial harm to Plaintiff and his action.

### Declaration

I, **Paul Hupp**, the above-entitled Plaintiff, declare the following;

1. I have personal knowledge of all facts stated herein.

2. If called to testify to these facts I would and could competently testify to such in a court of competent jurisdiction.

3. In previous papers lodged/filed with this Court, copies were placed on the docket of Hupp v Solera Oak Valley Greens Association et al, Case No.: EDCV-16-00370 VAP (SP), and WAGNER was notified.

4. WAGNER in turn would notify his clients at the Riverside Superior Court, and associates of his clients, either directly by himself or indirectly by his clients notifying their associates.

5.  Such notifications created a bias against PHUPP because it allowed WAGNER and his clients/client associates to take actions to evade, elude and avoid incriminating actions and misconduct they were predisposed to engage in.

6.  CAHRAMAN, DUGAN, VINEYARD and GREENE are associates of WAGNER clients.

7.  Sealing of the record would be *temporary* and would cease once CAHRAMAN, DUGAN, VINEYARD and GREENE are served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true.

Executed at: Beaumont CA, on <u>August 10, 2020</u>.

Respectfully Submitted.

Dated this 10th day of August, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

-4-                              Paul Hupp

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*

3

   LODGED
   CLERK, U.S. DISTRICT COURT

4                                            UNITED STATES DISTRICT COURT

   AUG 2 1 2020

5                                            CENTRAL DISTRICT OF CALIFORNIA

   CENTRAL DISTRICT OF CALIFORNIA
6  EASTERN DIVISION    BY DEPUTY

7  **Paul Hupp,**                          )
                                           )
8              Plaintiff,                   )
                                           )
9      v.                                   )   Case No.: CV-20-
                                           )
10 **County of Riverside,**                )
   **City of Beaumont,**                   )
11 **Solera Oak Valley Greens Association,** )
   **Richardson Harman Ober, PC,**         )
12 **Richardson Ober, PC,**                )
   **Thomas Harry Cahraman,**              )
13 **Rebecca Lynn Dugan,**                 )   **PLAINTIFF PAUL HUPP'S MOTION TO**
   **John Washburne Vineyard,**            )   **DISQUALIFY MAGISTRATE JUDGE**
14 **Carol Anne Greene,**                  )   **SHERI NICOLE PYM AND DISTRICT**
   **Debre Katz Weintraub,**               )   **COURT JUDGE VIRGINIA ANNE**
15 **Samiuela F. Taloa,**                  )   **PHILLIPS <u>FOR CAUSE</u>; DECLARATION**
   **Wanda Joyce Bartholomew,**            )   **OF PAUL HUPP IN SUPPORT**
16 **Richard Allen Beyl,**                 )
   **Kelly Gene Richardson,**              )
17 **Jonathan Robert Davis,**              )
   **Theodore Hyun Dokko,**                )
18 **Todd Halbeisen,**                     )
   **Miguel Macias,**                      )
19 **Lyndon Peats,**                       )
   **John Simpson,**                       )
20 **Wayne Wolcott,**                      )
   **Virginia Anne Phillips,**             )
21 **Roes 1-10,**                          )
   Individually, Individually, Jointly, Jointly and )
22 Severally,                               )
              Defendants.                   )
23 ─────────────────────────────────────── )

24

25

-1-                              Paul Hupp

# I
## Introduction

To the United States District Court for the Central District of California ("COURT"),

Plaintiff Paul Hupp ("PHUPP") HEREBY Files THIS Motion to Disqualify Magistrate Judge

Sheri Nicole Pym (SBN# 175062 ("PYM")) and District Court Judge Virginia Anne Phillips

(SBN# 105237 (PHILLIPS")) *for cause* pursuant to Under 28 U.S.C. §§ 144, 455.

# II
## Memorandum of Points and Authorities

PHUPP brings this motion based on bias[1] of PYM and PHILLIPS as it relates to a prior

ruling declaring PHUPP a "Vexation Litigant" in case EDCV-16-00370 VAP (SP). Under 28

U.S.C. §144, whenever a party to any proceeding in a district court makes and files a timely and

sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, such judge shall proceed no further

therein, but another judge shall be assigned to hear such proceeding *See* 28 U.S.C. §144; Pesnell

v. Arsenault, 543 F.3d 1038, 1043 (9thCir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9thCir.

2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the

belief that bias and prejudice exists... [and a] party may only file one such affidavit in any case."

*See* United States v. Sibla, 624 F.2d 864, 867 (9thCir. 1980). 28 U.S.C. §144 expressly

conditions relief upon the filing of a timely and legally sufficient affidavit/declaration. Id. (citing,

*inter alia*, United States v. Azhocar, 581 F.2d 735, 738-40 (9thCir. 1978), cert. denied 440 U.S.

907 (1979). "If the judge to whom a timely motion is directed determines that the accompanying

---

[1] Under 28 U.S.C. §144, whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit or declaration that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. 28 U.S.C. §144 provides the affidavit or declaration shall state the facts and the reasons for the belief that bias and prejudice exists. Plaintiff has stated such facts of bias here.

affidavit specifically alleges facts stating grounds for recusal under 28 U.S.C. §144, the legal

sufficiency of the affidavit has been established, and the motion must be referred to another

judge for a determination of its merits." *Id.* (citing Azhocar, 581 F.2d at 738).

Under 28 U.S.C. §455(a), "Any ... judge ... shall disqualify himself in any proceeding in

which his impartiality might reasonably be questioned." *See* Pesnell at 1043. 28 U.S.C. § 455(b)

provides in relevant part, "...he shall also disqualify himself in the following circumstances:

[w]here he has a personal bias or prejudice concerning a party ..." *See* 28 U.S.C. §455(b)(1). A

motion under § 455 is addressed to, and must be decided by, the judge/s [PYM and PHILLIPS]

whose impartiality is being questioned." *See* Bernard v. Coyne, 31 F.3d 842, 843 (9thCir. 1994).

"Section 455 clearly contemplates that decisions with respect to disqualification should be made

by the judge sitting in the case, and not by another judge." *Id.*, quoting United States v.

Balistrieri, 779 F.2d 1191, 1202 (7thCir. 1985). "Section 455 includes no provision for referral

of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for

recusal under section 455, that judge has a duty to recuse himself or herself." *See* Sibla, 624 F.2d

at 868. Because " ...the test for personal bias or prejudice in section 144 is identical to that in

section 455(b)(1) ... a motion properly brought pursuant to section 144 will raise a question

concerning recusal under section 455(b)(1) as well as section 144."*See* Sibla, at 867.

**PYM and PHILLIPS, in case EDCV-16-00370 VAP (SP), re-litigated a "Vexation**

**Litigant" issue that had already been fully and fairly litigate on the merits, and denied, in a**

**previous civil action less than three (3) years prior.** *See* **Hupp v. San Diego County District**

**Attorney et al, Case No.: 12-cv-492 IEG (RBB), Docket #35, P.2, Footnote 1, dated June 4,**

**2012. PYM and PHILLIPS simply repeated** *allegations* **that the Attorney General of**

**California had made in 12-cv-492 IEG (RBB),** *identical allegations***, which were DENIED**

**June 4, 2012.** Issue and claim preclusion (res judicata and collateral estoppel) prevented PYM and PHILLIPS from getting a "do-over" because they did not like the outcome of Judge Gonzales **June 4, 2012,** ruling. The most telling factor in PYM and PHILLIPS declaring PHUPP, and his mother Aristea Hupp ("AHUPP") as "Vexatious Litigants" in EDCV-16-00370 VAP (SP) is that neither addressed the most relevant and material fact, that the Presiding United States District Court Judge for the Southern District of California, Judge Irma E. Gonzalez. Judge Gonzalez refused to make the "finding" requested by the Attorney General, that PHUPP was a "Vexatious Litigant". When the facts and law do not agree with your argument or ruling it appears that the best thing for PYM and PHILLIPS to do is ignore both, not mention either, and hope it goes away.

These are arguments made previously by Plaintiff, on July 14, 2016, in case EDCV-16-00370 VAP (SP). Plaintiff by this reference incorporates that case and Judge Gonzales June 4, 2012, ruling for the requisite showing of **bias** by PYM and PHILLIPS.

### III
### Conclusion

For the reasons set forth *supra* Plaintiff prays that the COURT GRANT Plaintiff's Motion to disqualify both PYM and PHILLIPS for cause.

### IV
### Declaration

I, **Paul Hupp**, the above-entitled Respondent, declare the following;

1. I have personal knowledge of all statements and exhibits in this declaration.

2. If called upon to testify to this declaration in a court of competent jurisdiction I could and would testify to everything stated herein.

3. PYM and PHILLIPS declared Plaintiff and his mother, Aristea Hupp, "Vexation Litigants" in case EDCV-16-00370 VAP (SP). Aristea Hupp had only filed four

-4-                                                        Paul Hupp

(4) cases total in her entire life in Federal Court. Plaintiff had filed 33 cases in the previous 13 years, of which four (4) were related to the State Bar and Magistrate Judge Rosalyn Merle Chapman (whom PYM ironically replaced), four (4) were Habeas Corpus actions, three (3) were related bankruptcy actions, and one (1) Writ of Coram Nobis in the Southern District of CA; 12 in total and all of which Plaintiff was entitled to file as a matter of law, leaving just 21 various actions in the Southern and Central Districts of California over a 13 year period. All of which had merit to be filed because they were all filed under IFP applications, which required a finding of merit prior to granting the IFP and filing of the action.

4. Particularly troubling by PYM and PHILLIPS ruling on their "Vexation Litigants" OSC in case EDCV-16-00370 VAP (SP) was that it was identical in virtually every respect to a previous Motion to have Plaintiff declared a "Vexation Litigant" in a prior case in the Southern District of California less than three (3) years prior, in Hupp v. San Diego County District Attorney et al, Case No.: 12-cv-492 IEG (RBB), Docket #35, P.2, Footnote 1, dated June 4, 2012. The Attorney General of California made the identical allegations that PYM and PHILLIPS made using the exact same cases. The AG'S "Vexation Litigant" Motion was **DENIED**. Denied by the Presiding United States District Court Judge for the Southern District of California, Judge Irma E. Gonzalez. Judge Gonzalez refused to make the "finding" requested by the AG, that Plaintiff was a "Vexatious Litigant". Judge Gonzalez would not even make the finding that the statements in the referenced cases are "factually true". That ended any "Vexatious Litigant" issue on those cases. The AG'S "Vexatious Litigant" motion was DENIED and

neither PYM nor PHILLIPS had standing to overrule the Presiding United States District Court Judge for the Southern District of California, Judge Gonzalez. Issue preclusion/collateral estoppel [should have] enjoined PYM and PHILLIPS from re-litigating that issue.

5. PHUPP raised these facts in his opposition to PYM and PHILLIPS "Vexatious Litigant" OSC.

6. By this reference Plaintiff incorporates his July 12, 2016, Opposition to PYM and PHILLIPS "Vexatious Litigant" OSC. Even though these issues were the heart of Plaintiff's Opposition to PHILLIPS "Vexatious Litigant" OSC, they were not addressed by PHILLIPS, nor litigated in the appeal following case EDCV-16-00370 VAP (SP); they are therefore ripe for review and are properly before this Court now.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true.

Executed at: Beaumont CA, on August 10, 2020.

