LODGED
CLERK, U.S. DISTRICT COURT

SEP 15 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

SEP 17 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp | CASE NUMBER |
| | 5:16-cv-00370-VAP-SP |
| **PLAINTIFF(S)** | |
| v. | |
| Solera Oak Valley Greens Association, et al., | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

On September 15, 2020_____, the Court received the attached

☐ Complaint ☒ Petition ☐ Notice of Removal, captioned Writ of mandate

☒ other document(s), entitled Letter to the court; Emergency motion

from _____, who was found by the Court on _____

in case number 5:16-cv-00370-VAP-SP_ to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).

☒ Submission of document(s) for filing requires a Motion for Leave to File.

☐ Document(s) must be pre-screened by the Court before filing.

☐ Filing fee must be paid.

☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.

☐ Bond in the amount of $_____ must be posted in order to proceed.

☐ Other :

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the ☐ assigned magistrate judge ☐ assigned district judge ☒ Chief Judge for review.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐IT IS HEREBY ORDERED that the document(s) presented:
  ☐ be filed in the above-captioned case.
  ☐ be filed in case number _____ .
  ☐ be filed as a new case.

*or*

☐IT IS RECOMMENDED that the document(s) presented not be filed. The Clerk is directed to forward this recommendation to the appropriate district judge for review.

_____      _____
Date                          United States Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IT IS HEREBY ORDERED that the document(s) presented
  ☒ not be filed.
  ☐ be filed in the above-captioned case.
  ☐ be filed in case number _____ .
  ☐ be filed as a new case.

9/17/2020             _____
Date                          United States District Judge

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARISTEA HUPP, et al., | ) | Case No. ED CV 16-370-VAP (SP) |
| Plaintiffs, | ) ) | **ORDER DECLARING PLAINTIFFS PAUL HUPP AND ARISTEA HUPP TO BE VEXATIOUS LITIGANTS** |
| v. | ) ) | |
| SOLERA OAK VALLEY GREENS ASSOCIATION, et al., | ) ) | |
| Defendants. | ) ) | |

## I.

## **INTRODUCTION**

On March 1, 2016, pro se plaintiffs Aristea and Paul Hupp filed a complaint in this case pursuant to 42 U.S.C. § 1983. The 100-page complaint alleges sixty-five claims, including violations of their First and Fourteenth Amendment rights. Among other defendants, the complaint named Solera Oak Valley Greens Association ("Solera"), past and current Solera board members, and Solera residents and employees (collectively, the "Solera defendants"). Solera is a planned, gated community in Beaumont where plaintiff Aristea Hupp owns two properties and where both plaintiffs reside. Aristea Hupp is the mother of Paul Hupp.

1      Plaintiffs alleged that in April 2015, Solera fined Aristea Hupp $200 for walking

2    her dogs without a muzzle in violation of Solera's pit bull muzzle rule, and after

3    plaintiffs indicated their intent to challenge the rule and the fine, Solera shut down

4    plaintiffs' gate remote controls, preventing plaintiffs from entering Solera through any

5    of the resident gates.  Docket no. 1 ("Compl.") at 11-12.  Instead, plaintiffs must enter

6    through the guest gate, which frequently has numerous cars waiting in line with a

7    waiting period that could exceed thirty minutes. *Id.* at 12.

8       Plaintiffs made identical allegations in an earlier civil rights action filed against

9    various Solera defendants.  *See Paul Hupp, et al. v. Solera Oak Valley Greens Ass'n, et*

10   *al.*, No. ED CV 15-1693-VAP (SP), docket no. 1 at 8-10.  In a third civil rights action,

11   plaintiffs alleged that in August 2013, Solera and one of its employees conspired with

12   Jack Huntsman, an animal control officer for the City of Beaumont, to violate

13   plaintiffs' civil rights.  *See Paul Hupp, et al. v. City of Beaumont, et al.*, No. ED CV

14   14-1303-VAP (SP), docket no. 30 at 5-7, 11-12.  Jack Huntsman was also a named

15   defendant in the instant case, and was again accused of conspiring with the Solera

16   defendants and others to violate plaintiffs' civil rights.

17      In both of the previous actions just noted, all of plaintiffs' federal claims against

18   the Solera defendants, both under § 1983 and otherwise, were dismissed without leave

19   to amend for failure to state a viable claim.  *See Paul Hupp, et al. v. City of Beaumont,*

20   *et al.*, No. ED CV 14-1303-VAP (SP), docket no. 75; *Paul Hupp, et al. v. Solera Oak*

21   *Valley Greens Ass'n, et al.*, No. ED CV 15-1693-VAP (SP), docket no. 19 at 5-8.  This

22   case was no different, with this Court dismissing the entire complaint without leave to

23   amend based on lack of subject matter jurisdiction.  Docket no. 50.  On June 3, 2016,

24   plaintiffs filed a request for reconsideration (docket no. 54) under Rules 52 and 60 of

25   the Federal Rules of Civil Procedure, which the Court denied on August 5, 2016.

26   Docket no. 68.

27      A search of plaintiff Paul Hupp's name in the Public Access to Court Electronic

28   Records (PACER) database reveals that since 2007, he has filed at least 21 lawsuits in

1  the United States District Court for the Central District of California (sometimes with

2  Aristea Hupp), in addition to at least 11 lawsuits in the Southern District of California.

3  *See* Exhibit A.  After reviewing these suits, the Court finds Hupp's litigation history in

4  this district demonstrates an abuse of the judicial process and a waste of judicial

5  resources.  The overwhelming majority of Hupp's cases have been dismissed with

6  prejudice, leading Hupp to frequently re-file dismissed claims with either minimal

7  changes or none at all.  In two of those suits, from 2009 and 2010 respectively, this

8  Court imposed pre-filing screening orders that bar Hupp from filing future suits against

9  any of the defendants in those cases without first obtaining leave of court.  *See Paul*

10  *Hupp v. U.S. Dep't of Educ., et al.*, No. CV 09-2052-PA (AGR), docket no. 28; *Paul*

11  *Hupp v. Vicki Kurpinsky, et al.*, No. ED CV 10-413-UA (RC), docket no. 20.

12          With this litigation history in mind, the Court finds Hupp's most recent filings

13  take a similar pattern against various groups of defendants, including the Solera

14  defendants.  Accordingly, on May 17, 2016, the Court issued an Order to Show Cause

15  ("OSC") (docket no. 51) why the Court should not declare plaintiffs vexatious

16  litigants.  Plaintiffs responded to the OSC ("OSC Response") on July 15, 2016.

17          After careful review and consideration of the OSC Response, and for the reasons

18  outlined below and in the Court's May 17, 2016 OSC, the Court finds it appropriate to

19  declare plaintiffs Paul Hupp and Aristea Hupp vexatious litigants, and require them to

20  obtain leave of Court before filing any new action.

21                                          **II.**

22                                  **DISCUSSION**

23          District courts have the inherent power to enter pre-filing orders against

24  vexatious litigants under the All Writs Act.  *See* 28 U.S.C. § 1651(a); *Molski v.*

25  *Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Additionally, Central

26  District of California Local Civil Rule ("Local Rule") 83-8.1 provides: "It is the policy

27  of the Court to discourage vexatious litigation and to provide persons who are

28  subjected to vexatious litigation with security against the costs of defending against

1   such litigation and appropriate orders to control such litigation.  It is the intent of this

2   rule to augment the inherent power of the Court to control vexatious litigation and

3   nothing in this rule shall be construed to limit the Court's inherent power in that

4   regard."

5       Where a litigant has "abused the Court's process and is likely to continue such

6   abuse," the court may (1) "order a party to give security . . . to secure the payment of

7   any costs, sanctions or other amounts which may be awarded against a vexatious

8   litigant"; or (2) "make such other orders as are appropriate to control the conduct of the

9   vexatious litigation."  Local Rules 83-8.2, 83-8.3.  "Such orders may include, without

10  limitation, a directive to the Clerk not to accept further filings from the litigant without

11  payment of normal filing fees and/or without written authorization from a judge of the

12  Court or a Magistrate Judge, issued upon such showing of the evidence supporting the

13  claim as the judge may require."  Local Rule 83-8.2.

14      The Ninth Circuit has cautioned, however, that "such pre-filing orders are an

15  extreme remedy that should rarely be used" because of the danger of "tread[ing] on a

16  litigant's due process right of access to the courts."  *Molski*, 500 F.3d at 1057.

17  Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant

18  abuse of the judicial power . . . enables one person to preempt the use of judicial time

19  that properly could be used to consider the meritorious claims of other litigants."  *De*

20  *Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

21      In *De Long*, the Ninth Circuit set forth the requirements for entering pre-filing

22  orders against vexatious litigants: (1) the litigant must be given notice and opportunity

23  to be heard before the order is entered; (2) the court must compile an adequate record

24  for review; (3) the court must make substantive findings that the litigant's filings are

25  frivolous or harassing; and (4) the pre-filing order may not be overly broad, and must

26  be "narrowly tailored to closely fit the specific vice encountered."  *Id.* at 1147-48;

27  *accord Molski*, 500 F.3d at 1057.

28      In its May 17, 2016 OSC, the Court discussed at length the four *De Long* factors

4

and plaintiffs' abuse of the judicial process. OSC at 4-14. The Court repeats much of this analysis here. In addition, to the extent plaintiffs' OSC Response articulates purported bases for the Court to reconsider the findings made in the OSC (as opposed to plaintiffs simply repeating many of the allegations the Court determined were insufficient to assert a federal claim in the underlying complaint in this case), the Court discusses such arguments below.