Dated this 10th day of August, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3
   LODGED
   CLERK, U.S. DISTRICT COURT
4                                        UNITED STATES DISTRICT COURT
   AUG 2 1 2020
5                                        CENTRAL DISTRICT OF CALIFORNIA
   CENTRAL DISTRICT OF CALIFORNIA
6  EASTERN DIVISION    BY DEPUTY

7  **Paul Hupp,**                        )
                                         )
8          Plaintiff,                    )
                                         )
9      v.                                )    Case No.: CV-20-
                                         )
10 **County of Riverside,**              )    **PLAINTIFF PAUL HUPP'S REQUEST TO**
   **City of Beaumont,**                 )    **FILE NEW LITIGATION**
11 **Solera Oak Valley Greens Association,** )
   **Richardson Harman Ober, PC,**       )
12 **Richardson Ober, PC,**              )
   **Thomas Harry Cahraman,**            )
13 **Rebecca Lynn Dugan,**               )
   **John Washburne Vineyard,**          )
14 **Carol Anne Greene,**                )
   **Debre Katz Weintraub,**             )
15 **Samiuela F. Taloa,**                )
   **Wanda Joyce Bartholomew,**          )
16 **Richard Allen Beyl,**               )
   **Kelly Gene Richardson,**            )
17 **Jonathan Robert Davis,**            )
   **Theodore Hyun Dokko,**              )
18 **Todd Halbeisen,**                   )
   **Miguel Macias,**                    )
19 **Lyndon Peats,**                     )
   **John Simpson,**                     )
20 **Wayne Wolcott,**                    )
   **Virginia Anne Phillips,**           )
21 **Roes 1-10,**                        )
   Individually, Individually, Jointly, Jointly and )
22 Severally,                            )
                                         )
23         Defendants.                   )
                                         )
24                                    ─────────────

                                         **I**
25                                    **Introduction**

1

To the United States District Court for the Central District of California ("COURT"),

2

Plaintiff Paul Hupp ("PHUPP") HEREBY Files "Request to File New Litigation".

3

Dated this 10th day of August, 2020

4

/s/ Paul Hupp
Paul Hupp

5

965 Hidden Oaks Drive
Beaumont, CA. 92223

6

*In Propria Persona*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Paul Hupp,** | ) |
| Plaintiff, | ) |
| | ) Case No.: CV-20- |
| v. | ) |
| | ) |
| **County of Riverside,** | ) |
| **City of Beaumont,** | ) |
| **Solera Oak Valley Greens Association,** | ) |
| **Richardson Harman Ober, PC,** | ) **PLAINTIFF PAUL HUPP'S NOTICE OF** |
| **Richardson Ober, PC,** | ) **EMERGENCY *EX PARTE* APPLICATION** |
| **Thomas Harry Cahraman,** | ) **PURSUANT TO LOCAL RULE 7-19 FOR** |
| **Rebecca Lynn Dugan,** | ) **TEMPORARY RESTRAINING ORDER;** |
| **John Washburne Vineyard,** | ) **MOTION FOR PERMANENT** |
| **Carol Anne Greene,** | ) **INJUNCTION; POINTS AND** |
| **Debre Katz Weintraub,** | ) **AUTHORITIES; DECLARATION IN** |
| **Samiuela F. Taloa,** | ) **SUPPORT (ORAL ARGUMENT** |
| **Wanda Joyce Bartholomew,** | ) **REQUESTED)** |
| **Richard Allen Beyl,** | ) |
| **Kelly Gene Richardson,** | ) |
| **Jonathan Robert Davis,** | ) Time: |
| **Theodore Hyun Dokko,** | ) Date: |
| **Todd Halbeisen,** | ) Courtroom: |
| **Miguel Macias,** | ) Judge: |
| **Lyndon Peats,** | ) |
| **John Simpson,** | ) |
| **Wayne Wolcott,** | ) |
| **Virginia Anne Phillips,** | ) |
| **Roes 1-10,** | ) |
| Individually, Individually, Jointly, Jointly and | ) |
| Severally, | ) |
| Defendants. | ) |
| | ) |

# I
## Introduction

To the United States District Court for the Central District of California ("COURT"), Defendants County of Riverside ("COUNTY"), City of Beaumont ("CITY"), Solera Oak Valley Greens Association ("SOLERA"), Richardson Harman Ober, PC ("RHO"), Richardson Ober PC ("RO"), Thomas Harry Cahraman ("CAHRAMAN"), Rebecca Lynn Dugan ("DUGAN"), John Washburne Vineyard ("VINEYARD"), Carol Anne Greene ("GREENE"), Debre Katz Weintraub ("WEINTRAUB"), Samiuela F. Taloa ("TALOA"), Wanda Joyce Bartholomew ("BARTHOLOMEW"), Richard Allen Beyl ("BEYL"), Kelly Gene Richardson ("RICHARDSON"), Jonathan Robert Davis ("DAVIS"), Theodore Hyun Dokko ("DOKKO"), Todd Halbeisen ("HALBEISEN"), Miguel Macias ("MACIAS"), Lyndon Peats ("PEATS"), John Simpson ("SIMPSON"), Wayne Wolcott ("WOLCOTT") Virginia Anne Phillips ("PHILLIPS") and Roes 1-10 (collectively "DEFENDANTS") and all other parties of interest, pursuant to Local Rule 7-19, Plaintiff Paul Hupp ("Plaintiff") HEREBY GIVES Notice of Emergency *Ex Parte* to issue a temporary restraining order ("TRO") to stay and enjoin DEFENDANTS, based on irreparable harm caused to Plaintiff by DEFENDANTS, from any further criminal prosecution of Plaintiff in State Court by COUNTY, including TALOA. This includes, but is not limited to cases, RIF-1902599 and RIM-1913990.

Plaintiff further seeks a motion date for a permanent injunction after notice and opposition. The TRO will remain in effect until COURT has heard argument and can make a ruling to grant or deny a permanent injunction. Hearing will be held at 9:00 AM in Dept.:   , at

the United States District Court for the Central District of California, Eastern Division, Riverside, CA, 92501[1].

## II
## Memorandum of Points and Authorities

This request for TRO  concerns ongoing collusion between COUNTY, Deputy District Attorney TALOA and multiple Riverside County Superior Court judges;  including CAHRAMAN, DUGAN and VINEYARD who have colluded with COUNTY and TALOA to file multiple felony criminal charges in case RIF-1902599,  all of which lack "probable cause" ("PC"). RIF-1902599 lacks PC because the felony charges are based on free speech; constitutionally protected free speech under the First Amendment. In addition to the felony charge, COUNTY has filed a misdemeanor charge, RIM-1913990, that was direct retaliation against Plaintiff's free speech, and clearly violates the Federal Right to a speedy trial secured by the Sixth Amendment. COUNTY has filed six (6) different criminal cases against Plaintiff since 2013, five (5) since 2017, with 13 different charges. Two (2) of the six (6) cases, RIF-1902599 and RIM-1913990, are still pending. Of the prior four (4) cases, the first (1) case was dropped the day of trail; the second (2) case was dropped the day of trial, the third (3) case was dropped the day of trial, the fourth (4) case was thrown out by the judge after the jury had been sworn because the statute of limitation ("SoL") had expired. Of the five (5) different charges in RIF-1902599, the original single charge of Penal Code §76a- Threatening a Public official" ("§76a"), filed June 20, 2019, was dismissed at preliminary hearing on December 2, 2019, for violating the "Litigation Privilege" ("PRIVILEGE") under Civil Code §47(b) ("§47(b)"). §76a would have

---

[1] As of today the COURT is closed down due to COVID-19 and all parties should expect to participate in the *Ex Parte* Hearing telephonically. Whether appearance is in person or telephonically, the parties will be notified 24 hours in advance by Plaintiff on how to appear.

been dismissed in any event because §76a is facially, and "as applied", unconstitutional. §76a violates the constitutionally protected free speech under the First Amendment. §76a lacked PC to file because it is privileged under §47(b). Three (3) days after §76a was tossed out, December 5, 2019, misdemeanor case BAM-1903181 was thrown out because the SoL had expired, but only after a jury had been picked and sworn in. BAM-1903181 also lacked PC to file because the SoL had expired. 10 days after §76a was tossed out, December 12, 2019, COUNTY filed an information alleging four (4) new felony charges, all four (4) new violations in RIF-1902599 were filed under Penal Code §69- Resisting an Executive Officer ("§69"). The four (4) §69 charges all lack PC because they were based on speech, constitutionally protected free speech under the First Amendment. And even if the speech was not protected, the factual circumstances were identical to the §76a charge, the speech was contained in legal papers filed in litigation with the Court Clerk, which means §69 charges, like the prior §76a charge, lacked PC to file because it is privileged under §47(b).

The same day that the four (4) new §69 violations were filed in RIF-1902599, December 12, 2019, COUNTY filed a new misdemeanor case, RIM-1913990. RIM-1913990 had the exact same *alleged* victim and the exact same charge as in BAM-1903181, the case that had been tossed out after a jury had been picked and sworn in just a week prior, December 5, 2019. But the *alleged* charges in RIM-1913990 occurred on December 17, 2018, which means the charge was on day number 360 of the 365 day SoL. RIM-1913990vialates a legion of State laws, including PC §1050.

### 1. All Speech Is Protected Except Eight (8) Narrowly Tailored Categories

RIF-1902599 allege felony charges of §69. Alleged felonies based purely on speech; written words. Speech consisting only of written words and nothing more. Words that on their

Paul Hupp

face do not constitute any unlawful conduct. The alleged felony charges are not supported by PC because they are 100% protected under the First Amendment of the United States Constitution.

Exceptions to "Free Speech" in the United States fall into eight (8) very specific, and very limited, categories of speech. These categories of speech that are given lesser, or no protection at all by the First Amendment are extremely limited in scope and breadth. They are all narrowly tailored. Speech that is not protected by the First Amendment are: 1) **obscenity**; 2) **fraud**; 3) **child pornography**; 4) **speech integral to illegal conduct**; 5) **speech that incites imminent lawless action**; 6) **speech that violates/infringes intellectual property**; 7) **true threats (criminal threats):** and 8) **commercial speech**. The Supreme Court of the United States, under the First Amendment of the United States Constitution, protects legitimate "Free Speech", allowing for limitations of speech only if they encompass one (1) or more of those eight (8) enumerated, very specific, narrowly drawn and limited categories of unprotected speech. All other speech will be considered "Free Speech". All speech is therefore "Free Speech" unless it clearly, distinctly and unequivocally falls into one (1) or more of the eight (8) limited categories of unprotected speech. Any state or federal law that infringes on speech will be deemed invalid, and unlawful, unless the speech clearly, distinctly and unequivocally fall into one (1) or more of the eight (8) limited categories of unprotected speech. The United States Constitution is the supreme law of the land under the "Supremacy Clause" of the United States Constitution. The First Amendment of the United States Constitution is superior to all state and federal statutes. It is superior to all county and local statutes. It is superior to all municipal statutes. If a state or federal statute infringes on any speech, and that speech does NOT fall into one (1) or more of those eight (8) limited categories of unprotected speech, then said speech is deemed "Free Speech" and it is constitutionally protected and the statute is invalid, not the "Free

Speech". Likewise, any county, local or municipal statute that infringes on speech that does not clearly, distinctly and unequivocally fall into one (1) or more of those eight (8) categories of unprotected speech violates the First Amendment of the United States Constitution and is per se unconstitutional. Plaintiff's speech were statements made in legal pleadings to the effect that if DUGAN and VINEYARD refused grant or deny his submitted papers he would meet with them in person to get a ruling, one way or the other. Plaintiff's argument was drafted and filed in a motion to dismiss more than six (6) months ago and has still not received a hearing date; that motion is attached as "Exhibit #1".

## 2. Federal Court Intervention Based on "BAD FAITH" Prosecution; Federal Restraint of State Courts by Federal Injunctions Allowed for "BAD FAITH" Prosecutions; Anti-Injunction Act Does Not Apply to "BAD FAITH" Prosecutions

The SCOTUS has ruled that a federal court may enjoin a State from a criminal prosecution if the statute being charged infringes on First Amendment (freedom of speech, access to the courts) rights and is a result of a BAD FAITH filing/prosecution. Such a state BAD FAITH prosecution will be enjoined when an overbroad statute, a statute that reaches both protected and unprotected expression and conduct, such as the speech in this case, might/does critically impair the exercise of  constitutionally protected rights; allowing a federal court to enjoin the State thereof.

Furthermore, it is clear in this action that the *alleged* criminal conduct is not met by the "probable cause" standard, or any standard whatsoever. That in and of itself is BAD FAITH. So the mere fact that the State has brought this criminal action, without "probable cause", and has been able to keep it in the court system for more than one (1) year, establishes that it is over broad, or at least is being used in such a manner by the State.