**A.   Notice and Opportunity to be Heard**

On May 17, 2016, the Court issued an OSC: (1) informing plaintiffs the Court was considering a vexatious litigant order; (2) discussing the legal and factual bases for such order; (3) describing the potential restrictions for future filings if plaintiffs were deemed vexatious litigants; (4) identifying the previous actions filed by plaintiffs; and (5) requiring a response from plaintiffs within three weeks of the Court's OSC. After the Court granted plaintiffs two extensions of time, plaintiffs filed their OSC Response on July 15, 2016. *See* docket nos. 55, 64. As such, plaintiffs were provided with adequate notice and an opportunity to be heard in writing. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that an opportunity to brief in writing the issue of sanctions to be imposed on an attorney "fully satisfies due process requirements"); *see also Molski*, 500 F.3d at 1058-59 (citing *Pac. Harbor* with approval). In their OSC Response, plaintiffs do not contest the notice and opportunity to be heard provided by the Court's May 17, 2016 OSC.

**B.   Compilation of Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* Accordingly, the second *De Long* factor requires only that the court compile a list of actions and filings by the litigant. *See Hurt v. All Sweepstakes Contests*, 2013 WL 144047, at *5, (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor satisfied where the court

"compiled a list of all the actions Plaintiff filed"); *see also Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1063-64 (9th Cir. 2014).  In *Ringgold-Lockhart*, the Ninth Circuit vacated the district court's pre-filing order on other grounds, but found the district court's record met the second *De Long* factor's requirements in part because the district court "discussed and explained the litigation history leading to its order, and appended a list of twenty-one district court filings, including motions, that it viewed as supporting its order." *Id.* at 1063.

In addition, the Ninth Circuit in *Ringgold-Lockhart* acknowledged that the district court noted the litigant's extensive history of state court litigation in the body of its order, and cited to a California Court of Appeal decision that discussed that history and declared the litigant to be vexatious under California Code of Civil Procedure § 391(b)(3). *Id.* at 1064.  The Ninth Circuit held that "[t]ogether, the list of federal cases, allegedly baseless motions, and the district court's reference to the California Court of Appeal's reasoned decision . . . provide an adequate record for this Court to review the merits of the district court's order."). *Id.*

In the OSC, the Court attached the search results of plaintiff Paul Hupp's name in the PACER database, revealing at least 21 actions filed in the Central District of California and 11 actions filed in the Southern District of California (Exhibit A), as well as a more descriptive list of 22 actions filed by plaintiffs – either separately or together – in the Central District of California since 2007, indicating the date filed, case number, case title, and reason for termination of those actions (Exhibit B).  These Exhibits A and B are also attached hereto, with Exhibit B updated to reflect a more recent case disposition.  The OSC additionally discussed relevant portions of Paul Hupp's and Aristea Hupp's state court litigation, as brought to the Court's attention by various defendants in the instant action, and this litigation history is discussed further below as part of the Court's analysis of the third *De Long* factor. *See* OSC at 8-11. The Court takes judicial notice of the court records from these other proceedings. *See* Fed. R. Evid. 201; *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)

1   (taking judicial notice of opinion and briefs filed in another proceeding); *U.S. ex rel.*

2   *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

3   1992) (courts "may take notice of proceedings in other courts, both within and without

4   the federal judicial system, if those proceedings have a direct relation to matters at

5   issue" (citation omitted)).

6        As discussed in more detail with regard to the third *De Long* factor, plaintiffs'

7   actions are not only numerous, but the large majority of them have been found to be

8   patently without merit and indicate a pattern of harassment against various defendants.

9   *See* OSC at 6-7.  The second *De Long* factor requiring compilation of an adequate

10   record thus has been met.

11   **C.**   **Substantive Findings of Frivolousness**

12        The Court's substantive findings regarding the nature of plaintiffs' filings "go[]

13   to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059.  To decide

14   whether a litigant's actions are frivolous or harassing, a court must "look at both the

15   number and content of the filings as indicia of the frivolousness of the litigant's

16   claims." *Stimac v. Weikin*, 785 F. Supp. 2d 847, 854 (N.D. Cal. 2011) (quoting *Molski*,

17   500 F.3d at 1058) (internal quotation marks omitted).  Thus, a pre-filing order requires

18   not only a showing of litigiousness, but also claims that are meritless.  A litigant's

19   claims "must not only be numerous, but also be patently without merit." *Molski*, 500

20   F.3d at 1059 (quoting *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (internal

21   quotation marks omitted).

22        Here, plaintiffs' previous filings are both numerous and meritless.  *See* Exhibits

23   A-B.  As noted in the Court's OSC, in this district since 2007, plaintiffs have filed 18

24   civil complaints, and Paul Hupp has filed four petitions for writs of habeas corpus

25   under 28 U.S.C. § 2254.  OSC at 6; Exhibit B.  Five of the cases were terminated at the

26   outset when plaintiff's application to proceed in forma pauperis was denied.  Eight

27   civil actions were dismissed either with prejudice or without leave to amend (none of

28   these eight involved settlements).  All four of Paul Hupp's habeas petitions have been

1  denied for lack of jurisdiction. Of plaintiffs' two still pending cases, one has a pending
2  motion to dismiss, and the majority of the second was recently dismissed. On the
3  whole, the Court's review of those cases reveals conclusory statements and factual
4  allegations repeated across multiple complaints, despite the Court granting several
5  opportunities to amend. These complaints often contain generic and broad references
6  to constitutional harms in order to invoke the Court's jurisdiction over plaintiffs'
7  challenges to various California statutes that are also largely unsupported by the facts
8  alleged.

9       The 22 cases filed by plaintiffs in this district is a relatively low number
10  compared to some other cases where litigants were found vexatious. *See De Long*, 912
11  F.2d at 1147 (citing cases involving 35, "over 50," and "over 600" actions). But the
12  number of lawsuits filed by the litigant need not be numerous. *See Boustred v. Gov't*,
13  2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (finding "plaintiff has now
14  brought three actions containing similar rambling, largely incomprehensible claims
15  against a multitude of defendants" sufficient in terms of finding an adequate record for
16  review). Moreover, as discussed further below, the 22 cases filed in this district are in
17  addition to those filed by plaintiffs in other courts. In combination, all these cases
18  form a pattern of harassment.

19       The Court recognizes that two of Paul Hupp's individual civil actions filed in
20  this district have been dismissed after the parties reached settlements. *See Paul Hupp*
21  *v. City of Beaumont, et al.*, No. ED CV 11-774-VAP (SP), docket nos. 27-28; *Paul*
22  *Hupp v. Rhonda Wagner Kuehn, et al.*, No. ED CV 14-1223-CAS (PLA), docket nos.
23  27-28.[1] Paul Hupp was also awarded costs and damages as to a cause of action for
24  libel in 2010. *See Paul Hupp v. Keith D. Jones, et al.*, No. CV 08-6927-GW (SS),

25  _____

26     [1]  As plaintiffs point out in their OSC Response, the OSC incorrectly described
27  *Hupp v. Kuehn*, No. ED CV 14-1223, as a civil rights case, when in fact it was a case
   alleging breach of contract, fraud, infliction of emotional distress, and defamation.
28  *Hupp v. City of Beaumont*, No. ED CV 11-774, was a civil rights case.

8

docket no. 68.  The Court also notes that although the majority of one of plaintiffs'
cases was recently dismissed, in that case one claim for violation of Paul Hupp's
Fourth Amendment rights, brought against Jack Huntsman, an animal control officer
for the City of Beaumont, survived a motion to dismiss.  *See Paul Hupp, et al. v. City
of Beaumont, et al.*, No. ED CV 14-1303-VAP (SP), docket nos. 70 at 18-22, 75.

But even if these developments could lead to an inference that at least some of
plaintiffs' claims have had merit, thus precluding a finding of frivolousness, the Court
finds plaintiffs' filings still satisfy the third *De Long* factor here.  "Frivolous litigation
is not limited to cases in which a legal claim is entirely without merit." *Molski*, 500
F.3d at 1060.  In *Molski*, the subject of the vexatious litigant order was a disabled
patron who filed almost 400 cases against various restaurants and businesses under
Title III of the Americans With Disabilities Act, often successfully obtaining cash
settlements. *Id.*  Nonetheless, the Ninth Circuit upheld the district court's vexatious
litigant order, finding the patron's "litigation strategy evidenced an intent to harass
businesses," even though his claims for damages "might have been legally justified."
*Id.*

Indeed, "an alternative to the finding of frivolousness is the finding that [the
litigant's] claims show a pattern of harassment." *De Long*, 912 F.2d at 1148.  Certain
of the factors adopted by the Second Circuit in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19
(2d Cir. 1986), which the Ninth Circuit has found provide "a helpful framework" for
applying the third and fourth *De Long* factors, are instructive here.  *See Molski*, 500
F.3d at 1058 (citation omitted).  The five *Safir* factors are:

(1) the litigant's history of litigation and in particular whether it entailed
vexatious, harassing, or duplicative suits; (2) the litigant's motive in
pursuing the litigation, e.g., does the litigant have an objective good faith
expectation of prevailing?; (3) whether the litigant is represented by
counsel; (4) whether the litigant has caused needless expense to other
parties or has posed an unnecessary burden on the courts and their

9

1  personnel; and (5) whether other sanctions would be adequate to protect

2  the courts and other parties.

3  *Id.* (quoting *Safir*, 792 F.2d at 24).  Applying that framework to the record before it,

4  the Court concludes the third *De Long* factor is satisfied in light of Paul Hupp's

5  particular pattern of vexatiousness and willful disregard for court rulings.

6  **1.  Paul Hupp's History as a Vexatious Litigant**

7  Most relevant here is the first *Safir* factor.  In the instant action, various

8  defendants provided the Court with a sampling drawn from Paul Hupp's history of

9  state court litigation that creates a record similar to that in *Ringgold-Lockhart*, where

10  the litigant had also developed an extensive and harassing history of litigation in state

11  court.  *See Ringgold-Lockhart*, 761 F.3d at 1064.  On March 25, 2016, various Solera

12  defendants filed a motion to dismiss plaintiffs' complaint.  Docket no. 37.  In support

13  of the motion, those defendants also filed a request for judicial notice.  Docket no. 37-

14  1.  Those defendants asked the Court to take judicial notice of a January 8, 2014 order

15  by the Riverside County Superior Court, in case number RIC 1216945, declaring Paul

16  Hupp a vexatious litigant in that court.  Docket no. 37-1 at 2; *see* docket no. 37-2, Ex.

17  C.  Defendants also asked the Court to take judicial notice of the California Court of

18  Appeal's March 7, 2014 decision, in case number E060463, denying Paul Hupp's

19  appeal of that vexatious litigant order.  Docket no. 37-1 at 2; *see* docket no. 37-2,

20  Ex. D.

21  On March 24, 2016, one day before the Solera defendants filed their motion to

22  dismiss, a group of non-Solera defendants also filed a motion to dismiss plaintiffs'

23  complaint, accompanied by their own request for judicial notice.  Docket nos. 29, 30.