1    The mere **threat** of BAD FAITH prosecution under such an overbroad statute can invoke

2    federal court injunctions:

3      "...may deter . . . almost as potently as the actual application of sanctions. . . ." See

4      Dombrowski v. Pfister, 380 U.S. 479,486 (1965).

5      In such cases courts could no longer embrace:

6      "[t]he assumption that defense of a criminal prosecution will generally assure ample

       vindication of constitutional rights," because: 1) the mere threat of prosecution; 2) or the

7      long wait between prosecution and final vindication could result in a "chilling effect upon

       the exercise of First Amendment rights." See Dombrowski at 487.

8

9      This principle established by the SCOTUS was two-phased:

10     "1) a federal court should **not** abstain when there is a facially unconstitutional statute

       infringing upon speech and application of that statute discourages protected activities;

11     and 2) the court should **enjoin** the state proceedings when there is a prosecution, *or even*

       **the threat of prosecution**, under an overbroad statute regulating expression, if the

12     prosecution **or threat of prosecution** chills the exercise of freedom of expression." *See*

13     Cameron v. Johnson, 381 U.S. 741 (1965); Cameron v. Johnson, 390 U.S. 611 (1968).

14

15     Dombrowski allows Federal Courts to enjoin State Courts in criminal prosecutions in

16   very limited circumstances. Those limited circumstances are met in the fraudulent prosecution of

17   RIF-1902599. These fundamental rights were reaffirmed two (2) years later in Zwickler v.

18   Koota, 389 U.S. 241 (1967). **In Zwickler the SCOTUS deemed abstention improper**. *See*

19   Zwickler at 248-252.

20     Dombrowski was limited and narrowed under Younger v. Harris, 401 U.S. 37 (1971), but

21   not reversed. The limitations imposed under Younger would not apply in this action because

22   Plaintiff has alleged, and documented, *multiple/repeated bad faith criminal prosecutions* by DA,

23   and even more bad faith acts (and collusion with DA) by multiple Riverside County Judges.  If

24   RIF-1902599 and the other six (6) cases and 12 different charges brought by COUNTY was

25   "good faith" enforcement of California's criminal laws there would not be a problem; the

problem is ALL six (6) of the cases and all 12 different charges have gone to trial, only to be dropped by COUNTY the day of trial, dropped after the jury was sworn in in case BAM-1903181 because the SoL had expired, or dismissed at the preliminary hearing with the §76a charge. The multiple bad faith prosecutions of Plaintiff form a "pattern of harassment" that entitles Plaintiff to federal injunctive relief and is exempt from Younger. The *multiple/repeated bad faith criminal prosecutions* by COUNTY against Plaintiff are unparalleled.

"The Anti-Injunction Act" ("ACT"; *See* 28 U.S.C. § 2283) prevents Federal Courts from enjoining State Court criminal prosecutions in nearly all cases; one (1) of the few exceptions is when a State *threatens* to criminally prosecute in *violation of* First Amendment rights, such as free speech or access to the Courts. RIF-1902599 has multiple violations free speech, the main exception to The Anti-Injunction Act. In addition COUNTY and TALOA have stated they may file more felony charges against Plaintiff concerning his speech, speech that is identical to the speech here, constitutionally protected free speech under the First Amendment.

### 3.  Violation of Federal Speedy Trial Under Sixth Amendment

The Federal speedy trial analysis is completely different from the State speedy trial analysis, under the  Federal speedy trial analysis a defendant ne dot show any prejudice at all, a mere delay by the prosecution that is unwarranted is enough. Barker v. Wingo, 407 U.S. 514 (1972) is the leading case on the Federal right to speedy trial and includes a four (4) factor analysis. The Barker analysis uses four (4) factors to be considered in determining whether a criminal defendant's constitutional right to a speedy trial has been violated: "[1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." *See* Barker at 530. The first two (2) Barker factors, the "length of the delay" and the prosecuting attorneys "reason for the delay", weighs heavily in the Barker analysis.

Length of Delay

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *See* <u>Barker</u> at 530.analysis. "The first of these is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay [citation] since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. [Citation.] This latter enquiry is significant to the speedy trial analysis because . . . the presumption that pretrial delay has prejudiced the accused intensifies over time." (*Doggett v. United States* (1992) 505 U.S. 647, 651-652.) A delay of one year can create a presumption of prejudice. (*Id.* at pp. 655-656; *People v. Williams* (2013) 58 Cal.4th 197, 234-235 [seven year delay in bringing a capital case was presumptively prejudicial].)

\*\*\*

"Under the federal Constitution, **the defendant need not identify any specific prejudice from an unreasonable delay in bringing the defendant to trial after the speedy trial right has attached**. *See* <u>Moore v Arizona</u> 414 U.S. 25, 26 (1973) Instead, **delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases**. *See* <u>Doggett v. United States</u>, 505 U.S. 647, 651-652, 656-657 (1992); *see also* <u>Leaututufu v. Superior Court</u>, 202 Cal.App.4[th] Supp. 1, 8 (2011), ["it is important to distinguish between (i) the prejudice required to initiate a *Barker* analysis (**presumed prejudice is sufficient**), and (ii) the prejudice that the court considers when engaging in the *Barker* four factor analysis (prejudice is required, but **extreme delay in light of the charge can create a conclusive presumption of such prejudice**)"].) Bold and underline added.

Delay in and of itself is "prejudice" under <u>Barker</u>. RIM-1913990 was filed on day number 360 of a 365 day SoL. "The presumption that pretrial delay has prejudiced the accused intensifies over time", and "delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases…" Unless COUNTY can give a valid reason for the "uncommonly long" delay in filing RIM-1913990 under the second prong of <u>Barker</u> RIM-1913990 must be dismissed for violating the Federal right to a speedy trial. The "uncommonly long" was because it was retaliation against Plaintiff by COUNTY.

**III**

## Conclusion

For the reasons set forth *supra* Plaintiff prays that the COURT GRANT Plaintiff's Emergency *Ex Parte* Application and TRO, to prevent irreparable harm being caused to Plaintiff, until a full hearing on the merits can be held and a ruling on a permanent injunction is granted or denied.

## IV
## Declaration

I, **Paul Hupp**, the above-entitled Respondent, declare the following;

1. I have personal knowledge of all statements and exhibits in this declaration.

2. If called upon to testify to this declaration in a court of competent jurisdiction I could and would testify to everything stated herein.

3. All Exhibits attached to or referenced in this brief, are true and correct copies of the originals, which I have in my personal possession.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true.

Executed August 10, 2020, Beaumont, CA

Respectfully submitted.

Dated this 10th day of August, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

*EX #1*

1    Paul Hupp
     965 Hidden Oaks Drive
2    Beaumont, CA 92223
     *In Propria Persona*
3

4                    SUPERIOR COURT OF CALIFORNIA

5                       COUNTY OF RIVERSIDE

6

7                                    )    Citation No. Case No.: RIF-1902599
                                     )    Date Issued: June 20, 2019
8                                    )
                                     )
9    People of the State of California, )  **DEFENDANT PAUL HUPP'S NOTICE OF**
                                     )    **MOTION AND MOTION TO: 1)**
10                Plaintiff,          )    **DISQUALIFY RIVERSIDE COUNTY**
                                     )    **DISTRICT ATTORNEY *FOR CAUSE*; 2)**
11            vs.,                    )    **DISMISSAL OF ENTIRE ACTION FOR**
                                     )    **LACK OF PROBABLE CAUSE;**
12   Paul Hupp,                       )    **MEMORANDUM OF POINTS AND**
                  Defendant.          )    **AUTHORITIES; DECLARATION OF**
13                                   )    **PAUL HUPP IN SUPPORT**
                                     )
14                                   )    Date: February 24, 2020
                                     )    Dept.: S20 (San Bernardino County Court)
15                                   )    Time: 8:30AM
     _____ )    Judge: Hon. George Tavill
16
                                **I**
17                        **Introduction**

18        To the Superior Court of Californian, County of Riverside ("Court"), the Superior Court

19   of San Bernardino and Hon. George Tavill (calendared for all purposes), Riverside County

20   District Attorney ("DA") and all other interested parties, defendant Paul Hupp ("PHUPP")

21   hereby files this motion to disqualify the Riverside County District Attorney ("DA") for cause of

22   misconduct. Said Motion is to be heard on February 24, 2020, in Dept. S20, at 8:30 AM, or as

23   soon thereafter as this motion may be heard, at San Bernardino Superior Court, San Bernardino,

24   CA.

25

                                  -1-              Paul Hupp

1

2

3

**II**
**Memorandum of Points and Authorities**

4

PHUPP hereby moves this Court to disqualify DA from prosecuting this action, or any

5

related action, due to extensive misconduct. Misconduct that involves the entire Riverside

6

County Bench as well as third party private actors, such as Solera Oak Valley Greens

7

8

Association ("SOLERA"); SOLERA'S law firm; City of Beaumont ("BEAUMONT") and

BEAUMONT'S law firm. PHUPP has been involved in extensive civil litigation with

9

10

BEAUMONT since 2011. PHUPP and his family have been involved with civil litigation with

11

SOLERA and BEAUMONT since 2015. DA filed the false, bogus *allegations* after colluding

12

with the Riverside County Bench. Furthermore, this is a "pattern and practice" of DA, having

13

repeatedly filed false charges against PHUPP going back to 2013. Charges that lack "probable

14

cause". False charges the DA then drops the day of trial.

15

16

1. **Felony *Allegations* in RIF-1902599 Are 100% Protected Free Speech; Lack**
   **Probable Cause**

17

This case involves the *allegation* of felony charges. *Alleged* felonies based purely on

18

speech; written words. Speech consisting *only* of written words; nothing more. Words that on

19

their face do not constitute *any* unlawful conduct. The *alleged* felony charges are not supported

20

by probable cause ("PC") because they are 100% protected under the First Amendment of the

21

United States Constitution.

22

23

Exceptions to "Free Speech" in the United States fall into eight (8) very specific, and

very limited, categories of speech. These categories of speech that are given lesser, or no

24

25

protection at all, by the First Amendment are extremely limited in scope and breadth. They are

all narrowly tailored. Speech that is not protected by the First Amendment are: 1) **obscenity**; 2)

**fraud**; 3) **child pornography**; 4) **speech integral to illegal conduct**; 5) **speech that incites imminent lawless action**; 6) **speech that violates/infringes intellectual property**; 7) **true threats (criminal threats):** and 8) **commercial speech**. The Supreme Court of the United States, under the First Amendment of the United States Constitution, protects legitimate "Free Speech", allowing for *limitations* of speech *only* if they encompass one (1) or more of those eight (8) enumerated, very specific, narrowly drawn and limited categories of unprotected speech. All other speech will be considered "Free Speech". **All speech is therefore "Free Speech" unless it clearly, distinctly and unequivocally falls into one (1) or more of the eight (8) limited categories of unprotected speech.**

Any state or federal law that infringes on speech will be deemed invalid, and unlawful, unless the speech clearly, distinctly and unequivocally fall into one (1) or more of the eight (8) limited categories of unprotected speech. The United States Constitution is the supreme law of the land under the "Supremacy Clause" of the United States Constitution.

The First Amendment of the United States Constitution is superior to all state and federal statutes. It is superior to all county and local statutes. It is superior to all municipal statutes. If a state or federal statute infringes on any speech, and that speech does NOT fall into one (1) or more of those eight (8) limited categories of unprotected speech, then said speech is deemed "Free Speech" and it is constitutionally protected and *the statute is invalid,* not the "Free Speech". Likewise, any county, local or municipal statute that infringes on speech that does not clearly, distinctly and unequivocally fall into one (1) or more of those eight (8) categories of unprotected speech violates the First Amendment of the United States Constitution and is *per se* unconstitutional.