24  Those defendants also asked the Court to take judicial notice of the Riverside County

25  Superior Court order declaring Paul Hupp a vexatious litigant.  Docket no. 30 at 3,

26  Ex. 3.  In addition, defendants sought judicial notice of the following documents,

27  among others: (1) a first amended complaint filed by plaintiff Aristea Hupp on January

28  12, 2016 in Riverside County Superior Court, *Aristea Hupp v. Solera Oak Valley*

1    *Greens Ass'n, et al.*, case number RIC 1512779 (docket no. 30 at 4, Ex. 9) ("the state

2    court action"); (2) a notice of vexatious litigant order filed in the state court action on

3    January 26, 2016 (docket no. 30 at 4, Ex. 10); (3) a February 10, 2016 Riverside

4    County Superior Court minute order granting an ex parte application for dismissal of

5    the first amended complaint in the state court action (docket no. 30 at 4, Ex. 13); and

6    (4) a March 9, 2016 Riverside County Superior Court notice of entry of judgment

7    dismissing the state court action (docket no. 30 at 4, Ex. 15).  The Court takes judicial

8    notice of the court records from these state court proceedings, as stated above in the

9    discussion of the second *De Long* factor.  *See* Fed. R. Evid. 201; *see also Holder*, 305

10   F.3d at 866; *U. S. ex rel. Robinson Rancheria Citizens Council*, 971 F.2d at 248.

11          Regarding these judicially noticed filings from Aristea Hupp's underlying state

12   court action, the Court notes the January 26, 2016 notice of vexatious litigant order

13   alleges – and the first amended complaint in that case shows – that Paul Hupp removed

14   his name from the caption in the January 12, 2016 first amended complaint, but

15   nonetheless listed himself as a party on the second page of that complaint.  Docket no.

16   30, Exs. 9, 10.  That first amended complaint proceeds to include numerous factual

17   allegations concerning Paul Hupp in addition to Aristea Hupp.  *Id.*  Accordingly, the

18   Riverside County Superior Court granted an ex parte application to dismiss the first

19   amended complaint, under the vexatious litigant rule.  *See* docket no. 30-2, Ex. 13.

20   Although the Superior Court had declared only Paul Hupp to be a vexatious litigant,

21   and although Aristea Hupp was the only named plaintiff in the dismissed case, it was

22   apparent Paul Hupp was attempting to evade his status as a vexatious litigant.

23          The Court also takes judicial notice of the 11 lawsuits Paul Hupp has filed in the

24   Southern District of California, and in particular *Paul Hupp v. San Diego Cty. Dist.*

25   *Att'y, et al.*, No. 3:12-CV-492-IEG (RBB) (S.D. Cal.).  *See* Exhibit A.  There, the

26   United States District Court for the Southern District of California took judicial notice

27   of the following facts: (1) on November 15, 2010, the San Diego Superior Court

28   entered a three-year restraining order against Hupp ordering him not to contact or

harass an administrative law judge; and (2) on November 16, 2011, Hupp was found guilty of violating the restraining order and sentenced to 25 days in custody and a $5,000 fine. *Paul Hupp v. San Diego Cty. Dist. Att'y, et al.*, No. 3:12-CV-492-IEG (RBB) (S.D. Cal.), docket no. 35 at 2-3; *id.*, docket no. 26-2, Exs. D-E; *id.*, docket no. 24-3, Ex. B.

Moreover, as mentioned above, this Court has already imposed two pre-filing screening orders on Paul Hupp, in 2009 and again in 2010. *See Paul Hupp v. U.S. Dep't of Educ., et al.*, No. CV 09-2052-PA (AGR), docket no. 28; *Paul Hupp v. Vicki Kurpinsky, et al.*, No. ED CV 10-413-UA (RC), docket no. 20.

In total, Paul Hupp has been declared a vexatious litigant once in Riverside County Superior Court and twice in the Central District of California, and has been subjected to a restraining order in the San Diego County Superior Court. This Court is most troubled by the steps Hupp has taken to evade or even disregard those orders. As noted, in 2011, Hupp was sentenced to 25 days in custody for violating the San Diego Superior Court restraining order. And as also noted, it was as recently as January 2016 that Hupp attempted to evade his status as a vexatious litigant in Riverside County Superior Court by filing a complaint that only listed his mother in the party caption, despite referencing himself as a party elsewhere in the complaint and including factual allegations that concerned him.

Moreover, since Paul Hupp was declared a vexatious litigant in Riverside Superior Court in January 2014, Paul Hupp and sometimes Aristea Hupp have turned to this federal Court to file what appear to be state court matters. For example, both plaintiffs sued the Solera defendants for largely state court violations in case number ED CV 15-1693, including only two federal claims that, as the court noted, appeared to be asserted "solely for the purpose of obtaining [federal] jurisdiction, given the obvious infirmities of those claims." *See Paul Hupp, et al. v. Solera Oak Valley Greens Ass'n*, No. ED CV 15-1693-VAP (SP), docket no. 5 at 8. The Court ultimately dismissed the case for inability to state a federal claim, since neither plaintiffs' civil

rights claim under 42 U.S.C. § 1983 nor their Fair Debt Collection Practices Act claim under 15 U.S.C. §§ 1692, et seq. could succeed given that none of the defendants were state actors or debt collectors.  Plaintiffs then sued the Solera defendants and others in the instant case, raising many of the same claims and many others, but again – as in case number ED CV 15-1693 – raising only defective federal claims that appeared to serve no purpose other than to try to manufacture a basis for federal jurisdiction.

Plaintiffs have also, unsuccessfully, tried to use this Court to challenge the decisions and courtroom procedures of Superior Court judges in small claims and infraction cases.  Plaintiffs each separately brought civil rights actions against Superior Court judges that were dismissed due to judicial immunity and similar deficiencies. *See Aristea Hupp v. Samuel Diaz, Jr., et al.*, No. ED CV 14-2559-VAP (SP); *Paul Hupp v. Mark Edward Petersen, et al.*, No. ED CV 15-1247-VAP (SP).  And Paul Hupp's four habeas petitions sought to challenge his Superior Court convictions for speeding and having dogs at large, although he was never in custody as required for habeas jurisdiction.  *See Paul Hupp v. Riverside Cty. Super. Ct., et al.*, Nos. ED CV 15-1266-VAP (SP), ED CV 15-1268-VAP (SP), ED CV 15-1879-VAP (SP), ED CV 15-2485-VAP (SP).  Thus, as Paul Hupp's history of vexatious litigation in state court ultimately led the Riverside County Superior Court to block his access to that court, he has increasingly turned to this Court to both challenge the Superior Court and raise matters that have no place in federal court.

Accordingly, the Court finds Paul Hupp's history of litigation has been vexatious, harassing, and duplicative under the first *Safir* factor.  *See Safir*, 792 F.2d at 24.

## 2.   **The Four Remaining *Safir* Factors**

While the Court believes Paul Hupp's litigation history most supports a finding of frivolous or harassing litigation for purposes of the *De Long* analysis, the remaining four factors under *Safir* are also relevant here.  Regarding the second *Safir* factor of whether the litigant has an objective and good faith expectation of prevailing, the

Court finds the volume and repetitive nature of plaintiffs' filings – many of which, as discussed, had no legitimate basis for federal jurisdiction – demonstrate a motive to harass both the various defendants named in their actions, as well as the Court.

Plaintiffs are not represented by counsel for purposes of the third *Safir* factor. The Ninth Circuit has recognized that pre-filing orders to curb access to courts should be done with care where a pro se litigant is involved, yet also recognizes that courts are free to enjoin litigants with "abusive and lengthy histories," as is the case here. *See De Long*, 912 F.2d at 1147. Moreover, the Court has noted previously that Paul Hupp, although not a practicing attorney, is a law school graduate. *See Paul Hupp v. City of Walnut Creek*, 389 F. Supp. 2d 1229, 1232 n.5 (N.D. Cal. 2005); *see also Paul Hupp v. Terrance R. Hubbs, et al.*, No. ED CV 14-2560-VAP (SP), docket no. 66 at 5. Thus, the Court has questioned whether Paul Hupp is entitled to the leniency afforded to those unskilled in the law for purposes of the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (discussing liberal construction given to "inartful pleading" of pro se litigants, who are "[p]resumably unskilled in the law") (citations omitted). The Court recognizes, however, that Aristea Hupp is not an attorney or law school graduate.

The fourth *Safir* factor speaks directly to the factual scenario currently before the Court here: though relatively low in number, plaintiffs' filings in this district have imposed substantial costs upon the various defendants – many of whom are public entities – and the Court, both in terms of time and money. *See Steinhart v. Barkela*, 2013 WL 3814330, at *3 (N.D. Cal. July 19, 2013) (considering the fact that one of the defendants subjected to vexatious litigation was a public entity when analyzing substantive findings of frivolousness or harassment under *De Long*). And as for the fifth factor, in light of Paul Hupp's demonstrated evasion of previous vexatious litigant and restraining orders – including apparently using his mother as a plaintiff to raise his own grievances – the Court doubts whether sanctions other than a vexatious litigant order against both plaintiffs "would be adequate to protect the courts and other parties"

1  under the fifth *Safir* factor.  *See Safir*, 792 F.2d at 24.