The felony *allegations* DA filed against PHUPP'S "speech" does NOT fall into any of the eight (8) very specific, and very limited, categories of unprotected speech. PHUPP'S "speech" is therefore "Free Speech" and is constitutionally protected, fully protected. PHUPP has committed no crime. DA does not even have "Probable Cause". DA lacks *any* PC whatsoever to file *any* charges; felony or misdemeanor, based on PHUPP'S fully protected "Free Speech".

2. **DA Has Filed Multiple Misdemeanor Cases That Violate Penal Code §1050**

But the false allegations do not stop with the *alleged* felonies in RIF-1902599. DA has filed two (2) misdemeanor cases against PHUPP since August 21, 2019; BAM-1903181 and RIM-1913990. RIM-1913990 apparently[1] involves a misdemeanor allegation of PC 166(a)(4) that involves an incident 360 days "stale" involving an *alleged* "victim" where there have been two (2) PRIOR TRIALS to the December 12, 2019, filing date (BAM-1702375, BAM-1903181) with *identical allegations*. DA could have brought both cases prior to the filing dates. DA has violated, and engaged in, misconduct under Penal Code §1050.

3. **DA Has Engaged in *Multiple* Acts of Misconduct With Riverside County Judges**

There have been numerous instances of judicial misconduct between the Riverside COURT and DA involving PHUPP and various COURT judges; all of which are documented in this brief. But to easily summarize the type of judicial misconduct that the Riverside COURT has been engaging in going back to June 14, 2017, we just have to document the misconduct of the District Attorney ("DA"), through Deputy District Attorney Samiuela Feke'ila Taloa ("TALOA"), with Judge Carol Anne Greene ("GREENE") on January 21, 2020. The conduct of

---

[1] Defendant is speculating because Defendant has no idea who the charge involves as no discovery of any type has been turned over. Nor has any Law Enforcement Officer, or investigator of any kind, ever contacted Defendant.

DA, TALOA and GREENE are typical, but not exhaustive, of the illegal and unlawful criminal conduct engaged in by the Riverside COURT and DA.

On January 21, 2020, at or around 10:00-10:15 AM, PHUPP was waiting in the hallway of Dept. 64 of Riverside COURT and decided to go in and watch an ongoing trial in Dept. 62 of Riverside COURT: People v. Ancel Yamil Romanrodrigues, case no.: RIF-1800345. PHUPP walked into Dept. 62, and took a seat in the back row on the right side (facing bench), directly adjacent to the swinging door entryway. The judge in Dept 62 was "Carol Ann Greene" ("GREENE"), State Bar Number ("SBN") 146457. A trial had just started and appeared as if opening statements were about to be given. TALOA, SBN 304502, appeared to be the prosecuting attorney. After PHUPP walked in and sat down the Deputy Sheriff, who serves as the Court Bailiff ("BAILIFF"), approached PHUPP and asked if PHUPP was a "witness". PHUPP said "no", PHUPP was just a member of the public watching the trial. At that point TALOA turned around, saw PHUPP and asked for a "side-bar" with GREENE. Once TALOA and defense counsel got to the "side-bar" of GREENE they spoke briefly and exited the courtroom for GREENE'S chambers, without the court reporter. When the three (3) returned from GREENE'S chamber GREENE informed the jury that they had to have a short break and asked them to leave the courtroom for a few minutes. The jury left, at which point the BAILIFF ordered PHUPP to leave also. As PHUPP left, and was in the small area sealed entry between the hallway and the courtroom, the BAILIFF said PHUPP was being ORDERED OUT of the courtroom because "TALOA" did not want PHUPP there; and not to return. PHUPP informed BAILIFF that the courtroom was a public place and PHUPP had a constitutionally protected right under the First Amendment to attend any and all public court trials. The BAILIFF said he didn't "care" and that he could, and would, **arrest** PHUPP for **"trespassing"** if PHUPP returned.

Paul Hupp

PHUPP asked if he could speak with the judge regarding this issue, as it was very serious; the BAILIFF "NO". Leave and do not return or "go to jail".

GREENE has absolutely no authority whatsoever to kick PHUPP, *or anyone else*, out of a **public** courtroom. What is far more troubling is that GREENE conspired with a DDA, with TALOA, in her criminal acts.

**First**, GREENE and TALOA spoke to each other about PHUPP, *ex parte*, at a "side-bar", without PHUPP present, for the sole purpose to violate PHUPP'S constitutionally protected rights.

**Second**, GREENE and TALOA spoke to each other about PHUPP, *ex parte*, in chambers without PHUPP present.

**Third**, GREENE and TALOA spoke to each other about PHUPP, *ex parte*, at a "side-bar" *and* in chambers, without PHUPP present *and without a court reporter present* to record the conversation for the record.

**Fourth**, after the jury had been excused, and without speaking to PHUPP in any manner whatsoever, GREENE (at TALOA'S request) instructed her BAILIFF to bar PHUPP from re-entering the public courtroom; and if PHUPP tried to reenter to ARREST PHUPP.

When judges and parties, especially a DDA in criminal trial, engage in *ex parte* communications then misconduct is *presumed*. In the instant case it was/is obvious, and beyond any dispute, that GREENE and TALOA spoke to each other regarding PHUPP *ex parte*, and knowingly, willfully and intentionally conspired to have PHUPP removed from the courtroom; without PHUPP being able to make any record of their illegal and unlawful actions.

TALOA has also conspired with other third party actors to engage in an unlawful and illegal criminal conspiracy to file false criminal charges and to violate PHUPP'S constitutionally

protected rights. These third parties include the: 1) Riverside County Probation Department;

Riverside County Judge Thomas Cahraman and his staff; 3) Solera Oak Valley Greens

Association ("SOLERA"); and 4) City of Beaumont ("BEAUMONT"). PHUPP knows this for a

fact because he has personally seen the privileged records that document and confirm this

criminal conspiracy.

     **Last**, there is a legion of prosecutorial and judicial misconduct involving the DA,

COURT and PHUPP going back to 2013. This includes FIVE (5) *false* criminal charges that

have been filed against PHUPP and **dropped the day of trial**, or **dropped at preliminary**

**hearing**. These do NOT include the current *false* charges: RIM-1913990 or RIF-1902599.

| | Case No. Date Filed Charge | Date of Disposition | Disposition | Note |
|---|---|---|---|---|
| 1 | BAM-1301131 May 16, 2013 PC §415(1) | July 26, 2016 | Dismissed day of trial, July 26, 2013 | 1) Cased filed six (6) months after *alleged* violation; 2) **First (1ˢᵗ) filed case dismissed day of trial.** |
| 2 | BAM-1702375 June 14, 2017 PC §M594(a) | January 24, 2019 | Dismissed day of trial, January 24, 2019 | 1) Cased filed on *allegation* vandalism of two (2) nine (9) cent sprinkler flags-with aggregate value of 18 cents; 2) BOND set @ $55K on misdemeanor |

| | | | | charge of 18 cent vandalism; 3) LE never contacted for opposing evidence; 4) **Second (2nd) filed case dismissed day of trial**; 5) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc (HOA) and SOLERA law firm all criminally colluded with each other, and together, on case; 6) BPD does not respond to/investigate any vandalism charges, even felony. DA never charges vandalism on any charge under $500 even if BPD investigated. |
|---|---|---|---|---|
| 3 | BAM-1702398 <u>June 15, 2017</u> | <u>March 27, 2019</u> | Dismissed day of trial, | 1) Cased filed on *allegation* of violating court order; 2) BOND |

| | | | | March 27, 2019 | set @ $53K on misdemeanor *allegation*; 3) LE never contacted for opposing evidence; 4) **Third (3^rd) filed case dismissed day of trial**; 5) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc. (HOA) and SOLERA law firm all criminally colluding with each other, and together, on case. |
|---|---|---|---|---|---|
| | | PC §166 | | | |
| 4 | RIF-1902599 June 15, 2017 PC §76a | December 2, 2019 | Dismissed day of Pre-Lim, December 2, 2019 | | 1) Judge Gunn approved *ex parte* bond of $150K with no supporting evidence; 2) No FTA's to support bond amount; 3) Charge did not support bond amount; 4) PC 76a charge lacked |

| | | | | probable cause; 5) PC 76a is facially unconstitutional; 6) LE never contacted for opposing evidence; 7) **Fourth (4th) filed case dismissed prior to trial.** |
|---|---|---|---|---|
| 5 | BAM-1903181<br><br>August 21, 2019<br><br>PC §166 | December 5, 2019 | Dismissed December 5, 2019, on opening day of trial, one (1) day after jury picked and sworn in. | 1) Cased filed on *allegation* violating court order; 2) Judge Randall Donald White unlawfully and illegally set BOND @ $5K without probable cause @ HUPP Motion Hearing, as a direct result of Judith Michael Fouladi making a perjured "Minute Order" stating, falsely, that she had "Ordered" HUPP to return for a hearing, later that day, on 9-16-2019, *an order* |

*Fouladi had no legal authority to make even if she had made it*. Both illegal and unlawful orders/warrant were based on a single misdemeanor *allegation*; 3) *Allegations* were from July 2018, and August 19, 2018, more than a year prior; 4) DDA Taloa repeatedly stated *allegations* were within SOL; 5) The allegations were identical to *allegations at* trial in BAM-1702375; 6) *Allegation*s outside SOL, *Allegation*s lacked probable and lacked jurisdiction; 7) Charge violated PC §1050 and People v

| | | | | |
|---|---|---|---|---|
| | | | | *Lowe*, 40 Cal.4th 937 (2007); 8) LE never contacted for opposing evidence; 9) No sanctions against State/DDA for knowingly, willfully and intentionally filing false charges; 10) Neither State nor DDA disciplined for bringing false charges; 11) **Fifth (5th) filed case dismissed day of trial**; 12) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc. (HOA) and SOLERA law firm all criminally colluded with each other, and together, on case. |
| 6 | RIM-1913990<br>August 21, 2019 | December 12, 2019 | Pending | 1) Same identical *allegation* as in BAM- |

| | PC §166 | | | 1903181, where jury had been sworn in and could have heard the *allegation*; 2) Filed seven (7) days after BAM-1903181 was dismissed; 3) Same identical *allegation* as in BAM-1702375, where jury had been sworn in on <u>January 24, 2019</u>, a full blown trial ensued on identical *allegation*; 4) *Allegations* were from <u>December 17, 2019</u>, 360 days prior; 5) Charge violates PC §1050 and <u>People v Lowe</u>, 40 Cal.4th 937 (2007); 6) LE never contacted for opposing evidence; 7) No sanctions against State/DDA for |

| | | | | |
|---|---|---|---|---|
| | | | | knowingly, willfully and intentionally filing charges in violation of PC §1050 and People v Lowe; 8) Judge Gunn set bond @ $2,500 even though the identical *allegation* was filed, and dismissed, the week prior in BAM-1903181, bringing the aggregate total of the two (2) misdemeanor Bond charges to $7,500; 9) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc. (HOA) and SOLERA law firm all criminally colluded with each other, and together, on case. |
| 7 | RIF-1800345 | Date of Violation: | N/A | At 10:00 - 10:15 AM, |

Paul Hupp

| | | | |
|---|---|---|---|
| People v. Ancel Yamil Romanrodrigues<br><br>Date Filed: 2018<br>Charge: N/A | January 21, 2020<br>Location of Violation:<br>Criminal Courthouse, 4000 Main Street, Dept 62.<br><br>**Judge Perpetrator**:<br>Carol Ann Greene<br><br>**DDA Perpetrator**:<br>Samiuela Feke'ila Taloa | | HUPP attempted to watch an ongoing PUBLIC trial in Dept. 62. The judge in Dept 62 was GREENE. The trial and opening statements were about to be given. TALOA was DDA prosecuting. After HUPP walked in and sat down TALOA turned around, saw HUPP and asked for a "side-bar" with GREENE. TALOA and defense counsel went to "side-bar" of GREENE, spoke briefly and exited courtroom to GREENE'S chambers, <u>without the court reporter</u>. When the three (3) returned from GREENE'S chambers GREENE informed |

| | | | jury that they had to |
|---|---|---|---|
| 1 | | | |
| 2 | | | have a "short break" |
| 3 | | | and asked jury to leave |
| 4 | | | courtroom for a few |
| 5 | | | minutes. Jury left, at |
| 6 | | | which point the |
| 7 | | | BAILIFF ordered |
| 8 | | | HUPP to leave also. As |
| 9 | | | HUPP left, and was in |
| 10 | | | the small sealed entry |
| 11 | | | area between the |
| 12 | | | hallway and courtroom, |
| 13 | | | BAILIFF said HUPP |
| 14 | | | was being ORDERED |
| 15 | | | OUT of the courtroom |
| 16 | | | by GREENE because |
| 17 | | | "TALOA" did not want |
| 18 | | | HUPP there, and not to |
| 19 | | | return. HUPP informed |
| 20 | | | BAILIFF courtroom |
| 21 | | | was public place and |
| 22 | | | HUPP had a |
| 23 | | | constitutionally |
| 24 | | | protected right to attend |
| 25 | | | all public court trials. |

| | | | BAILIFF said he didn't "care" and would "arrest" HUPP for "trespassing" if HUPP re-entered or returned. HUPP asked if he could speak with the GREENE regarding issue. BAILIFF said "NO", leave and do not return, or "go to jail". HUPP informed Presiding Criminal Judge Molloy in open session at 10:30 AM. Molloy took no action. |
|---|---|---|---|

This is an ongoing, non-exhaustive list of the prosecutorial and judicial misconduct that DA and COURT have engaged in against PHUPP.