2       On the basis of this record, then, the Court concludes plaintiffs have "abused the

3  court's process and [are] likely to continue such abuse, unless protective measures are

4  taken." Local Rule 83-8.3.  Accordingly, plaintiffs' filings in this district satisfy the

5  third *De Long* factor.

6  **D.     Plaintiffs' Objections to the Record**

7       Most of plaintiffs' objections in the OSC Response can be characterized as

8  objections to the Court's compilation of a record for review, for purposes of the second

9  *De Long* factor, and to the Court's substantive findings of frivolousness under the third

10 *De Long* factor.  In particular, plaintiffs contend the Court erred by: (1) including Paul

11 Hupp's habeas corpus petitions within its record for review (OSC Response at 3, 6, 9,

12 14, 18); (2) including within its record for review cases that are currently on appeal,

13 because they are not final rulings on the merits (*id.* at 4, 6, 14, 16, 18); (3) both

14 including within its record for review, and using as a basis for findings of

15 frivolousness, any proceedings that were already the subject of a request for judicial

16 notice in a Paul Hupp lawsuit from the Southern District of California (*id.* at 4, 5, 15-

17 16); and (4) improperly taking judicial notice of both state and federal court

18 proceedings (*id.* at 9-11, 16).  The Court will address each of these contentions below.

19       **1.     Habeas Corpus Petitions**

20       In the OSC Response, plaintiffs argue the Court's record for review contains

21 legal and factual errors, for purposes of the second *De Long* factor and as outlined in

22 Exhibits A and B to the OSC, because the habeas corpus petitions included therein "are

23 not 'lawsuits.'" OSC Response at 3.  Plaintiffs argue "having a *Habeas Corpus*

24 *Petition* denied is not a factor that can support a 'vexatious litigant' finding." *Id.* at 18.

25       Though plaintiffs' arguments are unsupported by any statutory authority or case

26 law, the Court notes the vexatious litigant requirements under California law prevent

27 courts from considering habeas corpus petitions when developing a litigation history to

28 support a finding of vexatiousness. *In re Bittaker*, 55 Cal. App. 4th 1004, 1012, 64

Cal. Rptr. 2d 679 (1997) ("A petition for writ of habeas corpus is not a civil action or proceeding within the meaning of the vexatious litigant statute."); *see* Cal. Code Civ. Proc. §§ 391(b)(1)-(4). But this Court does not derive its authority to declare plaintiffs vexatious litigants from California law, but rather from the "inherent power to enter pre-filing orders against vexatious litigants" under the All Writs Act. *See Molski*, 500 F.3d at 1057 (citing 28 U.S.C. § 1651(a)). In determining whether plaintiffs qualify as vexatious litigants, the Local Rules authorize, but do not require, this Court to look to California's vexatious litigant statute for guidance. Indeed, Local Rule 83-8.4 states: "Although nothing in this rule shall be construed to require that such a procedure be followed, the Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391-391.8."

The Court's May 17, 2016 OSC made clear that the Court's determination that plaintiffs should be deemed vexatious litigants was not made under the California vexatious litigant statute, but rather its inherent authority under the All Writs Act and an analysis of the *De Long* factors as required by relevant Ninth Circuit precedent. OSC at 3-4. Plaintiffs appear to recognize the Court's stated source of authority elsewhere in their OSC Response, where they discuss the different standards for a finding of vexatiousness between California and federal courts, and even state "federal law is diametrically opposite of state law" and the relevant California vexatious litigant statutes. OSC Response at 8.

Moreover, federal courts in this and other districts in California have declared litigants vexatious based in whole or in part on a litigation history involving habeas corpus petitions. *See Gray v. People of California*, 2014 WL 1325312, at *5 (C.D. Cal. 2014); *Olagues v. Marin Dist. Att'y*, 2014 WL 3704918, at *6 (N.D. Cal. July 23, 2014); *Galeska v. Duncan*, 894 F. Supp. 1375, 1381 (C.D. Cal. 1995) (citing *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). Plaintiffs provide no authority to the contrary. As such, it is not error for the Court to include Paul Hupp's several habeas corpus petitions within its record for review for purposes of the second *De*

1    *Long* factor. And it is particularly appropriate that the habeas petitions be considered

2    in this case since, as discussed above, they are part of plaintiffs' increasing practice of

3    improperly seeking to use this Court to challenge decisions adverse to them in the

4    Superior Court.

5        **2.**    **Cases Currently on Appeal**

6        In their OSC Response, plaintiffs also contend the Court erred by including

7    within its record for review any cases plaintiffs have subsequently appealed to the

8    Ninth Circuit, appearing to argue these cases are not final rulings on their merits and

9    therefore improperly included within the scope of the OSC. *See* OSC Response at 4, 6,

10    14, 16, 18. But other district courts within the Ninth Circuit have declared litigants

11    vexatious based on a litigation history that contained cases still on appeal. *Rygg v.*

12    *Hulbert*, 2014 WL 5023627, at *1-2, 5 (W.D. Wash. 2014); *Scott v. Weinberg*, 2007

13    WL 963990, at *2 (W.D. Wash. 2007). Courts have made similar rulings while cases

14    within its record for review are pending before a district court. *Ingram v. City of*

15    *Sacramento*, 2013 WL 1403055, at *2 n.3 (E.D. Cal. 2013); *Walker v. Stanton*, 2008

16    WL 4401388, at *8, 10 n.5 (C.D. Cal. 2008). Plaintiffs provide no support for the

17    contention that cases pending on appeal before the Ninth Circuit cannot form the basis

18    for a finding of vexatiousness.

19        Plaintiffs also appear to argue the Court cannot base its finding of vexatiousness

20    on cases that involved claims over which the Court declined to exercise supplemental

21    jurisdiction, because there has not yet been a final ruling on the merits of those claims.

22    *See* OSC Response at 4, 18. "Final judgment on the merits is synonymous with

23    dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

24    683, 686 (9th Cir. 2005) (internal quotations and citations omitted). As stated in the

25    OSC, at least eight of Paul Hupp's civil actions were dismissed either with prejudice or

26    without leave to amend. OSC at 6; *see* OSC, Ex. B.

27        Courts have based a finding of vexatiousness on a litigation history comprised in

28    part of cases dismissed with prejudice or without leave to amend, including dismissals

for lack of subject matter jurisdiction where the court plainly determines a plaintiff's case lacks substantive merit. For example, in *Martin v. Redwood City Dental Care*, 2015 WL 94898982 (N.D. Cal. 2015), the court declared the plaintiff a vexatious litigant based on a record for review containing nine complaints dismissed for naming defendants immune from suit, for failing to state a claim, or for lack of jurisdiction. *Id.* at *2. Included within that litigation history was a complaint dismissed with prejudice for failing to state a cognizable claim under § 1983, as the allegations were brought against a corporation defendant and involved "purely private conduct." *Id.* at *3. Above and in the OSC, the Court has explained how plaintiffs' claims against the Solera defendants have failed on multiple occasions for the same reasons, in part because plaintiffs failed to adequately allege state action against those defendants. *See* OSC at 10.

Moreover, to the extent plaintiffs allege the Court cannot base a finding of vexatiousness on cases that may later be decided in plaintiffs' favor, the Court reiterates that the focus under federal law is on the number of suits that were frivolous or harassing in nature, rather than on the number of suits that were simply adversely decided. *Molski*, 500 F.3d at 1061; *De Long*, 912 F.2d at 1147-48. Above and in the OSC, the Court has detailed the wide range of Paul Hupp's frivolous and harassing actions, both with and without the involvement of Aristea Hupp, including certain cases that settled favorably to Paul Hupp or partially survived a motion to dismiss. *See* OSC at 6-11. Plaintiffs' arguments fail to show the Court erred when it considered portions of Paul Hupp's litigation history that are still pending resolution in this Court, on appeal to the Ninth Circuit, or were dismissed without prejudice.

### 3. Cases Included Within a Previous Request for Judicial Notice

In the OSC Response, plaintiffs also claim the Court erred by considering any proceedings that were already the subject of a request for judicial notice in Paul Hupp's lawsuit from the Southern District of California, *Paul Hupp v. San Diego Cty. Dist. Att'y, et al.*, No. 3:12-CV-492-IEG (RBB) (S.D. Cal. 2012) (the "Southern

18

1    District case"), in its analysis of the second and third *De Long* factors.  OSC Response

2    at 4, 5, 15-16.  Plaintiffs claim this Court is currently "bringing as an OSC" the "exact

3    same 'vexatious litigant' motion" filed in April 2012 against Paul Hupp in the

4    Southern District case.  *Id.* at 4.  According to plaintiffs, because the court in the

5    Southern District case refused to find Hupp was a vexatious litigant, this Court is

6    barred by issue and claim preclusion from "re-litigating" those cases cited in the April

7    2012 motion.  *Id.* at 5.

8        In its OSC and above, the Court took judicial notice of the 11 lawsuits Paul

9    Hupp has filed in the Southern District of California, including the Southern District

10   case to which plaintiffs refer in their OSC Response.  In the OSC Response, plaintiffs

11   cite to a motion to dismiss Paul Hupp's first amended complaint in the Southern

12   District case, accompanied by a corresponding request for judicial notice, filed by the

13   defendants in that case.  OSC Response at 4; Southern District case, docket no. 24.

14   The defendants requested the court take judicial notice of several exhibits, including

15   the two orders from the Central District of California declaring Paul Hupp a vexatious

16   litigant.  Southern District case, docket no. 24-2 at 3; *see Paul Hupp v. U.S. Dep't of*

17   *Educ., et al.*, No. CV 09-2052-PA (AGR), docket no. 28;  *Paul Hupp v. Vicki*

18   *Kurpinsky, et al.*, No. ED CV 10-413-UA (RC), docket no. 20.