### III
### Conclusion

For the reasons set forth *supra* PHUPP also requests that: 1) the entire DA Office be **disqualified for cause** based on their numerous, documented, unlawful and illegal criminal acts

fully documented and set forth in this Motion; and 2) that the entire action be dismissed for lacking probable cause.

## Declaration

I, **Paul Hupp**, the above-entitled Defendant, declare the following;

1. If called upon to testify to this declaration in a court of competent jurisdiction I would and could competently testify to such;

2. Based on the documented actions in this Motion, which is supported by public records, the entire Riverside County DA Office is biased against me should be disqualified for cause.

3. The filing of RIF-1902599 justifies disqualification of DA from this, and all related, cases involving PHUPP.

4. The *alleged felony* charges in this action, RIF-1902599, are unequivocally, fully protected "Free Speech". Because the *allegations* are fully protected "Free Speech" the Riverside County DA Office never had, and still lacks, probable cause to bring the *alleged* charges.

5. I cannot receive a fair trial from the Riverside County DA, or *any* Riverside County DDA, including DDA TALOA, as evidenced by the conduct of TALOA and GREENE (and the legion of judges before her), a judge whom I have never met, did not know or have ever had any contact with whatsoever. GREENE engaged in an illegal and unlawful *ex parte* action with TALOA and the Riverside County DA Office to violate my constitutionally protected rights.

6. I notified the "Presiding Criminal Judge" of the Riverside County Superior Court, John Molloy, about the illegal, unlawful violation of my constitutionally protected

rights by GREENE and DA on or around <u>January 22, 2020</u>. To date there has been no response whatsoever.

7. Attached is a true and correct copy of the <u>January 22, 2020</u>, letter I served on Judge Molloy.

8. In addition to the most recent conduct of GREENE, numerous other judges, cited *supra*, have engaged in a legion of unlawful and illegal actions; this includes, but is not limited to: 1) making perjured "Minute Orders" (FOULADI); 2) issuing a Bench Warrant when they had no legal authority to do so whatsoever (WHITE); 3) setting bond at five (5) times the schedule rate based on a "Declaration" that was **blank** and contained no support whatsoever (GUNN); 4) not hearing, or ruling on, PHUPP'S "Motions to Dismiss" and then marking them as "Disposed" (MOLLOY on 1-28-2020 in RIM-1913990).

9. In addition to the conduct of DA and the various Riverside County Superior Court judges, TALOA has engaged in numerous communications with BEAUMONT and BEAUMONT'S law firm, SOLERA, SOLERA'S law firm and multiple attorneys from the SOLERA law firm. DA, BEAUMONT, SOLERA and TALOA, as well as the Riverside County Probation Department ("PROBATION" (and who knows how many other outside/third parties)) have been engaged in an ongoing criminal conspiracy ("CRIMINAL CONSPIRACY") to violate my constitutionally protected rights.

10. CRIMINAL CONSPIRACY is supported by the legion of *ex parte* emails, letters, phone calls and other communications that have taken place between, but not limited to, the following: 1) SOLERA, SOLERA law firm and PROBATION; 2)

SOLERA, SOLERA law firm and DA; 3) SOLERA, SOLERA law firm and

TALOA; 4) Riverside County Superior Court and PROBATION; 5) Riverside

County Superior Court and SOLERA, SOLERA law firm; 6) BEAUMONT and

SOLERA, DA and TALOA.

11. Particularly egregious, and supporting the disqualification of DA, is that DA filed

RIM-1913990, which was *identical* to BAM-1903181. BAM-1903181 was a

bogus and false criminal *allegation* barred by the statute of limitations **and** Penal

Code §1050. RIM-1913990, although *identical* in virtually every detail, was filed

a mere seven (7) days after BAM-1903181 was *dismissed*. That is brazen, flagrant

and heinous misconduct of DA and TALOA. And another clear violation of Penal

Code §1050.

12. The filing of RIM-1913990 justifies disqualification of DA from this, and all

related, cases involving PHUPP.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct except for those portions based on information and belief and for

those portions I believe them to be true.  If called to testify to these facts I would and could

competently testify to such in a court of competent jurisdiction.

Executed in Beaumont, CA, on February 11, 2020.

Respectfully submitted.

Dated this 11th day of February, 2020

-20-                    Paul Hupp

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*

Paul Hupp

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   In Propria Persona
3  ~~LODGED~~
   CLERK, U.S. DISTRICT COURT

4  AUG 2 1 2020                    UNITED STATES DISTRICT COURT

5  CENTRAL DISTRICT OF CALIFORNIA   CENTRAL DISTRICT OF CALIFORNIA
   EASTERN DIVISION    BY DEPUTY

6  Paul Hupp,                               )
                                            )
7           Plaintiff,                      )
                                            )
8        v.                                 )    Case No.: 20-CV-
                                            )
9  County of Riverside,                     )
   City of Beaumont,                        )
10 Solera Oak Valley Greens Association,    )
   Richardson Harman Ober, PC,              )
11 Richardson Ober, PC,                     )
   Thomas Harry Cahraman,                   )
12 Rebecca Lynn Dugan,                      )
   John Washburne Vineyard,                 )    **COMPLAINT AND DEMAND FOR JURY**
13 Carol Anne Greene,                       )    **TRIAL**
   Debre Katz Weintraub,                    )
14 Samiuela F. Taloa,                       )
   Wanda Joyce Bartholomew,                 )
15 Richard Allen Beyl,                      )
   Kelly Gene Richardson,                   )
16 Jonathan Robert Davis,                   )
   Theodore Hyun Dokko,                     )
17 Todd Halbeisen,                          )
   Miguel Macias,                           )
18 Lyndon Peats,                            )
   John Simpson,                            )
19 Wayne Wolcott,                           )
   Virginia Anne Phillips,                  )
20 Roes 1-10,                               )
   Individually, Individually, Jointly, Jointly and )
21 Severally,                               )
                                            )
22          Defendants.                     )
   _____ )
23

24

25

COMPLAINT - 1                              Paul Hupp Case No.: 20-CV-

COMPLAINT

Plaintiff Paul Hupp ("Plaintiff"), in *Propria Persona*, complains against Defendants County of Riverside ("COUNTY"), City of Beaumont ("CITY"), Solera Oak Valley Greens Association ("SOLERA"), Richardson Harman Ober, PC ("RHO"), Richardson Ober PC ("RO"), Thomas Harry Cahraman ("CAHRAMAN"), Rebecca Lynn Dugan ("DUGAN"), John Washburne Vineyard ("VINEYARD"), Carol Anne Greene ("GREENE"), Debre Katz Weintraub ("WEINTRAUB"), Samiuela F. Taloa ("TALOA"), Wanda Joyce Bartholomew ("BARTHOLOMEW"), Richard Allen Beyl ("BEYL"), Kelly Gene Richardson ("RICHARDSON"), Jonathan Robert Davis ("DAVIS"), Theodore Hyun Dokko ("DOKKO"), Todd Halbeisen ("HALBEISEN"), Miguel Macias ("MACIAS"), Lyndon Peats ("PEATS"), John Simpson ("SIMPSON"), Wayne Wolcott ("WOLCOTT") Virginia Anne Phillips ("PHILLIPS") and Roes 1-10 (collectively "DEFENDANTS"), individually, jointly, jointly and severally, as follows:

## PARTIES, VENUE AND JURISDICTION

1. Paul Hupp ("Plaintiff") resides, and is domiciled within the state of California.

2. The actions that arise from this action all occurred within this judicial district.

3. COUNTY and CITY are state subdivisions and incorporated municipalities located within this judicial district.

4. SOLERA operates within this judicial district.

5. RHO, and its successor RO, are professional corporations conducting business within this judicial district. DAVIS, DOKKO and RICHARDSON are, or were, employed by RHO at all relevant times of the actions stated herein.

6. CAHRAMAN, DUGAN, VINEYARD, GREENE, WEINTRAUB and TALOA reside and are employed within this judicial district.

7.  BARTHOLOMEW and BEYL reside within this judicial district.

8.  MACIAS and PEATS were employed by CITY at all relevant times of the actions stated herein.

9.  HALBEISEN, SIMPSON and WOLCOTT, on information and belief, all are employed by COUNTY.

10. PHILLIPS resides and is employed within his judicial district.

11. Roes 1-10 are unknown at this time but will be named and added to the complaint as their identities become known.

12. DEFENDANTS' actions all occurred within Riverside County, located within the Central District of California for jurisdictional purposes.

13. DEFENDANTS are sued individually, jointly and jointly and severally.

14. This action arises under the United States Constitution, particularly under the provisions of the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983, 1985 and 1988.

15. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1343-Civil rights and elective franchise.

16. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1331-Federal question.

17. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 2201 and 2202-Declatory and injunctive relief.

18. This court has supplemental jurisdiction of state claims that arise out of the common nucleus of operative facts, case, or controversy common to the Plaintiff's federal claims under the provisions of Title 28 of the United States Code, Section 1367(a)-Supplemental jurisdiction.

19.  This court has venue over this case under the provisions of Title 28 of the United States Code, Section 1391(b) and (c).

### FACTUAL ALLEGATIONS

20. That each and every act of DEFENDANTS, including but not limited to private actors working in conjunction and jointly with the state actors, as set forth herein was executed under the color of authority, statutes, ordinances, regulations, laws, customs, training and usages of COUNTY and CITY, by virtue of and under authority of their employment with COUNTY and CITY as government agents.

This reference incorporates the above paragraphs into the following counts.

### COUNT ONE (1): 42 USC SECTION 1983 LIABILITY FOR VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND EXCESSIVE BOND

21. On June 20, 2019, CAHRAMAN, TALOA and COUNTY filed a felony criminal charge, RIF-1902599, against Plaintiff *alleging* a violation Penal Code ("PC") §76(a) ("§76(a)") "Threatening Life of or Serious Bodily Harm to Public Official, Staff, or Member of Immediate Family", based on written words in a pleading Plaintiff submitted to disqualify CAHRAMAN in a Riverside County superior court civil case, where CAHRAMAN and his staff were engaging in *ex parte* communications and criminal acts with opposing counsel. Criminal acts that CAHRAMAN lied about, covered up and stated never happened in open court. COUNTY sought, and was granted, bond of $150,000 without the probable cause affidavit as mandated under PC §1269c. There was no explanation how COUNTY requested, or why Judge David Allen Gunn approved, bond of $150,000 without the probable cause affidavit as mandated under PC §1269c. Plaintiff's written words were protected free speech under the First Amendment. The §76(a) was dismissed on December 2, 2019, for violating the "Litigation Privilege" under Cal. C. Civ. P. §47(b) ("§47(b)").