19       On June 4, 2012, the court in the Southern District case issued an order granting

20   the motion to dismiss, which plaintiffs also cite in the OSC Response.  Southern

21   District case, docket no. 35; *see* OSC Response at 4.  In a footnote in that order, the

22   court took judicial notice of the requested documents, including the two Central

23   District orders.  Southern District case, docket no. 35 at 2 n.1.  In doing so, the court

24   noted the documents were appropriate for judicial notice because they were matters of

25   public record, but clarified that the court was taking judicial notice only of the

26   existence of these documents and the statements made therein, not the truth of their

27   contents.  *Id.*

28       As far as this Court can tell, plaintiffs argue this footnoted statement from the

court in the Southern District case demonstrates the court "denied making a finding of fact that [Paul Hupp was] a 'vexatious litigant.'"  OSC Response at 5.  Thus, plaintiffs claim it is now "settled law" that none of the cases cited by the Court in its OSC prior to June 4, 2012 can be used to support a finding of vexatiousness under the doctrines of issue and claim preclusion.  *Id.*  This misconstrues the record of what occurred in the Southern District case.

This Court need not address whether a court's denial of a motion to declare a litigant vexatious would have any preclusive effect in a later vexatious litigant motion, because plaintiffs are simply incorrect that there was any such denial or finding in the Southern District case.  In fact, no motion was brought in the Southern District case to declare Paul Hupp a vexatious litigant.  Plaintiffs wrongly construe the Southern District case defendants' request for judicial notice of prior vexatious litigant orders entered against Paul Hupp as a formal motion to declare Hupp a vexatious litigant in that case.  The court in the Southern District case took judicial notice of the requested documents, all of which were documents from either state or federal court, to assist in the court's resolution of the pending motions to dismiss.  Southern District case, docket no. 24-2; *see id.*, docket no. 35 at 5-14.  The court there also found the documents properly subject to judicial notice for the purpose of presenting the procedural history of that matter.  *Id.*, docket no. 35 at 2-4.

But by taking judicial notice of certain documents, the court in the Southern District case neither found, nor refused to find, that Paul Hupp was a vexatious litigant.  Nowhere in the June 4, 2012 order granting the motion to dismiss does the court in the Southern District case make any ruling on Paul Hupp's status as a vexatious litigant.  Nor could any such finding be implied or intended from statements in which the court there provided citations to case law detailing the appropriate scope for taking judicial notice of certain documents.  *Id.*, docket no. 35 at 2 n.1; *see* OSC Response at 4.  Thus, plaintiffs' objection that the Court is foreclosed from using a portion of Paul Hupp's litigation history, for purposes of the second and third *De Long* factors, is without

1  merit.

2  **4.    Improper Judicial Notice**

3  In their OSC Response, plaintiffs further contend the Court improperly took

4  judicial notice in its OSC of certain Riverside County Superior Court records related to

5  the allegations of plaintiffs' underlying complaint.  OSC Response at 9-11, 16-17.

6  They claim the Court erred by judicially noticing "papers that cannot receive 'judicial

7  notice' without an opportunity to be heard on their validity and reliability." *Id.* at 10.

8  Plaintiffs also argue they have had no "opportunity whatsoever to address any paper by

9  any defendant that has been filed in this action," and that the OSC improperly cites to

10  "unidentified and unknown papers from the various defendants without giving

11  Plaintiffs the opportunity to object to them." *Id.* at 9, 10-11.

12  The OSC Response is in fact plaintiffs' fourth time addressing various

13  allegations arising from this underlying state court action.  In their complaint, plaintiffs

14  initially brought various facial and as-applied challenges to Paul Hupp's status as a

15  vexatious litigant in state court, which the Court addressed in its March 28, 2016 order

16  denying plaintiffs' motion for a temporary restraining order and preliminary

17  injunction, and ordering plaintiffs to show cause why the complaint should not be

18  dismissed for lack of subject matter jurisdiction. *See* Compl. at 93-99; docket no. 40 at

19  13-14.

20  Plaintiffs continued to assert these allegations in their April 27, 2016 response to

21  that order, which the Court again addressed in its May 13, 2016 order dismissing the

22  complaint without leave to amend. *See* docket no. 48 at 3; docket no. 49 at 6-9.

23  Plaintiffs next filed a  request for reconsideration under Rules 52 and 60 of the Federal

24  Rules of Civil Procedure, where they again raised their constitutional challenges to the

25  California "vexatious litigant" statute and various proceedings in underlying state court

26  actions.  Docket no. 54 at 3-5.  On all occasions, the Court considered and rejected

27  these arguments, and found plaintiffs failed to state viable claims under 42 U.S.C. §

28  1983 that this Court has jurisdiction to consider.

To the extent plaintiffs argue they are entitled to a hearing before this Court to address various factual and legal errors present in these underlying state court proceedings, plaintiffs' objection to judicial notice of certain records from the Riverside County Superior Court is not well-taken on its merits.  Despite plaintiffs' continued challenge to these state court proceedings, plaintiffs offer only conclusory claims and have presented no new law or facts that could not have been previously known by plaintiffs, nor have plaintiffs shown the Court committed legal error or failed to consider any facts previously presented.

Thus, plaintiffs' arguments in the OSC Response do not alter the Court's conclusion that the record for review as set forth in the OSC and herein, and the findings of frivolousness contained therein, are sufficient to satisfy the second and third *De Long* factors.

## E.    Pre-Filing Order

Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061.  In *De Long*, for example, the Ninth Circuit held that requiring a vexatious litigant to obtain leave of court to file any action was overbroad, where the litigant's misconduct had involved filing three habeas petitions and a Rule 60(b) motion. *De Long*, 912 F.2d at 1146, 1148.  Similarly, in *Moy v. U.S.*, 906 F.2d 467 (9th Cir. 1990), the Ninth Circuit found overbroad an order that all suits brought by the vexatious litigant be subject to pre-filing review, even though the conduct leading to the order had concerned only one group of defendants.  *Moy*, 906 F.2d at 469. The court noted "[t]here is no evidence on this record that [the litigant] has a general history of litigious filing." *Id.* at 471.

On the other hand, the Ninth Circuit has approved broader pre-filing orders against litigants who have a history of filing a wide variety of frivolous actions.  In *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984), the litigant was a prisoner who had filed over 20 actions against various defendants. *Franklin*, 745 F.2d at 1229.  The district court entered an order limiting the plaintiff to six actions filed in forma

1  pauperis per year. *Id.* at 1232.  The Ninth Circuit affirmed this order, with the added

2  qualification that the litigant could file additional actions in forma pauperis if he first

3  sought leave of court. *Id.*

4       Here, the wide range of actions plaintiffs have filed in this district and

5  elsewhere, in addition to Paul Hupp's demonstrated disregard for previous court orders

6  aimed at restraining his harassing conduct, makes it impracticable to tailor a pre-filing

7  order to a specific group of defendants or type of legal claim.  In their OSC Response,

8  plaintiffs take issue with the breadth of the OSC's proposed pre-filing order.  They

9  argue the two previous vexatious litigant orders entered against plaintiff Paul Hupp in

10  the Central District of California are appropriately "narrowly tailored," while the scope

11  of the pre-filing order here instead relies on cases "so far removed from the OSC that

12  one can easily presume [the OSC] is just pretext to stop [Paul Hupp] from filing

13  actions" against the "friends" and "people who are politically connected to both" the

14  Magistrate Judge and District Judge in this case.  OSC Response at 3.  In addition to

15  being both nonsensical and unsupported, this statement fails to address the ultimate

16  ineffectiveness of the previous vexatious litigant orders against Paul Hupp in this

17  district.  Both of the previous pre-filing orders by this Court restricted Paul Hupp's

18  filings against specific groups of defendants, only for him to continue a similar pattern

19  of litigation against other groups of defendants, as outlined in Exhibit B.  *See Paul*

20  *Hupp v. U.S. Dep't of Educ., et al.*, No. CV 09-2052-PA (AGR), docket no. 28; *Paul*

21  *Hupp v. Vicki Kurpinsky, et al.*, No. ED CV 10-413-UA (RC), docket no. 20; *see also*

22  Exhibit B.

23       The Court doubts Paul Hupp would cease to exploit any avenue for frivolous

24  litigation left open to him if he was subjected to a third vexatious litigant order in this

25  district with a similar scope.  Under the circumstances, an order requiring plaintiffs to

26  obtain leave of court before filing any future complaint, petition, or in forma pauperis

27  application is an appropriate and reasonably tailored course of action.  *See Gray*, 2014

28  WL 1325312, at *7; *see also Hurt*, 2013 WL 144047, at *8.

The Court also finds it appropriate that this pre-filing order include Aristea Hupp, given Paul Hupp's willingness to use his mother's name as a means of evading his own status as a vexatious litigant in other courts in order to continue filing actions there. *See Gavin v. City & Cty. of San Francisco*, 2016 WL 126937, at *1-2 (N.D. Cal. Jan. 12, 2016) (including suits filed by the litigant "and/or her son" in the record for review under the second *De Long* factor). In *Ringgold-Lockhart*, the Ninth Circuit vacated a vexatious litigant order entered against an attorney and her son in part because the district court "erred by holding [the attorney's] state litigation against [her son], without a record indicating that he participated in that litigation." *Id.* The record here is otherwise.

Here, the Court has judicially noticed a portion of Paul Hupp's state court litigation history that shows at least some participation from Aristea Hupp in furtherance of Paul Hupp's attempt to continue filing actions in Riverside County Superior Court despite his status as a vexatious litigant there. In the February 10, 2016 Riverside County Superior Court minute order granting an ex parte application for dismissal of the first amended complaint in the Hupps' most recent state court action, the Superior Court judge notes Aristea Hupp left a voicemail stating her objection to the ex parte application. *See* docket no. 30 at 4, Ex. 13. She is also a plaintiff in four of the actions brought in this Court, as listed on Exhibit B. Though the extent of Aristea Hupp's documented involvement in Paul Hupp's litigation history is small beyond the repeated appearance of her name as a party to various actions, Paul Hupp has nonetheless already attempted to use his mother as an avenue of continued litigation despite an order declaring him a vexatious litigant. Thus, the Court is concerned Paul Hupp would engage in similar tactics here should Aristea Hupp remain outside the scope of such an order.