22. There was no "probable cause" to bring the felony charge because Plaintiff's words were constitutionally protected free speech; and were privileged under §47(b). There was no probable cause to seek any bond increase whatsoever without complying with PC §1269c, documenting supporting and articulable facts, as a prerequisite.

23. CAHRAMAN, TALOA and COUNTY violated Plaintiff's civil rights to be free of unlawful seizure under the Fourth Amendment and free of excessive bond under the Eighth Amendment.

24. CAHRAMAN, TALOA and COUNTY caused damages to Plaintiff, including the costs to post the bond of $150,000.

This reference incorporates the above paragraphs into the following counts.

## COUNT TWO (2): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

25. CAHRAMAN, TALOA and COUNTY all conspired with each other in Count One (1) to violate Plaintiff's civil rights to be free from unlawful seizure, excessive bond and malicious prosecution.

Plaintiff suffered damages as a direct result of CAHRAMAN, TALOA and COUNTY conspiracy.

26. CAHRAMAN, TALOA and COUNTY are the proximate cause of said damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT THREE (3): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE, DENIAL OF DUE PROCESS RIGHTS AND VIOLATION OF THE FEDERAL RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AMENDMENT

27. On or around December 12, 2019, just seven (7) days after COUNTY, TALOA CAHRAMAN'S §76(a) was thrown out based on §47(b), CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY filed by "Information" four (4) new felony

charges against Plaintiff in RIF-1902599, *alleging* a PC §69(a) ("§69(a)") "Resisting an Executive Officer", based on written words in pleadings Plaintiff submitted to DUGAN and VINEYARD asking them to make a ruling on papers Plaintiff had submitted to file a lawsuit; and papers Plaintiff filed to disqualify CAHRAMAN in a superior court civil case for unlawful *ex parte* communications with opposing counsel/parties. There was no explanation how COUNTY requested bond of $150,000 without the probable cause affidavit as mandated under PC §1269c. Plaintiff's written words were protected free speech under the First Amendment.

28. There was no "probable cause" to bring the four (4) new felony charges because Plaintiff's words were constitutionally protected free speech under the First Amendment. There was no probable cause to seek any bond increase whatsoever without complying with PC §1269c.

29. COUNTY and TALOA filed a second criminal charge the same day, misdemeanor RIM-1913990. It was filed 360 days after the *allegations*, and just five (5) days prior to the Statute of Limitations ("SoL") running. The charge was brought as retaliation based on Plaintiff's free speech, in conjunction with the charges in RIF-1902599. RIM-1913990 violates Plaintiff's First Amendment right to free speech because it was retaliation; and the Federal Right to a Speedy Trial under the Sixth Amendment.

30. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY violated Plaintiff's civil rights to be free of unlawful seizure under the Fourth Amendment and excessive bond under the Eight Amendment.

31. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY caused damages to Plaintiff, including the costs to post the bond of $150,000 for the felony and the $2,500 for the misdemeanor.

This reference incorporates the above paragraphs into the following counts.

1

2

## COUNT FOUR (4): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

3

4

5

6

32. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY all conspired with each other to violate Plaintiff's civil rights to be free from unlawful seizure, excessive bond and malicious prosecution. Plaintiff suffered damages as a direct result of CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY conspiracy.

7

8

33. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY are the proximate cause of the damages.

9

This reference incorporates the above paragraphs into the following counts.

10

11

## COUNT FIVE (5): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF ACCESSING A PUBLIC COURTROOM UNDER THE FIRST AMENDMENT

12

13

14

15

34. On January 21, 2020, at or around 10:00-10:15 AM, Plaintiff was waiting in the hallway of Dept. 64, and decided to go in and watch an ongoing trial in Dept. 62: People v. Ancel Yamil Romanrodrigues, case no.: RIF-1800345. Plaintiff walked into Dept. 62, and took a seat in the back row.

16

17

18

19

35. TALOA was in the courtroom and saw Plaintiff. TALOA asked for a "side bar" with the judge, who was GREENE. TALOA and GREENE then went into chambers and returned a few minutes later, and GREENE told the seated jury that the court was taking a break.

20

21

22

23

24

36. As the jurors left Plaintiff was told to leave also. When Plaintiff was in the hallway the deputy sheriff/bailiff told Plaintiff he could not return back to the public courtroom because TALOA did not want Plaintiff there. And if Plaintiff returned he would be "arrested for trespassing". Plaintiff asked if her could speak with the Judge GREENE and was told no.

25

37. COUNTY, TALOA and GREENE violated Plaintiff's civil rights to be free of

unlawful seizure in a public courtroom under the Fourth Amendment; including

threats of seizure in a public place and especially a public courtroom.

38. COUNTY, TALOA and GREENE caused damages to Plaintiff.

This reference incorporates the above paragraphs into the following counts.

## COUNT SIX (6): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

39. COUNTY, TALOA and GREENE all conspired with each other to violate Plaintiff's

civil rights of/to access a public courtroom.

Plaintiff suffered damages as a direct result of COUNTY, TALOA and GREENE

conspiracy.

40. COUNTY, TALOA and GREENE are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT SEVEN (7): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS- SEIZURE OF THE PERSON

41. On Friday, October 26, 2018, at or around 1:30 - 2:00 PM, Plaintiff entered the

Riverside Superior Court Historic Courthouse, 4050 Main Street, Riverside, CA.

Plaintiff walked through the metal detector wearing only a t-shirt, shorts, socks and

shoes. Plaintiff was only carrying papers. The metal detector did not sound or alert in

any manner whatsoever. The contracted security guard at the entrance ("ROE #1")

told Plaintiff to stop. Plaintiff stopped and asked what was needed. ROE #1 told

Plaintiff to come back towards him. Plaintiff asked why, ROE #1 refused to answer.

Plaintiff asked ROE #1 a second time what he wanted, ROE #1 refused to answer.

ROE #1 had no legal authority to detain or seize Plaintiff, so Plaintiff walked into the

clerk's office. After approximately five (5) minutes Plaintiff was leaving the clerk's

office and several uniformed deputy sheriffs approached Plaintiff and then unlawfully

seized Plaintiff for approximately 20 minutes against Plaintiff's will. The uniformed

deputy sheriffs stated ROE #1 had *alleged* Plaintiff breached the security area. This

was in fact false. Plaintiff did not breach the security area, and ROE #1 never stated

to Plaintiff he had. There are several security cameras located though out the

courthouse, including several that filmed the entrance Plaintiff came in, which would

have proven there was no breach by Plaintiff. Instead of reviewing the security

camera images the uniformed deputy sheriffs detained Plaintiff against his will.

42.  ROE #1 and COUNTY violated Plaintiff's civil rights to be free of unlawful seizure

under the Fourth Amendment.

43. ROE #1 and COUNTY caused damages to Plaintiff and are the proximate cause of

said damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT EIGHT (8): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND DENIAL OF DUE PROCESS RIGHTS

44. On or around June 14, 2017, BEYL claimed Plaintiff "vandalized" two (2) sprinkler

flags. Sprinkler flags with an aggregate value of less than 20 cents (8.9 cents each).

CITY investigated and sought a misdemeanor charge of "Vandalism" under Penal

Code §594(a). COUNTY, SIMPSON, WOLCOTT and TALOA sought "Bail" of

$250K on the *alleged* misdemeanor charge involving less two (2) sprinkler flags that

had less than 20 cents of aggregate value. COUNTY, SIMPSON, WOLCOTT and

TALOA never complied with any documentary, or other evidence, mandated under

PC §1269c that would support such a staggering amount of bond over the posted

schedule of $2,500. Bail was granted in the staggering amount of $57K. The *alleged*

misdemeanor charge, Penal Code §594(a) (Case no.: BAM-1702398), was dropped

the day of trial, <u>January 24, 2019</u>. This was the second time COUNTY dropped a criminal charge by BEYL and CITY the day of trial.

45. There was no probable cause to bring the charge.

46. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL had no warrant, nor sought a warrant based on probable cause.

47. Plaintiff was physically arrested and had to post bond in the amount of $57K.

48. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL are liable to Plaintiff for unlawful seizure under the Fourth Amendment.

49. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL are liable to Plaintiff for violating due process for malicious prosecution under the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT NINE (9): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

50. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL all conspired with each other to violate Plaintiff's civil rights to be free from unlawful seizure and malicious prosecution.

51. Plaintiff suffered damages as a direct result of COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL conspiracy.

52. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT TEN (10): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND DENIAL OF DUE PROCESS RIGHTS

53. On or around <u>June 15, 2017</u>, BARTHOLOMEW *alleged* Plaintiff violated a court order. CITY investigated and sought a misdemeanor charge of "Violating a Court Order" under Penal Code §166(a)(4).

54. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW sought "Bail" of $250K on the *alleged* misdemeanor charge. Bail was granted in the staggering amount of $53K. The *alleged* misdemeanor charge, Penal Code §166(a)(4) (Case no.: BAM-1702398), was dropped the day of trial, <u>March 27, 2019</u>. This was the third time COUNTY dropped their charge the day of trial.

55. There was no probable cause to bring the charge.

56. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW had no warrant, nor sought a warrant based on probable cause.

57. Plaintiff was physically arrested and had to post bond in the amount of $53K.

58. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW are liable to Plaintiff for unlawful seizure under the Fourth Amendment.

59. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW are liable to Plaintiff for violating due process for malicious prosecution under the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT ELEVEN (11): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

60. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW all conspired with each other to violate Plaintiff's civil rights to be free from unlawful seizure and malicious prosecution.

61. Plaintiff suffered damages as a direct result of COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW conspiracy.

62. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

**COUNT TWELVE (12): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND DENIAL OF DUE PROCESS RIGHTS**

63. On or around July 17, 2017, CITY, MACIAS and PEATS arrested Plaintiff for an *alleged* violation by BEYL of *felony* assault with a deadly weapon, Penal Code §245 . Plaintiff had to post a $25K bond to be released from custody. Plaintiff was never charged with felony assault with a deadly weapon because there was no probable cause supporting it.   This was the fourth time CITY arrested Plaintiff and either never filed charges or dropped their charge the day of trial.

64. There was no probable cause to arrest Plaintiff on a felony charge and no felony charge was ever filed.

65. CITY, MACIAS and PEATS had no warrant nor sought a warrant based on probable cause.

66. Plaintiff was physically arrested and had to post bond in the amount of $25K.

67. CITY, MACIAS, PEATS and BEYL are liable to Plaintiff for unlawful seizure under the Fourth Amendment.

68. CITY, MACIAS, PEATS and BEYL are liable to Plaintiff for forcing Plaintiff to post excessive bond without probable cause in violation of the Eighth Amendment.

69. CITY, MACIAS, PEATS and BEYL are liable to Plaintiff for violating due process under the Fourteenth Amendment.

1    This reference incorporates the above paragraphs into the following counts.

2    **COUNT THIRTEEN (13): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF**
     **CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL**
3    **RIGHTS**

4    70. CITY, MACIAS, PEATS and BEYL all conspired with each other to violate

5    Plaintiff's civil rights to be free from unlawful seizure and malicious prosecution.

6    Plaintiff suffered damages as a direct result of CITY, MACIAS, PEATS and BEYL

7    conspiracy.

8    71. CITY, MACIAS, PEATS and BEYL are the proximate cause of the damages.

9    This reference incorporates the above paragraphs into the following counts.

10   **COUNT FOURTEEN (14): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF**
     **CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF DUE PROCESS UNDER THE**
11   **FOURTEENTH AMENDMENT**

12   72. Plaintiff and BARTHOLOMEW are involved in a civil case that was/is being

13   litigated in Riverside County Superior Court-Open Civil, case# MCP-1601191,

14   CAHRAMAN was the judge.  COUNTY Deputy Sheriff HALBEISEN was

15   CAHRAMAN'S court bailiff. DOKKO, DAVIS and RICHARDSON of the law firm

16   RO/RHO represented BARTHOLOMEW. DOKKO, DAVIS and RICHARDSON of

17   the law firm RO/RHO are also the attorneys and law firm of record for SOLERA.