Plaintiffs argue including Aristea Hupp in the order constitutes a "mind boggling abuse of power." OSC Response at 19. But in the OSC Response, plaintiffs acknowledge Paul Hupp sought "to be a co-plaintiff with [Aristea Hupp] in the state

court action that is the subject of this federal action," but appear to argue Paul Hupp was not dismissed from that state court action pursuant to the order in that court declaring him a vexatious litigant, but rather because the state court judge "simply refused to allow [Paul Hupp] to be a litigant," in violation of his constitutional rights. *Id.* at 10.  As stated above, the Court has considered and discussed plaintiffs' constitutional challenges to various underlying state court proceedings on several occasions.  In the OSC Response, plaintiffs do not address Aristea Hupp's participation in this case, nor do they address Paul Hupp's deliberate attempt to use Aristea Hupp as a way to continue his litigation in state court despite his status as a vexatious litigant there, other than to again assert many of those constitutional challenges already addressed by the Court.  *See* OSC Response at 5, 7-8, 19.  Thus, the OSC Response has not allayed the Court's concern that excluding Aristea Hupp from the pre-filing order would render it ineffective.

Here, as Paul Hupp's litigation history shows, he is more than merely a prolific litigant; rather, he has demonstrated a pattern of filing harassing and frivolous lawsuits against a variety of defendants.  The Court concludes Paul Hupp has abused the Court's process, both with and without the use of Aristea Hupp, and is likely to continue abusing the system unless protective measures are taken against both him and Aristea Hupp.  Thus, an order preventing plaintiffs from filing any future pro se complaints or petitions against any defendants, without Court permission, is appropriate in this situation.  *See De Long*, 912 F.2d at 1147; *Hurt v. All Sweepstakes Contests*, 2013 WL 144047, at *8 (N.D. Cal. 2013) (declaring the plaintiff a vexatious litigant and subjecting all future lawsuits to a pre-filing restriction).

### III.

### CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs Paul Hupp and Aristea Hupp are hereby declared vexatious litigants.  The Clerk of the Court shall no longer accept for filing any further motions and/or requests for relief in this action, or any pro se complaint or petition or other case-initiating document from either plaintiff, unless the filing plaintiff(s) have filed a Motion for Leave to File and a Judge or Magistrate Judge of this Court has granted leave for plaintiff(s) to file the document.

DATED:  _August 16_ , 2016

HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge

26

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223
951-769-1268
*In Propria Persona*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Paul Hupp**, | ) |
| | ) |
| Plaintiff, | ) Case No.: 20-CV- |
| | ) |
| v. | ) |
| | ) |
| **County of Riverside,** | ) **PLAINTIFF'S PETITION FOR WRIT OF** |
| **City of Beaumont,** | ) **MANDAMUS; *ALTERNATIVELY*** |
| **Solera Oak Valley Greens Association,** | ) **NOTICE OF APPEAL UNDER TITLE 28** |
| **Richardson Harman Ober, PC,** | ) **U.S.C. § 158; DESIGNATION OF THE** |
| **Richardson Ober, PC,** | ) **RECORD ON APPEAL; PLAINTIFF'S** |
| **Thomas Harry Cahraman,** | ) **STATEMENT OF ISSUES; TO THE 9TH** |
| **Rebecca Lynn Dugan,** | ) **CIRCUIT COURT OF APPEAL;** |
| **John Washburne Vineyard,** | ) **RENEWED IFP (WRIT/APPEAL BASED** |
| **Carol Anne Greene,** | ) **ON ISSUES IN EMERGENCY MOTION** |
| **Debre Katz Weintraub,** | ) **FILED UNDER CIRCUIT RULE 27-3** |
| **Samiuela F. Taloa,** | ) **THAT IS FILED CONCURRENTLY)** |
| **Wanda Joyce Bartholomew,** | ) |
| **Richard Allen Beyl,** | ) |
| **Kelly Gene Richardson,** | ) |
| **Jonathan Robert Davis,** | ) |
| **Theodore Hyun Dokko,** | ) |
| **Todd Halbeisen,** | ) |
| **Miguel Macias,** | ) |
| **Lyndon Peats,** | ) |
| **John Simpson,** | ) |
| **Wayne Wolcott,** | ) |
| **Virginia Anne Phillips,** | ) |
| **Roes 1-10,** | ) |
| Individually, Individually, Jointly, Jointly and | ) |
| Severally, | ) |
| Defendants. | ) |
| | ) |

LODGED
CLERK, U.S. DISTRICT COURT

**SEP 15 2020**

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

# I
## Notice of Writ of Mandamus; Alternatively Appeal

Appellant Paul Hupp ("APPELLANT"), *In Propria Persona*, hereby gives notice of Petition for Writ of Mandamus ("WRIT") mandating the District Court ("D-COURT") to calendar and rule on APPELLANT'S *Ex Parte* Application filed on <u>August 24, 2020</u>; *alternatively* APPELLANT files this paper as an appeal ("APPEAL") under Title 28 U.S.C. § 158 from the D-COURT'S failure to timely calendar and grant or deny APPELLANT'S *Ex Parte* Application.

This WRIT APPEAL is based upon the statement of issues accompanying this notice in APPELLANT'S Emergency Motion under Circuit Rule 27-3, filed concurrently. The names of all parties (bold) to the judgment appealed from, along with their addresses and telephone numbers, are as follows;

<u>Plaintiffs;</u>

**Paul Hupp**
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268

<u>Defendants;</u>
No Defendant/s have been served or appeared.

# II
## Designation of the Record

APPELLANT files the following designation of the record on appeal to the 9th Circuit Court of Appeals under Title 28 U.S.C. 158.

The record in this case contains limited docket items and no court appearances requiring transcripts. Plaintiff's <u>requests all docket items for the record.</u>

### III
### Statement of Issues on Appeal

APPELLANT Paul Hupp is being, and has been for four (4) years, denied access to the courts and due process of law under the First and Fourteenth Amendments due to his constitutionally protected free speech; in state court and federal court by said court's refusing access to accept civil actions, as outlined in APPELLANT'S Emergency Motion under Circuit Rule 27-3, which by this reference is incorporated into this brief and filed concurrently.

### IV
### IFP Fee Waiver Application

### APPELLANT PAUL HUPP'S *EX PARTE* MOTION FOR WAIVER OF ALL FEES AND COSTS ON APPEAL PURSUANT TO TITLE 28 U.S.C. § 1915 (IN FORMA PAUPERIS); POINTS AND AUTHORITIES AND DECLARATION OF PAUL HUPP IN SUPPORT THEREOF

APPELLANT Paul Hupp, *In Propria Persona*, files this renewed application for waiver of all fees and costs that relate to WRIT APPEAL pursuant to Title 28 U.S.C. § 1915.

APPELLANT filed a waiver in the District Court on August 24, 2020, and incorporates that waiver (not ruled on) for this WRIT APPEAL.

### POINTS AND AUTHORITES IN SUPPORT OF FEE WAIVER

Plaintiff lacks the financial means necessary to pay the appeal filing fee.

All appeal costs that arise under In Forma Pauperis status, including transcripts, are included in the waiver. Authority- Title 28 U.S.C. § 1915 (c)(1)(2)(3). Transcripts are not required in this appeal/action.

### V
### DECLARATION OF PAUL HUPP SUPPORTING IN FORMA PAUPERS STATUS

1.  I am the Plaintiff/Appellant in this action, appearing in *Propria Persona*.

2.  I am unemployed and currently have no dedicated income.

3.  This appeal involves constitutional, First Amendment, free speech and due process questions that are well established, clear and should be clarified for uniformity and future litigation in this circuit.

4.  I am entitled to address these issues at the appellate level to determine their scope, uniformity and constitutionality, as well as whether or not the trial court abused its discretion, or acted in an arbitrary and capricious manner, in refusing to calendar and rule on my Emergency *Ex Parte* Application.

5.  I will provide any and all documentation that the court requires to verify my IFP status.

<u>VERIFICATION</u>

I, Paul Hupp, do hereby declare under penalty of perjury of the laws of the State of California and of the United States, that the above listed statements are within my personal knowledge, the statements are true and correct to the best of my knowledge, that all attached exhibits or declarations, if any, are true and correct copies of the originals which are in my personal possession, and if called upon to testify to such statements in a court of law of competent jurisdiction, I would and could competently testify to all such statements.

Executed on <u>September 10, 2020</u>, at <u>Beaumont, CA</u>

Dated this 10th day of September, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

## DECLARATION OF SERVICE
Hupp v. County of Riverside et al
9th Circuit Case No.: 20-
Central District of CA Case No.: EDCV-20-

I, Kim Hayes, declare the following;

1. I am over 18 years of age,
2. I am a party to this action,
3. My address is 965 Hidden Oaks Drive, Beaumont, CA 92223
4. I served a true and correct copy of THE FOLLOWING;

Appellant Paul Hupp's:

1. **PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS;
   *ALTERNATIVELY* NOTICE OF APPEAL UNDER TITLE 28 U.S.C. § 158;
   DESIGNATION OF THE RECORD ON APPEAL; PLAINTIFF'S
   STATEMENT OF ISSUES; TO THE 9TH CIRCUIT COURT OF APPEAL;
   RENEWED IFP (WRIT/APPEAL BASED ON ISSUES IN EMERGENCY
   MOTION FILED UNDER CIRCUIT RULE 27-3 THAT IS FILED
   CONCURRENTLY)**

2. **APPELLANT'S EMERGENCY MOTION TO ORDER DISTRICT COURT
   TO CALENDAR APPELLANT'S *EX PARTE* APPLICATION
   FORTHWITH**

ADDRESSED TO;

| Office of the Clerk U.S. Court of Appeals for the Ninth Circuit P.O. Box 193939 San Francisco, CA 94119-3939 | U.S. District Court – Civil Clerk 3470 12th Street Riverside, CA 92501 | |
|---|---|---|
| | | |

By placing said document/s in a sealed envelope into the United States Postal
Service at Beaumont, CA with the postage fully prepaid on;
September 10, 2020;

EXECUTED ON:
September 10, 2020, at Beaumont, CA 92223
I declare under penalty of perjury of the laws of the State of California and the
United States that the forgoing is true and correct.