18   SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS,

19   RICHARDSON and RO/RHO are all "alter egos" of each other under this count.

20   73. DOKKO, DAVIS and RICHARDSON of RO/RHO met numerous times with

21   CAHRAMAN and HALBEISEN in CAHRAMAN'S chambers and locked down

22   courtroom when it was not open to the public. In 2017 Plaintiff filed court papers

23   documenting this misconduct. CAHRAMAN, HALBEISEN, DOKKO, DAVIS,

24   RICHARDSON and RO/RHO all admitted on the record that DOKKO, DAVIS,

25

RICHARDSON and RO/RHO were in the locked down courtroom, but all denied that they discussed the case or were engaging in any misconduct concerning the case. In 2018 Plaintiff received documents from COUNTY that showed CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO were in fact discussing the case, in chambers and the locked down courtroom, and that their earlier denials of such misconduct were perjured lies, violating Plaintiff's right to Due Process of law under the Fourteenth Amendment.

74. SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO are liable to Plaintiff for their *ex parte* communications and unlawful misconduct with each other to the detriment of Plaintiff; and then concealing their deceit, temporarily, by making perjured statements on the record that they had not engaged in any misconduct. This prevented SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO unlawful acts from being discovered in a timely fashion, and almost never discovered, in violation of the Due Process Clause of the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT FIFTEEN (15): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

75. SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO all conspired with each other to violate Plaintiff's civil rights to Due Process of Law secured by the Fourteenth Amendment.

76. Plaintiff suffered damages as a direct result of SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO conspiracy.

77. SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT SIXTEEN (16): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF ACCESS TO THE COURTS AND DUE PROCESS UNDER THE FIRST AND FOURTEENTH AMENDMENTS

78. Plaintiff was a defendant in a case held before "The Office of Administrative Hearings" ("OAH") in 2017. OAH is a quasi-judicial tribunal that hears administrative disputes between State and local licensing agencies that was established by the California Legislature. OAH provides Administrative Law Judges ("ALJ") to conduct hearings for State and local government agencies. Plaintiff has had numerous such hearings before the OAH and their ALJ, and Plaintiff has always found the OAH ALJ to be bias in favor of the State. Plaintiff has had multiple ALJ rulings reversed on appeal to the Superior Court.

79. Plaintiff had an adverse ALJ ruling in Los Angeles in 2017 and appealed it through the normal process, by a "Writ of Mandamus" ("APPEAL"). WEINTRAUB was the Presiding Judge for the Los Angeles County Superior Court and refused to calendar the APPEAL, violating Plaintiff's right of access to the courts under the First Amendment and to due process of law secured by the Fourteenth Amendment.

80. Plaintiff suffered damages and WEINTRAUB is the proximate cause and liable for said damages.

81. WEINTRAUB is liable to Plaintiff for violating his constitutionally protected right of access to the courts under the First Amendment; and due process of law secured by the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT SEVENTEEN (17): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF ACCESS TO THE COURTS AND DUE PROCESS UNDER THE FIRST AND FOURTEENTH AMENDMENTS

82. Plaintiff has attempted to file 13 lawsuits in the Riverside Superior Court pursuant to Cal. C. of Civ. Pro. §391.7(c), since 2017. DUGAN and VINEYARD were/are the "Presiding Judges" during this time period and were/are responsible for either granting or denying the filing. DUGAN and VINEYARD have not granted, denied or processed any of the 13 actions going back to 2017. On July 10, 2020, Plaintiff submitted papers to file a lawsuit and included an "Emergency *Ex Parte* Application" for an *emergency* hearing over issues that were causing irreparable harm to Plaintiff and needed immediate action. Plaintiff wanted that hearing to have been held within 2-5 days of submitting the papers on July 10, 2020. Despite the *emergency* filing on July 10, 2020, as with the previous 13 actions going back to 2017 there was no response by DUGAN or VINEYARD. It has been 31 days with no response from DUGAN or VINEYARD. The identical and the very same response from DUGAN and VINEYARD as the previous 13 actions filed by Plaintiff in the last three and a half (3.5) years; which is no response. Five (5) days later, on July 14, 2020, Plaintiff filed an *emergency* petition for a Writ of Mandamus ("WRIT") in the District Court of Appeal ("DCA"). Once again, despite the need for an *emergency* hearing, there was no *emergency* reply. The DCA did not take any action until a week later, when

on July 21, 2020, the DCA asked Plaintiff to file yet more paperwork, which Plaintiff complied with and filed that same day because of the *emergency* nature of the action. After waiting yet *another week* with no reply Plaintiff filed a third paper with DCA on July 27, 2020, noting the *emergency* nature and asked for an immediate ruling. The DCA filed a ruling July 28, 2020, DENYING the WRIT, but not on the merits, the DCA *alleged* they could not grant WRIT because they alleged needed yet more information from Plaintiff, information that was not asked for in their July 21, 2020, Order. But instead of allowing Plaintiff to try to cure any perceived deficiencies, deficiencies that DCA failed to seek in their original order, DCA closed the case without giving Plaintiff a chance to comply. Plaintiff established through the information DCA put in their July 21, 2020, Order that DCA and DUGAN/VINEYARD/Trial Court were having *ex parte* communications because DCA made statements that were not in the record filed at DCA. The only way the DCA could have learned of such information was by having *ex parte* communications with DUGAN/VINEYARD/Trial Court. Plaintiff asked DCA to re-open the case, and to disqualify itself *for cause* based on their *ex parte* communications with DUGAN/VINEYARD/Trial Court. DCA refused to reopen the case.

83. Plaintiff then re-drafted that lawsuit to file with this Court, with additional actions against DUGAN and VINEYARD for violating Plaintiff's constitutionally protected right of access to the courts under the First Amendment. That action was then filed with this court on Monday, August 17, 2020, with an *emergency ex parte* application, just as Plaintiff sought, on an *emergency* basis, more than a month prior in the state court.

84. Plaintiff suffered damages as a result of DUGAN and VINEYARD failing to rule on, or process in any manner whatsoever, the 13 lawsuits Plaintiff has attempted to file going back 3.5 years, to 2017, plus the action filed on  July 21, 2020.

85. DUGAN and VINEYARD are the proximate cause of, and liable, for said damages.

86. DUGAN and VINEYARD are liable to Plaintiff for violating his constitutionally protected right of access to the courts under the First Amendment; and violating due process of law secured by the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT EIGHTEEN (19): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE IN VIOLATION OF THE FOURTH AMENDMENT

87. On or around May 7, 2019, COUNTY unlawfully seized and detained Plaintiff without probable cause.

88. Plaintiff suffered damages from COUNTY unlawful action, and COUNTY was the proximate cause of the action.

89. COUNTY is liable to Plaintiff for an unlawful seizure of the person in violation of the Fourth Amendment.


## COUNT NINETEEN (19): DECLARATORY RELIEF

90. DECLARE Cal. C. of Civ. Pro. §391.7(c) is unconstitutional "as applied" by the actions/inactions of COUNTY, DUGAN and VINEYARD.

91. DECLARE Cal. C. of Civ. Pro. §391.7(c) is unconstitutional vague, ambiguous and overly broad.

92. DECLARE that Plaintiff's speech that is the subject of the four (4) count felony information in pending case RIF-1902599 is constitutionally protected free speech secured by the First Amendment.

93. DECLARE that COUNTY'S pending misdemeanor case RIM-1913990 was brought in retaliation for Plaintiff's free speech rights and is a direct violation of: 1) the First Amendment; and 2) the Federal Right to a Speedy Trial secured by the Sixth Amendment.

94. DECLARE PHILLIPS ruling in Case No.: EDCV-16-00370 VAP (SP) declaring Plaintiff a "vexatious litigant", a violation of the FRCP based on issue preclusion and collateral estoppel. PHILLIPS list of cases were the exact same cases used in the "vexatious litigant" motion that was filed April 27, 2012[1], against Plaintiff by Cheryl Brierton, a supervising Deputy Attorney General ("DAG") for the State of California, before Presiding United States District Court Judge for the Southern District of California, Judge Irma E. Gonzalez. Judge Gonzalez refused to make the "finding" requested that Plaintiff was a "vexatious litigant". In fact Judge Gonzalez would not even make the finding that the statements in the referenced cases are factually true. PHILLIPS just re-litigated the exact same issue that had been ruled on, and denied, prior by Judge Irma Gonzales April 27, 2012, ORDER.

This reference incorporates the above paragraphs into the following counts.

## COUNT TWENTY (20): INJUNCTIVE RELIEF

95. ENJOIN COUNTY, including TALOA, from prosecuting pending cases RIF-1902599 and RIM-1913990.

---

[1] *See* Hupp v San Diego County et al, 12-cv-492, Docket #24.

96. ENJOIN COUNTY, including TALOA, from filing any new criminal *allegation/s* against Plaintiff and mandating that any criminal *allegation/s* be forwarded to the Office of Attorney General of California for review of charges and any criminal filing. Support for such an injunction is warranted based on the prior seven (7) criminal cases with 13 different violations, and virtually every single case and all counts: 1) dropped the day of trial; 2) dismissed at preliminary hearing based on the "Litigation Privilege"; 3) dismissed at opening argument, but after a jury had been picked and sworn in, because the statute of limitations had run; 4) dismissal that is warranted based on the pending motions to dismiss under: a) free speech; b) federal speedy trial and c) the "Litigation Privilege".

97. Further buttressing such an injunction is that on or around May 29, 2020, TALOA stated to Plaintiff's attorney that TALOA and COUNTY were considering filing new charges against Plaintiff based on speech TALOA attributed to Plaintiff, speech which was, and is, constitutionally protected under the First Amendment. Given the history of COUNTY, CAHRAMAN, DUGAN, VINEYARD, GREENE, TALOA and several other COUNTY judges of: 1) filing of multiple cases and charges that are either dismissed by COUNTY the day of trial, dismissed at preliminary hearing or dismissed at opening statements due to the statute of limitations having run; 2) seeking excessive bond; 3) and such excessive bond then rubber stamped/granted by COUNTY despite failing to comply with statutory law under PC §1269c, as required in COUNTY seeking any bond increase whatsoever above the posted schedule. Given this legion of past actions/misconduct engaged in by COUNTY, TALOA and COUNTY judges it is appropriate that COUNTY and TALOA be ENJOINED from

being allowed to file any further criminal actions against Plaintiff, and instead

forward any allegations to the AG Office for review and possible filing.

98. ENJOIN COUNTY, GREENE and TALOA from blocking access to public courts in

violation of the First Amendment.

99. ENJOIN COUNTY, CAHRAMAN, DUGAN, VINEYARD and GREENE from

hearing any civil or criminal case/motions/papers involving Plaintiff whatsoever and

transfer any cases current and future cases to San Bernardino County. Two (2)

criminal cases have already been transferred to San Bernardino County, RIF-02599

and RIM-1903181 as a result of COUNTY, CAHRAMAN, DUGAN and

VINEYARD misconduct.

100.   ENJOIN COUNTY from seeking excessive bond in violation of the Eighth

Amendment.

101.   MANDATE that COUNTY review and process any civil papers that Plaintiff

submits for processing within 21 days.

102.   MANDATE PHILLIPS remove Plaintiff from the "vexatious litigant" list

forthwith.

This reference incorporates the above paragraphs into the following counts.

## COUNT TWENTYONE (21): INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE CLAIM)

103.   The DEFENDANTS in this action engaged in numerous civil wrongs as outlined

in this COMPLAINT, including engaging in intentional and reckless conduct. These

acts by DEFENDANTS were beyond the bounds of human decency. DEFENDANTS

did these acts knowingly, willfully, intentionally and maliciously, with the intent to

cause Plaintiff severe emotional distress and mental anguish.