Declarant-Kim Hayes_____

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA 92223
   951-769-1268
3  *In Propria Persona*

4

            **EMERGENCY MOTION CIRCUIT RULE 27-3**
5

            UNITED STATES COURT OF APPEAL
6

            NINTH CIRCUIT
7

8  **Paul Hupp,**                          )
9                Plaintiff/Appellant        )    EMERGENCY MOTION; CIRCUIT RULE
                                            )    27-3
10       v.                                 )
                                            )
11 **County of Riverside,**                 )    9ᵗʰ Circuit Case No.: 20-
   **City of Beaumont,**                    )    Central District of CA Case No.: EDCV-20-
12 **Solera Oak Valley Greens Association,**)
   **Richardson Harman Ober, PC,**          )
13 **Richardson Ober, PC,**                 )    **APPELLANT'S EMERGENCY MOTION**
   **Thomas Harry Cahraman,**               )    **TO ORDER DISTRICT COURT TO**
14 **Rebecca Lynn Dugan,**                  )    **CALENDAR APPELLANT'S *EX PARTE***
   **John Washburne Vineyard,**             )    **APPLICATION FORTHWITH**
15 **Carol Anne Greene,**                   )
   **Debre Katz Weintraub,**                )
16 **Samiuela F. Taloa,**                   )
   **Wanda Joyce Bartholomew,**             )
17 **Richard Allen Beyl,**                  )
   **Kelly Gene Richardson,**               )
18 **Jonathan Robert Davis,**               )
   **Theodore Hyun Dokko,**                 )
19 **Todd Halbeisen,**                      )
   **Miguel Macias,**                       )
20 **Lyndon Peats,**                        )
   **John Simpson,**                        )
21 **Wayne Wolcott,**                       )
   **Virginia Anne Phillips,**              )
22 **Roes 1-10,**                           )
   Individually, Individually, Jointly, Jointly and )
23 Severally,                               )
              Defendants/Appellees.         )
24

25

LODGED
CLERK, U.S. DISTRICT COURT

SEP 1 5 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

-1-

Paul Hupp
Appeal

**Circuit Rule 27-3 Certificate**

Names, telephone numbers, addresses and emails of the attorneys of record:

1. <u>Plaintiff and Appellant</u>:

   Paul Hupp (951) 769-1268, 965 Hidden Oaks Drive, Beaumont, CA 92223
   Paulhupp@gmail.com

2. <u>Defendants/Appellees</u>:

   No Defendant has been served or notified.

**I**
**Facts Showing Existence and Nature of Emergency**

As set forth *infra*, Appellant Paul Hupp ("APPELLANT") seeks an emergency order directing the District Court to calendar, and rule on, APPELLANT'S action and *Ex Parte* Application forthwith. APPELLANT has suffered, and continues to suffer, irreparable harm due to the fraud and criminal actions of State actors, including numerous State Judges, going back to <u>May, 16, 2013</u>, when the Riverside County District Attorney ("DA") filed a criminal action ("BAM-1301131") against APPELLANT without "Probable Case" ("PC"), and then dropped that charge the day of trial more than a year later. What followed were a legion of criminal cases and charges that DA charged and filed, but were all lacking in PC. This has been going on for seven (7) + years, including the last four (4) years non-stop, where APPELLANT has been under pending criminal charges by DA the entire time period. "But for" APPELLANT'S ability to borrow from relatives the $35,000+ bond expenses, APPELLANT would have been in jail the entire time; and most likely would be forced to plead guilty to a multitude of cases and charges that APPELLANT is innocent of.

## II
## Notification of Opposing Counsel

Counsel for opposition Defendant/s is unknown at this time because the action has not been put on the docket and no defendant has been served.

## III
## Argument

On <u>August 24, 2020</u>, APPELLANT filed the instant action in the District Court ("D-COURT"), concurrently with an Emergency *Ex Parte* Application to be heard no later than <u>August 30, 2020</u>. D-COURT did not docket nor calendar the action or the *Ex Parte* Application in any manner whatsoever, and still haven't, despite the emergency nature of the action and irreparable harm being inflicted.

Since that initial charge in BAM-1301131 in <u>2013</u>, DA has gone on to engage in the exact same, identical, illegal and unlawful conduct in a legion of criminal cases and a multitude of different, but all lacking PC, criminal charges. With each case, and each charge, dismissed by DA the day of trial. Or in the latest case, a felony case, RIF-1902599 ("RIF-1902599"), filed on <u>June 15, 2017</u>, under PC §76a, a statute so unconstitutional on its face that it is never, ever charged; and has one (1), just one (1) reported appellate case in its entire history. PC §76a, like all the rest of the multitude of illegal and unlawfully filed criminal charges, was tossed out at the preliminary hearing, far sooner than the first day of trial, the typical "pattern and practice" of the DA. But before PC §76a was tossed out DA sought, without PC or the mandatory statutory elements, a bond of $150,000; an increase 600% ABOVE the scheduled bond amount of $25,000. And more shocking, the judge GRANTED the DA'S illegal, unlawful and criminal bond of $150,000. This, once again, id the "pattern and practice" of the DA; file criminal charges that lack PC, seek a bond amount that is anywhere from 600%, as in RIF-1902599, above the

posted schedule amount, to 1,100% above the posted schedule amount as in BAM-1702398. All of the charges in both of those cases were: 1) dropped on the day of trial; and 2) dismissed at preliminary hearing. This is a serious problem because DA has established a very clear, as well as illegal and unlawful, "pattern and practice" of criminal conduct. Criminal conduct that is in retaliation for, *inter alia*, APPELLANT'S constitutionally protected speech under the First Amendment. DA has filed seven (7) criminal cases against APPELLANT'S since 2017, and all of them were dismissed the day of trial; or in the PC §76(a) charge in RIF-1902599 at the preliminary hearing. The odds of such dismissals are in trillions to one of occurring naturally. It is astonishing that RIF-1902599 is still moving forward after an entire year, but with four (4) new felony charges, but as with the prior charges filed by DA, all four (4) lacking in PC. The odds of even two (2) misdemeanor criminal cases being charged and filed, and then dismissed the day of trial, are 40,000 to 1. The odd of seven (7) criminal cases, entailing 15+ different charges, being charged and filed, and then dismissed the day or trial or tossed out at the preliminary hearing, astronomical, in the bazillions. DA'S illegal and unlawful "pattern and practice" of filing a multitude of criminal charges that lack PC, then seeking bond at anywhere from 600% to 1,100% above the posted schedule amount, only to drop the case and charges the day of trial is conduct, standing on its own, that can, and should be, enjoined by the Federal Courts. It is also criminal conduct[1]. When you add in the fact that this illegal and unlawful "pattern and practice" of DA is in retaliation for APPELLANT'S constitutionally protected free speech.

To date, as a direct of DA'S illegal and unlawful "pattern and practice" of filing a multitude of criminal cases and charges that lack PC, then seeking bond at up to 1,100% above

---

[1] *See* 18 U.S.C. §§ 241, 242.

Paul Hupp
Appeal

1   the posted schedule amount, APPELLANT has been forced to provide bond in excess of

2   $350,000+. APPELLANT'S cost and liability in being required to obtain bond in excess of

3   $350,000+ is 10%, or $35,000, plus the interest charged APPELLANT. On cases that are all

4   eventually dismissed by DA. This is the type of illegal and unlawful conduct by the State that

5   only the Federal Courts can (and should remedy).

### IV
### Conclusion

8       For the reasons stated *supra*, APPELLANT respectfully asks this Court to ORDER

9   District Court to immediately calendar APPELLANT'S *Ex Parte* Application within seven (7)

10  days.

11      Respectfully Submitted.

12                                          Dated this 10th day of September, 2020

13

14                                          /s/ Paul Hupp
                                            Paul Hupp
15                                          965 Hidden Oaks Drive
                                            Beaumont, CA 92223
16                                          (951) 769-1268
                                            Paulhupp@Gmail.com
17                                          *In Propria Persona*

Thursday, September 10, 2020



U.S. District Court – Civil Clerk
3470 12th Street
Riverside, CA 92501

RE: Failure of District Court to Calendar Complaint and Emergency *Ex Parte*
Application; Submission of Writ of Mandate/Appeal and Emergency Motion

Dear Clerk-

Enclosed with this letter are two (2) documents to be forwarded to the Ninth Circuit.
They are a result of the District Court's failure to file the initial Complaint and
Emergency *Ex Parte* Application, despite these papers being lodged with the court on
August 24, 2020, and being of an emergency nature. The face pages of these two (2)
documents are attached as Exhibits #1 and #2. This is the second time this problem has
occurred in less than a week, as it is identical to the problems of the District Court's
failure to file the initial Complaint and the Emergency *Ex Parte* Application in the case I
lodged on August 17, 2020. I notified the Clerk's office in that case with the same
documents (infra) on September 4, 2020. My letter addressing those same issues, along
with the face pages of the initial Complaint and the Emergency *Ex Parte* Application for
that case, are attached as Exhibits #3, #4 and #5. The enclosed two (2) documents for
forwarding to the Ninth Circuit are:

1. APPELLANT'S EMERGENCY MOTION TO ORDER DISTRICT COURT TO CALENDAR
APPELLANT'S *EX PARTE* APPLICATION FORTHWITH

2. PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS; *ALTERNATIVELY* NOTICE OF APPEAL
UNDER TITLE 28 U.S.C. § 158; DESIGNATION OF THE RECORD ON APPEAL; PLAINTIFF'S
STATEMENT OF ISSUES;  TO THE 9TH CIRCUIT COURT OF APPEAL; RENEWED IFP
(WRIT/APPEAL BASED ON ISSUES IN EMERGENCY MOTION FILED UNDER CIRCUIT RULE
27-3 THAT IS FILED CONCURRENTLY)

I was at the court on Friday, September 4, 2020, at 1:30 PM and it was locked down.
There was no drop box. The US Marshall's refused to call the clerk, or take the two (2)
papers I needed to file to the clerk. Since there is no drop box I am mailing these
documents via USPS First Class Mail. Since the Court has a duty to take "Emergency"
filings and they cannot be filed in person I ask that they be file stamped nunc pro tunc on
the date they were mailed; Thursday, September 10, 2020. Please email or call me if there
are any problems.