104.    DEFENDANTS conduct was both extreme and outrageous. As a direct
and proximate cause of this extreme and outrageous conduct by DEFENDANTS,
stated *supra*, Plaintiff suffered extreme emotional and psychological distress.
DEFENDANTS' actions also caused embarrassment, humiliation, shame, fright,
fear, and grief in Plaintiff, and DEFENDANTS actions were more than a
reasonable person could endure.

105.    Plaintiff has suffered severe and extreme emotional and psychological
distress.

106.    Said illegal actions by DEFENDANTS were unreasonable, performed
knowingly, willfully, intentionally, deliberately, with deliberate indifference,
maliciously, with gross negligence, callousness, indecency and with reckless
disregard and indifference to the laws of the state of California.

107.    Defendants are liable for their malicious actions damaging Plaintiff.

### PRAYER FOR RELIEF

ON THESE ABOVE LISTED GROUNDS, Plaintiff Paul Hupp prays that this Honorable
United States District Court grant judgment in his favor and against DEFENDANTS as follows;

1.  For compensatory, special and general damages according to proof, but
    exceeding $1,000,000;

2.  For punitive and exemplary damages according to proof;

3.  For prejudgment and post judgment interest;

4.  For declaratory and injunctive *supra*, including preventing DEFENDANTS
    from engaging in the conduct that gives rise to this action, including: 1)
    DECLARING Plaintiff's free speech is constitutionally protected; 2)
    enjoining and dismissing the pending felony case of COUNTY as violating

Plaintiff's free speech under the First Amendment; 3)  enjoining and dismissing the pending misdemeanor case of COUNTY against Plaintiff as violating the federal right to speedy trial and as retaliation against Plaintiff for exercising his constitutionally protected right of free speech under the First Amendment; 3) enjoining COUNTY from filing any new criminal *allegation/s* against Plaintiff and mandating that any criminal *allegation/s* be forwarded to the Office of Attorney General of California for review of charges and filing in San Bernardino County if warranted; 2) enjoining COUNTY, GREENE and TALOA from blocking access to public courts in violation of the First Amendment; 3) enjoining COUNTY, CAHRAMAN, DUGAN, VINEYARD and GREENE from hearing any civil or criminal case/motions/papers involving Plaintiff whatsoever; 4) enjoining COUNTY from seeking excessive bond in violation of the Eighth Amendment.

5.  All fees, costs and expenses for the bringing of this claim, including but not limited to, all attorney fees and costs provided for under 42 U.S.C. Section 1988.

6.  All other appropriate legal and equitable relief.

## RIGHT TO AMEND

Plaintiff hereby expressly reserves the right to amend this action to include any actions arising from discovery and to add in Roe defendants.

## JURY DEMAND

Plaintiff requests trial by jury on all genuine and disputed issues of material fact in this case.

Dated this 10th day of August, 2020

COMPLAINT - 23                              Paul Hupp Case No.: 20-CV-

1

2                                                              /s/ Paul Hupp
                                                               Paul Hupp
3                                                              965 Hidden Oaks Drive
                                                               Beaumont, CA. 92223
4                                                              *In Propria Persona*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 24                                    Paul Hupp Case No.: 20-CV-

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
PPaul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223

LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

ATTORNEY(S) FOR: Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp<br><br>Plaintiff(s),<br><br>v.<br><br>County of Riverside et al<br>(See Attached Facepage)<br><br>Defendant(s) | CASE NUMBER:<br><br>20-CV-<br><br>**CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES**<br>(Local Rule 7.1-1) |

TO:    THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for                    Paul Hupp
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| **PARTY** | **CONNECTION / INTEREST** |
|---|---|
| Paul Hupp | Plaintiff |

8-10-2020
Date

Signature

Attorney of record for (or name of party appearing in pro per):

CV-30 (05/13)                    NOTICE OF INTERESTED PARTIES

1 | Paul Hupp
965 Hidden Oaks Drive
2 | Beaumont, CA. 92223
*In Propria Persona*
3

4 | UNITED STATES DISTRICT COURT

5 | CENTRAL DISTRICT OF CALIFORNIA

6 | **Paul Hupp**,

7 | Plaintiff,

8 | v. | Case No.: 20-CV-

9 | **County of Riverside,**
**City of Beaumont,**
10 | **Solera Oak Valley Greens Association,**
**Richardson Harman Ober, PC,**
11 | **Richardson Ober, PC,**
**Thomas Harry Cahraman,**
12 | **Rebecca Lynn Dugan,** | **COMPLAINT AND DEMAND FOR JURY**
13 | **John Washburne Vineyard,** | **TRIAL**
**Carol Anne Greene,**
14 | **Debre Katz Weintraub,**
**Samiuela F. Taloa,**
15 | **Wanda Joyce Bartholomew,**
**Richard Allen Beyl,**
16 | **Kelly Gene Richardson,**
**Jonathan Robert Davis,**
17 | **Theodore Hyun Dokko,**
**Todd Halbeisen,**
18 | **Miguel Macias,**
**Lyndon Peats,**
19 | **John Simpson,**
**Wayne Wolcott,**
20 | **Virginia Anne Phillips,**
**Roes 1-10,**
21 | Individually, Individually, Jointly, Jointly and
22 | Severally,
Defendants.
23

24

25

COMPLAINT - 1                                    Paul Hupp Case No.: 20-CV-

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223



LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Paul Hupp | CASE NUMBER |
|---|---|
| | 20-CV- |
| PLAINTIFF/PETITIONER, | |
| v. | **REQUEST TO PROCEED** |
| County of Riverside et al | **IN FORMA PAUPERIS WITH** |
| (See Attached Facepage)     DEFENDANT(S). | **DECLARATION IN SUPPORT** |

I, Paul Hupp_____, declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed? ☐Yes   ☑No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    _____

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. August 8-2010, washed neighbors car, $25

2. Have you received, *within the past twelve months*, any money from any of the following sources?

    a. Business, profession or form of self-employment?     ☐Yes   ☑No
    b. Rent payments, interest or dividends?     ☐Yes   ☑No
    c. Pensions, annuities or life insurance payments?     ☐Yes   ☑No
    d. Gifts or inheritances?     ☐Yes   ☑No
    e. Any other income (other than listed above)?     ☐Yes   ☑No
    f. Loans?     ☑Yes   ☐No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: Borrowed $1200 fromneighbor to pay utility bills

    _____

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐Yes ☑No

If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☑Yes ☐No

If the answer is yes, describe the property and state its approximate value: _____

Own 1986 Nissan Truck- $500

5. In what year did you last file an Income Tax return? 2010

Approximately how much income did your last tax return reflect? $5,000

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

Just myself and my rescue animals

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

| CA | Riverside |
|---|---|
| State | County (or City) |

I, Paul Hupp _____, declare under penalty of perjury that the foregoing is true and correct.

8- 10 - 2020
Date

Plaintiff/Petitioner (Signature)

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Paul Hupp**,

           Plaintiff,

    v.

**County of Riverside,**
**City of Beaumont,**
**Solera Oak Valley Greens Association,**
**Richardson Harman Ober, PC,**
**Richardson Ober, PC,**
**Thomas Harry Cahraman,**
**Rebecca Lynn Dugan,**
**John Washburne Vineyard,**
**Carol Anne Greene,**
**Debre Katz Weintraub,**
**Samiuela F. Taloa,**
**Wanda Joyce Bartholomew,**
**Richard Allen Beyl,**
**Kelly Gene Richardson,**
**Jonathan Robert Davis,**
**Theodore Hyun Dokko,**
**Todd Halbeisen,**
**Miguel Macias,**
**Lyndon Peats,**
**John Simpson,**
**Wayne Wolcott,**
**Virginia Anne Phillips,**
**Roes 1-10,**
Individually, Individually, Jointly, Jointly and
Severally,

           Defendants.

Case No.: 20-CV-

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMPLAINT - 1                     Paul Hupp Case No.: 20-CV-

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul Hupp | County of Riverside et al |
| 965 Hidden Oaks Drive | (See Attached Facepage) |
| Beaumont, CA 92223 | |

(b) County of Residence of First Listed Plaintiff    Riverside

         *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Riverside

         *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE.    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223

951 769 1268
PAUL HUPP @ GMAIL.com

Attorneys *(If Known)*

UKN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    Plaintiff

☒ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government    Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original   Proceeding

☐ 2   Removed from   State Court

☐ 3   Remanded from   Appellate Court

☐ 4   Reinstated or   Reopened

☐ 5   Transferred from   Another District   *(specify)*

☐ 6   Multidistrict   Litigation -   Transfer

☐ 8   Multidistrict   Litigation -   Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Violations of, inter alia, First Amendment

## VII. REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   08/10/2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3

4              UNITED STATES DISTRICT COURT

5              CENTRAL DISTRICT OF CALIFORNIA

6  **Paul Hupp,**                          )
                                           )
7              Plaintiff,                   )
                                           )
8       v.                                  )    Case No.: 20-CV-
                                           )
9  **County of Riverside,**                 )
   **City of Beaumont,**                    )
10 **Solera Oak Valley Greens Association,**)
   **Richardson Harman Ober, PC,**          )
11 **Richardson Ober, PC,**                 )
   **Thomas Harry Cahraman,**               )
12 **Rebecca Lynn Dugan,**                  )
   **John Washburne Vineyard,**             )    **COMPLAINT AND DEMAND FOR JURY**
13 **Carol Anne Greene,**                   )    **TRIAL**
   **Debre Katz Weintraub,**                )
14 **Samiuela F. Taloa,**                   )
   **Wanda Joyce Bartholomew,**             )
15 **Richard Allen Beyl,**                  )
   **Kelly Gene Richardson,**               )
16 **Jonathan Robert Davis,**               )
   **Theodore Hyun Dokko,**                 )
17 **Todd Halbeisen,**                      )
   **Miguel Macias,**                       )
18 **Lyndon Peats,**                        )
   **John Simpson,**                        )
19 **Wayne Wolcott,**                       )
   **Virginia Anne Phillips,**              )
20 **Roes 1-10,**                           )
   Individually, Individually, Jointly, Jointly and )
21 Severally,                               )
                                           )
22            Defendants.                   )
                                           )
23

24

25

COMPLAINT - 1                    Paul Hupp Case No.: 20-CV-

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Paul Hupp | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  20-cv- |
| | ) | |
| County of Riverside et al | ) | |
| (See Attached Facepage) | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 965 Hidden Oaks Drive
Beaumont, CA 92223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3

4                    UNITED STATES DISTRICT COURT

5                   CENTRAL DISTRICT OF CALIFORNIA

6  **Paul Hupp,**                          )
                                            )
7           Plaintiff,                      )
                                            )
8      v.                                   )  Case No.: 20-CV-
                                            )
9  **County of Riverside,**                 )
   **City of Beaumont,**                    )
10 **Solera Oak Valley Greens Association,**)
   **Richardson Harman Ober, PC,**          )
11 **Richardson Ober, PC,**                 )
   **Thomas Harry Cahraman,**               )
12 **Rebecca Lynn Dugan,**                  )
   **John Washburne Vineyard,**             )  **COMPLAINT AND DEMAND FOR JURY**
13 **Carol Anne Greene,**                   )  **TRIAL**
   **Debre Katz Weintraub,**                )
14 **Samiuela F. Taloa,**                   )
   **Wanda Joyce Bartholomew,**             )
15 **Richard Allen Beyl,**                  )
   **Kelly Gene Richardson,**               )
16 **Jonathan Robert Davis,**               )
   **Theodore Hyun Dokko,**                 )
17 **Todd Halbeisen,**                      )
   **Miguel Macias,**                       )
18 **Lyndon Peats,**                        )
   **John Simpson,**                        )
19 **Wayne Wolcott,**                       )
   **Virginia Anne Phillips,**              )
20 **Roes 1-10,**                           )
   Individually, Individually, Jointly, Jointly and )
21 Severally,                               )
           Defendants.                      )
22 _____ )

23

24

25

COMPLAINT - 1                          Paul Hupp Case No.: 20-CV-