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223
Paulhupp@Gmail.com;
951-769-1208

CC: Ninth Circuit Court of Appeal

# ♯ 1

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3

4                      UNITED STATES DISTRICT COURT

5                     CENTRAL DISTRICT OF CALIFORNIA

6  **Paul Hupp,**                           )
                                            )
7              Plaintiff,                    )
                                            )
8       v.                                   )   Case No.: 20-CV-
                                            )
9  **County of Riverside,**                 )
   **City of Beaumont,**                    )
10 **Solera Oak Valley Greens Association,**)
   **Richardson Harman Ober, PC,**          )
11 **Richardson Ober, PC,**                 )
   **Thomas Harry Cahraman,**               )
12 **Rebecca Lynn Dugan,**                  )
   **John Washburne Vineyard,**             )   **COMPLAINT AND DEMAND FOR JURY**
13 **Carol Anne Greene,**                   )   **TRIAL**
   **Debre Katz Weintraub,**                )
14 **Samuela F. Taloa,**                    )
   **Wanda Joyce Bartholomew,**             )
15 **Richard Allen Beyl,**                  )
   **Kelly Gene Richardson,**               )
16 **Jonathan Robert Davis,**              )
   **Theodore Hyun Dokko,**                 )
17 **Todd Halbeisen,**                      )
   **Miguel Macias,**                       )
18 **Lyndon Peats,**                        )
   **John Simpson,**                        )
19 **Wayne Wolcott,**                       )
   **Virginia Anne Phillips,**              )
20 **Roes 1-10,**                           )
   Individually, Individually, Jointly, Jointly and )
21 Severally,                               )
                                            )
22             Defendants.                   )
                                            )
23 _____)

24

25

COMPLAINT - 1                          Paul Hupp Case No.: 20-CV-

# 2

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3

4              UNITED STATES DISTRICT COURT

5              CENTRAL DISTRICT OF CALIFORNIA

6

7                                          )
                                           )
8  **Paul Hupp**,                          )
                                           )
9           Plaintiff,                      )    Case No.: CV-20-
                                           )
10         v.                              )
                                           )
11 **County of Riverside,**                )
   **City of Beaumont,**                   )
12 **Solera Oak Valley Greens Association,** )
   **Richardson Harman Ober, PC,**         )
13 **Richardson Ober, PC,**                )    **PLAINTIFF PAUL HUPP'S NOTICE OF**
   **Thomas Harry Cahraman,**              )    **EMERGENCY *EX PARTE* APPLICATION**
14 **Rebecca Lynn Dugan,**                 )    **PURSUANT TO LOCAL RULE 7-19 FOR**
   **John Washburne Vineyard,**            )    **TEMPORARY RESTRAINING ORDER;**
15 **Carol Anne Greene,**                  )    **MOTION FOR PERMANENT**
   **Debre Katz Weintraub,**               )    **INJUNCTION; POINTS AND**
16 **Samiuela F. Taloa,**                  )    **AUTHORITIES; DECLARATION IN**
   **Wanda Joyce Bartholomew,**            )    **SUPPORT (ORAL ARGUMENT**
17 **Richard Allen Beyl,**                 )    **REQUESTED)**
   **Kelly Gene Richardson,**              )
18 **Jonathan Robert Davis,**              )    Time:
   **Theodore Hyun Dokko,**                )    Date:
19 **Todd Halbeisen,**                     )    Courtroom:
   **Miguel Macias,**                      )    Judge:
20 **Lyndon Peats,**                       )
   **John Simpson,**                       )
21 **Wayne Wolcott,**                      )
   **Virginia Anne Phillips,**             )
22 **Roes 1-10,**                          )
   Individually, Individually, Jointly, Jointly and )
23 Severally,                              )
                                           )
24         Defendants.                     )
                                           )
25

                        -1-              Paul Hupp

*# 3*

Monday, September 7, 2020

U.S. District Court – Civil Clerk
3470 12th Street
Riverside, CA 92501

RE: Attempt to File "Emergency" Papers @ 1:30 PM, Friday, September 4, 2020

Dear Clerk-

I attempted to file the two (2) attached papers on Friday, September 4, 2020, at 1:30 PM:

**1. APPELLANT'S EMERGENCY MOTION TO ORDER DISTRICT COURT TO CALENDAR APPELLANT'S *EX PARTE* APPLICATION FORTHWITH**

**2. PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS; *ALTERNATIVELY* NOTICE OF APPEAL UNDER TITLE 28 U.S.C. § 158; DESIGNATION OF THE RECORD ON APPEAL; PLAINTIFF'S STATEMENT OF ISSUES;  TO THE 9TH CIRCUIT COURT OF APPEAL; RENEWED IFP (WRIT/APPEAL BASED ON ISSUES IN EMERGENCY MOTION FILED UNDER CIRCUIT RULE 27-3 THAT IS FILED CONCURRENTLY)**

The court was locked down and there was no drop box. The US Marshall's refused to go to the clerk's office or take the two (2) papers to the clerk, and instead told me to call 951-774-1021, which was the number for the Bankruptcy Court's clerk. They refused to take the papers, and instead said they would "try" to get someone from the District Court to take the papers. No one came to take them and I went home after 30 minutes of waiting in 106 degree heat.

Since there should have been a drop box, and the civil clerk had a DUTY to take "Emergency" filings, there is a major problem here.

**Please file BOTH of these two (2) papers, on an "Emergency" basis, nunc pro tunc to Friday, September 4, 2020, which is when they should have been received and filed "but for" the civil clerk not being open during regular business hours.**

Please email me if there are any problems.


Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223
Paulhupp@Gmail.com
951-769-1268

# 4

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Paul Hupp,

        Plaintiff,

        v.

Rebecca Lynn Dugan,
John Washburne Vineyard,
Leslie Irene Ryder, A/K/A Leslie Irene Hupp;
Lisa Martinez Shiozaki;
Kellen S. Stevens;
Dennis M. Sandoval;
De La Housaye & Associates,  A Law
Corporation;
Roes 1-10;
Individually, Jointly, Jointly and Severally,
        Defendants.

Case No.: CV-20-

**PLAINTIFF PAUL HUPP'S COMPLAINT AND DEMAND FOR JURY TRIAL; FOR TEMPORARY AND PERMANENT INJUNCTION; FOR DECLARATORY RELIEF; REMOVAL OF TRUSTEE; EQUITABLE RELIEF**

## **COMPLAINT**

Plaintiff Paul Hupp ("PHUPP"), in *Propria Persona*, files this Complaint

("COMPLAINT") against Defendants Rebecca Lynn Dugan ("DUGAN"), John Washburne

Vineyard  ("VINEYARD") Leslie Irene Ryder, A/K/A Leslie Irene Hupp ("RYDER"); Lisa

Martinez Shiozaki ("SHIOZAKI"); Kellen S. Stevens ("STEVENS"); Dennis M. Sandoval

("SANDOVAL"); De La Housaye & Associates,  A Law Corporation ("DLHA") and Roes 1-10

("ROES") (collectively "DEFENDANTS") as follows:

# 5

1   Paul Hupp
    965 Hidden Oaks Drive
2   Beaumont, CA. 92223
    *In Propria Persona*
3

4                    UNITED STATES DISTRICT COURT

5                    CENTRAL DISTRICT OF CALIFORNIA

6

7                                          )
                                           )
8   Paul Hupp,                             )
                                           )
9            Plaintiff,                     )    Case No.: CV-20-
                                           )
10               v.                         )    **PLAINTIFF PAUL HUPP'S**
                                           )    **EMERGENCY *EX PARTE* APPLICATION**
11  Rebecca Lynn Dugan,                     )    **PURSUANT TO LOCAL RULE 7-19;**
    John Washburne Vineyard,                )    **POINTS AND AUTHORITIES;**
    Leslie Irene Ryder, A/K/A Leslie Irene Hupp; )  **DECLARATION IN SUPPORT**
12  Lisa Martinez Shiozaki;                 )
    Kellen S. Stevens;                      )
13  Dennis M. Sandoval;                     )
    De La Housaye & Associates,  A Law      )    Time: 9:00 AM
14  Corporation;                            )    Date: August 19, 2020
    Roes 1-10;                              )    Courtroom:
15  Individually, Jointly, Jointly and Severally, )  Judge:
                                           )
16            Defendants.                   )
                                           )
17  _____)

18                              **I**
                           **Introduction**
19

20        To the United States District Court for the Central District of California ("COURT"),

21  Defendants Rebecca Lynn Dugan ("DUGAN"), John Washburne Vineyard  ("VINEYARD")

22  Leslie Irene Ryder, A/K/A Leslie Irene Hupp ("RYDER"); Lisa Martinez Shiozaki

23  ("SHIOZAKI"); Kellen S. Stevens ("STEVENS"); Dennis M. Sandoval ("SANDOVAL"); De

24  La Housaye & Associates, A Law Corporation ("DLHA") and Roes 1-10 ("ROES") (collectively

25  "DEFENDANTS") and all other parties of interest, pursuant to Local Rule 7-19, Plaintiff Paul

                                        -1-                    Paul Hupp

965 Hidden Oaks Drive
Beaumont, CA 92223

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 15 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY DEPUTY

9250133895 C002

U.S. District Court – Civil Clerk
3470 12th Street
Riverside, CA 92501

