1   Paul Hupp
    965 Hidden Oaks Drive
2   Beaumont, CA 92223
    951-769-1268
3   *In Propria Persona*

4

                    UNITED STATES COURT OF APPEAL

5
                            NINTH CIRCUIT
6

7   **Paul Hupp,**                              )
                                                )
8              Plaintiff/Appellant,             )   Case No.: 20-
                                                )
9        v.                                      )
                                                )   5:16-cv-00370-VAP-SP
10  **County of Riverside,**                     )
    **City of Beaumont,**                        )
11  **Solera Oak Valley Greens Association,**    )
    **Richardson Harman Ober, PC,**              )
12  **Richardson Ober, PC,**                     )
    **Thomas Harry Cahraman,**                   )   **APPELLANT'S NOTICE OF APPEAL**
13  **Rebecca Lynn Dugan,**                      )   **UNDER TITLE 28 U.S.C. § 158;**
    **John Washburne Vineyard,**                 )   **DESIGNATION OF THE RECORD ON**
14  **Carol Anne Greene,**                       )   **APPEAL; PLAINTIFF'S STATEMENT**
    **Debre Katz Weintraub,**                    )   **OF ISSUES; RENEWED IFP**
15  **Samiuela F. Taloa,**                       )   **(APPEAL BASED ON ISSUES IN**
    **Wanda Joyce Bartholomew,**                 )   **EMERGENCY MOTION UNDER**
16  **Richard Allen Beyl,**                      )   **CIRCUIT RULE 27-3 THAT IS FILED**
    **Kelly Gene Richardson,**                   )   **CONCURRENTLY)**
17  **Jonathan Robert Davis,**                   )
    **Theodore Hyun Dokko,**                     )
18  **Todd Halbeisen,**                          )
    **Miguel Macias,**                           )
19  **Lyndon Peats,**                            )
    **John Simpson,**                            )
20  **Wayne Wolcott,**                           )
    **Virginia Anne Phillips,**                  )
21  **Roes 1-10,**                               )
    Individually, Individually, Jointly, Jointly and )
22  Severally,                                   )
                                                )
23             Defendants/Appellees.             )
                                                )
24

25

# I
## Notice of Writ of Mandamus; Alternatively Appeal

Appellant Paul Hupp ("APPELLANT"), *In Propria Persona*, hereby gives notice of Appeal ("APPEAL") under Title 28 U.S.C. § 158 from the District Court's dismissal[1] dated September 9, 2020, and served on October 30, 2020[2].

This APPEAL is based upon the statement of issues accompanying this notice in APPELLANT'S Emergency Motion under Circuit Rule 27-3, filed concurrently. The names of all parties (bold) to the judgment appealed from, along with their addresses and telephone numbers, are as follows;

Plaintiffs;

**Paul Hupp**
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268

Defendants;
No Defendant/s have been served or appeared.

# II
## Designation of the Record

APPELLANT files the following designation of the record on appeal to the 9th Circuit Court of Appeals under Title 28 U.S.C. 158.

The record in this case contains limited docket items and no court appearances requiring transcripts. Plaintiff's requests all docket items for the record.

---

[1] The ORDER is attached to the accompanying Emergency Motion as Exhibit #1.
[2] The ORDER and papers were not mailed until October 30, 2020, and not received until November 6, 2020, and is attached to the accompanying Emergency Motion as Exhibit #2.

### III
### Statement of Issues on Appeal

APPELLANT Paul Hupp is being, and has been for four (4) years, denied access to the courts and due process of law under the First and Fourteenth Amendments due to his constitutionally protected free speech; in state court and federal court by said court's refusing access to accept civil actions, as outlined in APPELLANT'S Emergency Motion under Circuit Rule 27-3, which by this reference is incorporated into this brief and filed concurrently.

### IV
### IFP Fee Waiver Application

### APPELLANT PAUL HUPP'S *EX PARTE* MOTION FOR WAIVER OF ALL FEES AND COSTS ON APPEAL PURSUANT TO TITLE 28 U.S.C. § 1915 (IN FORMA PAUPERIS); POINTS AND AUTHORITIES AND DECLARATION OF PAUL HUPP IN SUPPORT THEREOF

APPELLANT Paul Hupp, *In Propria Persona*, files this renewed application for waiver of all fees and costs that relate to WRIT APPEAL pursuant to Title 28 U.S.C. § 1915.

APPELLANT filed a waiver in the District Court on August 24, 2020, and incorporates that waiver (not ruled on) for this WRIT APPEAL.

### POINTS AND AUTHORITES IN SUPPORT OF FEE WAIVER

Plaintiff lacks the financial means necessary to pay the appeal filing fee.

All appeal costs that arise under In Forma Pauperis status, including transcripts, are included in the waiver. Authority- Title 28 U.S.C. § 1915 (c)(1)(2)(3). Transcripts are not required in this appeal/action.

### V
### DECLARATION OF PAUL HUPP SUPPORTING IN FORMA PAUPERS STATUS

1. I am the Plaintiff/Appellant in this action, appearing in *Propria Persona*.

Paul Hupp
Appeal

2.  I am unemployed and currently have no dedicated income.

3.  This appeal involves constitutional, First Amendment, free speech and due process questions that are well established, clear and should be clarified for uniformity and future litigation in this circuit.

4.  I am entitled to address these issues at the appellate level to determine their scope, uniformity and constitutionality, as well as whether or not the trial court abused its discretion, or acted in an arbitrary and capricious manner, in refusing to calendar and rule on my Emergency *Ex Parte* Application.

5.  I will provide any and all documentation that the court requires to verify my IFP status.

<u>VERIFICATION</u>

I, Paul Hupp, do hereby declare under penalty of perjury of the laws of the State of California and of the United States, that the above listed statements are within my personal knowledge, the statements are true and correct to the best of my knowledge, that all attached exhibits or declarations, if any, are true and correct copies of the originals which are in my personal possession, and if called upon to testify to such statements in a court of law of competent jurisdiction, I would and could competently testify to all such statements.

Executed on <u>November 7, 2020</u>, at <u>Beaumont, CA</u>

Dated this 7th day of November, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

## DECLARATION OF SERVICE

Hupp v.  County of Riverside, *et al*
9th Circuit Case No.: 20-
Central District of CA Case No.: (No Case No. assigned) VAP (SP)

I, Kim Hayes, declare the following;

1. I am over 18 years of age,
2. I am a party to this action,
3. My address is 965 Hidden Oaks Drive, Beaumont, CA 92223
4. I served a true and correct copy of THE FOLLOWING;

Appellant Paul Hupp's:

1. **APPELLANT'S NOTICE OF APPEAL UNDER TITLE 28 U.S.C. § 158; DESIGNATION OF THE RECORD ON APPEAL; PLAINTIFF'S STATEMENT OF ISSUES; RENEWED IFP (APPEAL BASED ON ISSUES IN EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 THAT IS FILED CONCURRENTLY)**

ADDRESSED TO;

| Office of the Clerk U.S. Court of Appeals for the Ninth Circuit P.O. Box 193939 San Francisco, CA 94119-3939 | U.S. District Court – Civil Clerk 3470 12th Street Riverside, CA 92501 | |
|---|---|---|
| | | |

By placing said document/s in a sealed envelope into the United States Postal Service at Beaumont, CA with the postage fully prepaid on;
November 7, 2020;  9114 9999 4431 7705 90

EXECUTED ON:
November 7, 2020, at Beaumont, CA 92223

I declare under penalty of perjury of the laws of the State of California and the United States that the forgoing is true and correct.

Declarant-Kim Hayes_____

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA 92223
   951-769-1268
3  *In Propria Persona*

4

5              UNITED STATES COURT OF APPEAL

6                       NINTH CIRCUIT

7

8  **Paul Hupp,**                        ) **EMERGENCY MOTION; NINTH**
                                          ) **CIRCUIT RULE 27-3**
9              Appellant/Plaintiff,       )
                                          ) 9th Circuit Case No.: 20-56004
10       v.                               ) Central District of CA Case No.: (No Case #
                                          ) Assigned)
11 **County of Riverside,**               )
   **City of Beaumont,**                  ) **APPELLANT'S EMERGENCY MOTION**
12 **Solera Oak Valley Greens Association,** ) **FOR TEMPORARY RESTRAINING**
   **Richardson Harman Ober, PC,**        ) **ORDER DUE TO IRREPARABLE**
13 **Richardson Ober, PC,**               ) **HARM; ALTERNATIVLEY TO ORDER**
   **Thomas Harry Cahraman,**             ) **DISTRICT COURT TO ISSUE TRO;**
14 **Rebecca Lynn Dugan,**                ) **MEMORANDUM OF LAW: POINTS AND**
   **John Washburne Vineyard,**           ) **AUTHORITIES; DECLARATION OF**
15 **Carol Anne Greene,**                 ) **PAUL HUPP IN SUPPORT**
   **Debre Katz Weintraub,**              )
16 **Samiuela F. Taloa,**                 )
   **Wanda Joyce Bartholomew,**           )
17 **Richard Allen Beyl,**                )
   **Kelly Gene Richardson,**             )
18 **Jonathan Robert Davis,**             )
   **Theodore Hyun Dokko,**               )
19 **Todd Halbeisen,**                    )
20 **Miguel Macias,**                     )
   **Lyndon Peats,**                      )
21 **John Simpson,**                      )
   **Wayne Wolcott,**                     )
22 **Virginia Anne Phillips,**            )
   **Roes 1-10,**                         )
23 Individually, Individually, Jointly, Jointly and )
   Severally,                             )
24              Respondents/Defendants.   )
                                          )
25 _____    )

                          -1-              Paul Hupp
                                           Appeal

### Circuit Rule 27-3 Certificate

Names, telephone numbers, addresses and emails of the attorneys of record:

1. <u>Plaintiff and Appellant</u>:
   Paul Hupp (951) 769-1268, 965 Hidden Oaks Drive, Beaumont, CA 92223
   Paulhupp@gmail.com,
2. <u>Defendants/Appellees</u>:
   No Defendant has been served or notified.

### I
### Facts Showing Existence and Nature of Emergency

As set forth *infra*, Appellant Paul Hupp ("APPELLANT"), seeks an **"Emergency Order":** 1) from the Ninth Circuit directly; or 2) an ODRER from the Ninth Circuit directing the District Court to calendar, and rule on, APPELLANT'S *Ex Parte* Application for a Temporary Restraining Order" ("TRO") forthwith. APPELLANT has suffered, and continues to suffer, irreparable harm due to fraud and other criminal actions in the instant civil action, going back to <u>January, 2012</u>. The facts are specifically stated in APPELLANT'S TRO that was filed in the District Court on <u>August 21, 2020,</u>

### II
### Notification of Opposing Counsel

Counsel for opposition Defendant/s is unknown at this time because the action was not put on the docket and no defendant was been served. The action was filed with the District Court on <u>August 21, 2020</u>, with the emergency "*Ex Parte* Application". Despite the *emergency* nature of the action District Court Judge Virginia Anne Phillips ("PHILLIPS") sat on the papers for an astonishing 11 weeks without action, despite the irreparable harm being accumulated daily. PHILLIPS then dismissed the action and all the supporting papers[1] on <u>October 30, 2020</u>[2], with no argument, nor reason.

---

[1] Attached, made a part of and incorporated herein as "Exhibit #1"
[2] Attached, made a part of and incorporated herein as "Exhibit #2" The Dismissal is dated <u>August 25, 2020</u>, and allegedly entered by the clerk on <u>September 9, 2020</u>. The postage stamp clearly shows it was not mailed until <u>October 30, 2020</u>, and nor received until <u>November 6, 2020</u>.

Paul Hupp
Appeal

## III
## Argument

On August 21, 2020, APPELLANT filed the instant action in the District Court concurrently with an Emergency *Ex Parte* Application[3], to be heard no later than August 28, 2020. District Court did not docket nor calendar the action or the *Ex Parte* Application in any manner whatsoever, despite the emergency nature of the action and irreparable harm being inflicted.

The basic premise is that the Riverside County Superior Court, in conjunction with the District Attorney, have a "pattern and practice" of engaging in multiple acts of misconduct. These acts include: 1) filing false criminal charges; 2) that are baseless and lack probable cause; 3) seeking excessive bond on the charges, which ranges from 600% to 1,000%+ the posted schedule rate; 4) dropping the charges the day of trial; 5) filing criminal charges that are beyond the statute of limitations; 6) filing charges that is 100% protected free speech; and 7) continue to file false criminal charges on a regular basis. These actions are more clearly laid out in APPELLANT'S "Emergency Application for *Ex Parte* Application Pursuant to Local Rule 7-19 for Temporary Restraining Order" filed in the District Court on August 21, 2020, and attached here as Exhibit #3.

## IV
## Conclusion

For the reasons stated *supra*, APPELLANT respectfully asks this Court to GRANT the TRO; alternatively ORDER District Court to immediately calendar APPELLANT'S *Ex Parte* Application within seven (7) days.

_____

[3] Attached, made a part of and incorporated herein as "Exhibit #3"

Paul Hupp
Appeal

## V
## Declaration of Appellant Paul Hupp in Support

I, Paul Hupp, declare the following:

1. I have personal knowledge of all statements and exhibits in this brief.

2. If called upon to testify to this document and declaration in a court of competent jurisdiction I could and would testify to everything stated.

3. Attached are multiple exhibits in support, which are true and correct copies of the originals which I have in my personal possession.

4. I certify that to avoid irreparable harm relief is needed in less than **SEVEN (7) DAYS.**

I declare under penalty of perjury the forgoing is true and correct.

Executed on <u>November 7, 2020</u>, at Beaumont, CA

Respectfully Submitted.

Dated this 7th day of November, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*

-4-

Paul Hupp
Appeal

## DECLARATION OF SERVICE

Hupp v.  County of Riverside, *et al*

9th Circuit Case No.: 20-

Central District of CA Case No.: (No Case No. assigned) VAP (SP)

I, Kim Hayes, declare the following;

1. I am over 18 years of age,
2. I am a party to this action,
3. My address is 965 Hidden Oaks Drive, Beaumont, CA 92223
4. I served a true and correct copy of THE FOLLOWING;

Appellant Paul Hupp's:

1. **APPELLANT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER DUE TO IRREPARABLE HARM; ALTERNATIVLEY TO ORDER DISTRICT COURT TO ISSUE TRO; MEMORANDUM OF LAW: POINTS AND AUTHORITIES; DECLARATION OF PAUL HUPP IN SUPPORT**

ADDRESSED TO;

| Office of the Clerk U.S. Court of Appeals for the Ninth Circuit P.O. Box 193939 San Francisco, CA 94119-3939 | U.S. District Court – Civil Clerk 3470 12th Street Riverside, CA 92501 | |
|---|---|---|
| | | |

By placing said document/s in a sealed envelope into the United States Postal Service at Beaumont, CA with the postage fully prepaid on; November 7, 2020; 9114 9999 4431 7705 90

EXECUTED ON;
November 7, 2020, at Beaumont, CA 92223

I declare under penalty of perjury of the laws of the State of California and the United States that the forgoing is true and correct.

Declarant-Kim Hayes_____

Hupp v.  County of Riverside et al, *et al*
9th Circuit Case No.: 20-
Central District of CA Case No.: (No Case No. assigned) VAP (SP)

# Exhibit #1

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov
Message-Id:<30498048@cacd.uscourts.gov>Subject:Activity in Case 5:16-cv-00370-VAP-SP Aristea
Hupp et al v. Solera Oak Valley Greens Association et al Vexatious Litigant Filing (CV-115)
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 9/9/2020 at 2:16 PM PDT and filed on 8/25/2020

| | |
|---|---|
| **Case Name:** | Aristea Hupp et al v. Solera Oak Valley Greens Association et al |
| **Case Number:** | 5:16-cv-00370-VAP-SP |
| **Filer:** | |

**WARNING: CASE CLOSED on 05/13/2016**

**Document Number:**   86

**Docket Text:**
**ORDER RE VEXATIOUS LITIGANT FILING by Judge Virginia A. Phillips, IT IS HEREBY
ORDERED that the documents presented not be filed. (bm)**

**5:16-cv-00370-VAP-SP Notice has been electronically mailed to:**
Barry Zoller    david.samani@lewisbrisbois.com, john.lowenthal@lewisbrisbois.com,
barry.zoller@lewisbrisbois.com, jackie.mcgee@lewisbrisbois.com
Wai Hung Wong    amy.wong@klgates.com, wanda.lentfer@klgates.com
Theodore Hyun Dokko    tdokko@sgrlaw.com
Dennis E Wagner    dew@wzclawfirm.com, ja@wzclawfirm.com, et@wzclawfirm.com,
kc@wzclawfirm.com, mez@wzclawfirm.com, rsc@wzclawfirm.com
**5:16-cv-00370-VAP-SP Notice has been delivered by First Class U. S. Mail or by other means BY
THE FILER to :**
Paul Hupp
965 Hidden Oaks Drive
Beaumont CA 92223
Aristea Hupp
965 Hidden Oaks Drive
Beaumont CA 92223

LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

E-FILED

AUG 2 5 2020

Document #

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Hupp | CASE NUMBER |
| | |

PLAINTIFF(S)

5:16-cv-00370-VAP-SP

v.

Solera Oak Valley Greens Association

**NOTICE AND ORDER RE FILING BY
VEXATIOUS LITIGANT**

DEFENDANT(S).

On August 21, 2020 _____, the Court received the attached

    ☒ Complaint ☐ Petition ☐ Notice of Removal, captioned _____

    ☒ other document(s), entitled Certificate of interested parties; IFP, Notice of motion; Request

from    Paul Hupp _____, who was found by the Court on 08/16/2016

in case number 5:16-cv-00370-VAP-SP  to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

    ☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).

    ☒ Submission of document(s) for filing requires a Motion for Leave to File.

    ☐ Document(s) must be pre-screened by the Court before filing.

    ☐ Filing fee must be paid.

    ☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.

    ☐ Bond in the amount of $_____ must be posted in order to proceed.

    ☐ Other :

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the
☐ assigned magistrate judge ☐ assigned district judge ☒ Chief Judge for review.

☐ IT IS HEREBY ORDERED that the document(s) presented:
    ☐ be filed in the above-captioned case.
    ☐ be filed in case number _____ .
    ☐ be filed as a new case.
*or*

☐ IT IS RECOMMENDED that the document(s) presented not be filed.  The Clerk is directed to forward this
recommendation to the appropriate district judge for review.

_____        _____
Date                                           United States Magistrate Judge

IT IS HEREBY ORDERED that the document(s) presented
    ☒ not be filed.
    ☐ be filed in the above-captioned case.
    ☐ be filed in case number _____ .
    ☐ be filed as a new case.

8/25/ 2020 _____        _____
Date                                           United States District Judge

CV-115 (04/2018)                    **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

1 Paul Hupp
965 Hidden Oaks Drive
2 Beaumont, CA. 92223
*In Propria Persona*
3

LODGED
4 CLERK, U.S. DISTRICT COURT          UNITED STATES DISTRICT COURT

5 AUG 2 1 2020                   CENTRAL DISTRICT OF CALIFORNIA

6 CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

7                                    )
                                     )
8 **Paul Hupp,**                     )
                                     )
9              Plaintiff,            )
                                     )    Case No.: CV-20-
10        v.                         )
                                     )
11 **County of Riverside,**          )
   **City of Beaumont,**             )
12 **Solera Oak Valley Greens Association,** )
   **Richardson Harman Ober, PC,**   )
13 **Richardson Ober, PC,**          )
   **Thomas Harry Cahraman,**        )    **PLAINTIFF PAUL HUPP'S NOTICE OF**
14 **Rebecca Lynn Dugan,**           )    **MOTION AND MOTION FOR LEAVE OF**
   **John Washburne Vineyard,**      )    **COURT TO** <u>**TEMPORARILY**</u> **FILE CASE**
15 **Carol Anne Greene,**            )    **PAPERS** <u>**UNDER SEAL**</u>**; DECLARATION**
   **Debre Katz Weintraub,**         )    **OF PAUL HUPP IN SUPPORT**
16 **Samiuela F. Taloa,**            )
   **Wanda Joyce Bartholomew,**      )
17 **Richard Allen Beyl,**           )
   **Kelly Gene Richardson,**        )
18 **Jonathan Robert Davis,**        )
   **Theodore Hyun Dokko,**          )
19 **Todd Halbeisen,**               )
   **Miguel Macias,**                )
20 **Lyndon Peats,**                 )
   **John Simpson,**                 )
21 **Wayne Wolcott,**                )
   **Virginia Anne Phillips,**       )
22 **Roes 1-10,**                    )
23 Individually, Individually, Jointly, Jointly and )
   Severally,                       )
24              Defendants.          )
                                     )
25 ───────────────────────────────

-1-                          Paul Hupp

# I
# Introduction

Plaintiff Paul Hupp ("Plaintiff"), in *Propria Persona*, files this Notice of Motion and Motion ("MOTION") for Leave of Court to *temporarily seal* the case documents, including but not limited to case initiating documents, support documents and the Emergency *Ex Parte* Application documents. And that such documents be filed under seal, and remain under seal, until defendants Thomas Harry Cahraman ("CAHRAMAN") Rebecca Lynn Dugan ("DUGAN"), John Washburne Vineyard ("VINEYARD") and Carol Anne Greene ("GREENE") have been served notice.

# II
# Argument

The Court has been filing copies of all civil matters that have been filed by Plaintiff since <u>Hupp v Solera Oak Valley Greens Association et al</u>, Case No.: EDCV-16-00370 VAP (SP), into the docket of that case, and notifying the attorneys of record in that case of such docket filings, including Dennis Earl Wagner (SBN# 99190) ("WAGNER") of the law firm Wagner and Pelayes, LLP[1], the attorney that represented Riverside Superior Court Judges John Devlon Molloy, Craig Grant Riemer and Edward T. Webster. Once WAGNER is notified he in turn would advise his clients, and associates of his clients, who were named defendants, of the litigation. This created a bias against PHUPP because WAGNER and his clients/client associates would then take actions to evade, elude and avoid incriminating actions and misconduct they were predisposed to engage in, including the felonious conduct that GREENE (with co-

---

[1] Wagner is now employed by Wagner Zemming Christensen, LLP. On information and belief Wagner and Magistrate Judge  Sheri Nicole Pym have engaged in ex parte communications multiple times regarding

conspirator Samiuela F. Taloa) is accused of in this action. That has happened prior, and will likely happen in this action if the initiating papers are not filed under seal. It is also very probable that WAGNER will represent CAHRAMAN, DUGAN, VINEYARD and GREENE in this matter. Once CAHRAMAN, DUGAN, VINEYARD and GREENE have been served process the Court can unseal all documents previously filed under seal.

### III
### Conclusion

Plaintiff prays the Court GRANT this *temporary* request because the burden to file the papers temporarily under seal is minimal, while the damage to Plaintiff that would be created by WAGNER giving advance notice to CAHRAMAN, DUGAN, VINEYARD and GREENE is tremendous and will cause substantial harm to Plaintiff and his action.

### Declaration

I, **Paul Hupp**, the above-entitled Plaintiff, declare the following;

1.  I have personal knowledge of all facts stated herein.

2.  If called to testify to these facts I would and could competently testify to such in a court of competent jurisdiction.

3.  In previous papers lodged/filed with this Court, copies were placed on the docket of Hupp v Solera Oak Valley Greens Association et al, Case No.: EDCV-16-00370 VAP (SP), and WAGNER was notified.

4.  WAGNER in turn would notify his clients at the Riverside Superior Court, and associates of his clients, either directly by himself or indirectly by his clients notifying their associates.

-3-                              Paul Hupp

5. Such notifications created a bias against PHUPP because it allowed WAGNER and his clients/client associates to take actions to evade, elude and avoid incriminating actions and misconduct they were predisposed to engage in.

6. CAHRAMAN, DUGAN, VINEYARD and GREENE are associates of WAGNER clients.

7. Sealing of the record would be *temporary* and would cease once CAHRAMAN, DUGAN, VINEYARD and GREENE are served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true.

Executed at: Beaumont CA, on August 10, 2020.

Respectfully Submitted.

Dated this 10th day of August, 2020

/s/ Paul Hupp

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

-4-                                    Paul Hupp

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Paul Hupp, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: CV-20- |
| County of Riverside, | ) |
| City of Beaumont, | ) |
| Solera Oak Valley Greens Association, | ) |
| Richardson Harman Ober, PC, | ) |
| Richardson Ober, PC, | ) |
| Thomas Harry Cahraman, | ) |
| Rebecca Lynn Dugan, | ) **PLAINTIFF PAUL HUPP'S MOTION TO** |
| John Washburne Vineyard, | ) **DISQUALIFY MAGISTRATE JUDGE** |
| Carol Anne Greene, | ) **SHERI NICOLE PYM AND DISTRICT** |
| Debre Katz Weintraub, | ) **COURT JUDGE VIRGINIA ANNE** |
| Samiuela F. Taloa, | ) **PHILLIPS FOR CAUSE; DECLARATION** |
| Wanda Joyce Bartholomew, | ) **OF PAUL HUPP IN SUPPORT** |
| Richard Allen Beyl, | ) |
| Kelly Gene Richardson, | ) |
| Jonathan Robert Davis, | ) |
| Theodore Hyun Dokko, | ) |
| Todd Halbeisen, | ) |
| Miguel Macias, | ) |
| Lyndon Peats, | ) |
| John Simpson, | ) |
| Wayne Wolcott, | ) |
| Virginia Anne Phillips, | ) |
| Roes 1-10, | ) |
| Individually, Individually, Jointly, Jointly and | ) |
| Severally, | ) |
| Defendants. | ) |

-1-                                        Paul Hupp

# I
## Introduction

To the United States District Court for the Central District of California ("COURT"),

Plaintiff Paul Hupp ("PHUPP") HEREBY Files THIS Motion to Disqualify Magistrate Judge

Sheri Nicole Pym (SBN# 175062 ("PYM")) and District Court Judge Virginia Anne Phillips

(SBN# 105237 (PHILLIPS")) *for cause* pursuant to Under 28 U.S.C. §§ 144, 455.

# II
## Memorandum of Points and Authorities

PHUPP brings this motion based on bias[1] of PYM and PHILLIPS as it relates to a prior

ruling declaring PHUPP a "Vexation Litigant" in case EDCV-16-00370 VAP (SP). Under 28

U.S.C. §144, whenever a party to any proceeding in a district court makes and files a timely and

sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, such judge shall proceed no further

therein, but another judge shall be assigned to hear such proceeding *See* 28 U.S.C. §144; Pesnell

v. Arsenault, 543 F.3d 1038, 1043 (9thCir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9thCir.

2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the

belief that bias and prejudice exists... [and a] party may only file one such affidavit in any case."

*See* United States v. Sibla, 624 F.2d 864, 867 (9thCir. 1980). 28 U.S.C. §144 expressly

conditions relief upon the filing of a timely and legally sufficient affidavit/declaration. Id. (citing,

*inter alia*, United States v. Azhocar, 581 F.2d 735, 738-40 (9thCir. 1978), cert. denied 440 U.S.

907 (1979). "If the judge to whom a timely motion is directed determines that the accompanying

---

[1] Under 28 U.S.C. §144, whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit or declaration that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. 28 U.S.C. §144 provides the affidavit or declaration shall state the facts and the reasons for the belief that bias and prejudice exists. Plaintiff has stated such facts of bias here.

affidavit specifically alleges facts stating grounds for recusal under 28 U.S.C. §144, the legal

sufficiency of the affidavit has been established, and the motion must be referred to another

judge for a determination of its merits." *Id.* (citing Azhocar, 581 F.2d at 738).

Under 28 U.S.C. §455(a), "Any ... judge ... shall disqualify himself in any proceeding in

which his impartiality might reasonably be questioned." *See* Pesnell at 1043. 28 U.S.C. § 455(b)

provides in relevant part, "…he shall also disqualify himself in the following circumstances:

[w]here he has a personal bias or prejudice concerning a party ..." *See* 28 U.S.C. §455(b)(1). A

motion under § 455 is addressed to, and must be decided by, the judge/s [PYM and PHILLIPS]

whose impartiality is being questioned." *See* Bernard v. Coyne, 31 F.3d 842, 843 (9thCir. 1994).

"Section 455 clearly contemplates that decisions with respect to disqualification should be made

by the judge sitting in the case, and not by another judge." *Id.*, quoting United States v.

Balistrieri, 779 F.2d 1191, 1202 (7thCir. 1985). "Section 455 includes no provision for referral

of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for

recusal under section 455, that judge has a duty to recuse himself or herself." *See* Sibla, 624 F.2d

at 868. Because " …the test for personal bias or prejudice in section 144 is identical to that in

section 455(b)(1) ... a motion properly brought pursuant to section 144 will raise a question

concerning recusal under section 455(b)(1) as well as section 144."*See* Sibla, at 867.

**PYM and PHILLIPS, in case EDCV-16-00370 VAP (SP), re-litigated a "Vexation**

**Litigant" issue that had already been fully and fairly litigate on the merits, and denied, in a**

**previous civil action less than three (3) years prior.** *See* **Hupp v. San Diego County District**

**Attorney et al, Case No.: 12-cv-492 IEG (RBB), Docket #35, P.2, Footnote 1, dated June 4,**

**2012. PYM and PHILLIPS simply repeated** *allegations* **that the Attorney General of**

**California had made in 12-cv-492 IEG (RBB),** *identical allegations***, which were DENIED**

<u>June 4, 2012</u>. Issue and claim preclusion (res judicata and collateral estoppel) prevented PYM and PHILLIPS from getting a "do-over" because they did not like the outcome of Judge Gonzales <u>June 4, 2012</u>, ruling. The most telling factor in PYM and PHILLIPS declaring PHUPP, and his mother Aristea Hupp ("AHUPP") as "Vexatious Litigants" in EDCV-16-00370 VAP (SP) is that neither addressed the most relevant and material fact, <u>that the Presiding United States District Court Judge for the Southern District of California, Judge Irma E. Gonzalez. Judge Gonzalez refused to make the "finding" requested by the Attorney General, that PHUPP was a "Vexatious Litigant".</u> When the facts and law do not agree with your argument or ruling it appears that the best thing for PYM and PHILLIPS to do is ignore both, not mention either, and hope it goes away.

These are arguments made previously by Plaintiff, on <u>July 14, 2016,</u> in case EDCV-16-00370 VAP (SP). Plaintiff by this reference incorporates that case and Judge Gonzales <u>June 4, 2012,</u> ruling for the requisite showing of **bias** by PYM and PHILLIPS.

**III**
**Conclusion**

For the reasons set forth *supra* Plaintiff prays that the COURT GRANT Plaintiff's Motion to disqualify both PYM and PHILLIPS for cause.

**IV**
**Declaration**

I, **Paul Hupp**, the above-entitled Respondent, declare the following;

1. I have personal knowledge of all statements and exhibits in this declaration.

2. If called upon to testify to this declaration in a court of competent jurisdiction I could and would testify to everything stated herein.

3. PYM and PHILLIPS declared Plaintiff and his mother, Aristea Hupp, "Vexation Litigants" in case EDCV-16-00370 VAP (SP). Aristea Hupp had only filed four

-4-

Paul Hupp

(4) cases total in her entire life in Federal Court. Plaintiff had filed 33 cases in the previous 13 years, of which four (4) were related to the State Bar and Magistrate Judge Rosalyn Merle Chapman (whom PYM ironically replaced), four (4) were Habeas Corpus actions, three (3) were related bankruptcy actions, and one (1) Writ of Coram Nobis in the Southern District of CA; 12 in total and all of which Plaintiff was entitled to file as a matter of law, leaving just 21 various actions in the Southern and Central Districts of California over a 13 year period. All of which had merit to be filed because they were all filed under IFP applications, which required a finding of merit prior to granting the IFP and filing of the action.

4. Particularly troubling by PYM and PHILLIPS ruling on their "Vexation Litigants" OSC in case EDCV-16-00370 VAP (SP) was that it was identical in virtually every respect to a previous Motion to have Plaintiff declared a "Vexation Litigant" in a prior case in the Southern District of California less than three (3) years prior, in Hupp v. San Diego County District Attorney et al, Case No.: 12-cv-492 IEG (RBB), Docket #35, P.2, Footnote 1, dated June 4, 2012. The Attorney General of California made the identical allegations that PYM and PHILLIPS made using the exact same cases. The AG'S "Vexation Litigant" Motion was **DENIED**. Denied by the Presiding United States District Court Judge for the Southern District of California, Judge Irma E. Gonzalez. Judge Gonzalez refused to make the "finding" requested by the AG, that Plaintiff was a "Vexatious Litigant". Judge Gonzalez would not even make the finding that the statements in the referenced cases are "factually true". That ended any "Vexatious Litigant" issue on those cases. The AG'S "Vexatious Litigant" motion was DENIED and

-5-                          Paul Hupp

neither PYM nor PHILLIPS had standing to overrule the Presiding United States District Court Judge for the Southern District of California, Judge Gonzalez. Issue preclusion/collateral estoppel [should have] enjoined PYM and PHILLIPS from re-litigating that issue.

5. PHUPP raised these facts in his opposition to PYM and PHILLIPS "Vexatious Litigant" OSC.

6. By this reference Plaintiff incorporates his July 12, 2016, Opposition to PYM and PHILLIPS "Vexatious Litigant" OSC. Even though these issues were the heart of Plaintiff's Opposition to PHILLIPS "Vexatious Litigant" OSC, they were not addressed by PHILLIPS, nor litigated in the appeal following case EDCV-16-00370 VAP (SP); they are therefore ripe for review and are properly before this Court now.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true.

Executed at: Beaumont CA, on August 10, 2020.

Dated this 10ᵗʰ day of August, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

-6-                                        Paul Hupp

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*

3
        LODGED
   CLERK, U.S. DISTRICT COURT
4
        AUG 2 1 2020              UNITED STATES DISTRICT COURT
5
   CENTRAL DISTRICT OF CALIFORNIA    CENTRAL DISTRICT OF CALIFORNIA
   EASTERN DIVISION   BY DEPUTY
6

7  **Paul Hupp,**                        )
                                         )
8            Plaintiff,                   )
                                         )
9        v.                              )   Case No.: CV-20-
                                         )
10 **County of Riverside,**              )
   **City of Beaumont,**                 )   **PLAINTIFF PAUL HUPP'S REQUEST TO**
11 **Solera Oak Valley Greens Association,** )  **FILE NEW LITIGATION**
   **Richardson Harman Ober, PC,**       )
12 **Richardson Ober, PC,**              )
   **Thomas Harry Cahraman,**            )
13 **Rebecca Lynn Dugan,**               )
   **John Washburne Vineyard,**          )
14 **Carol Anne Greene,**                )
   **Debre Katz Weintraub,**             )
15 **Samiuela F. Taloa,**                )
   **Wanda Joyce Bartholomew,**          )
16 **Richard Allen Beyl,**               )
   **Kelly Gene Richardson,**            )
17 **Jonathan Robert Davis,**            )
   **Theodore Hyun Dokko,**              )
18 **Todd Halbeisen,**                   )
   **Miguel Macias,**                    )
19 **Lyndon Peats,**                     )
   **John Simpson,**                     )
20 **Wayne Wolcott,**                    )
   **Virginia Anne Phillips,**           )
21 **Roes 1-10,**                        )
   Individually, Individually, Jointly, Jointly and )
22 Severally,                            )
23          Defendants.                  )
                                         )
24                                       **I**
                                  **Introduction**
25

-1-                          Paul Hupp

1    To the United States District Court for the Central District of California ("COURT"),

2    Plaintiff Paul Hupp ("PHUPP") HEREBY Files "Request to File New Litigation".

3                                          Dated this 10th day of August, 2020

4                                          /s/ Paul Hupp
                                           Paul Hupp
5                                          965 Hidden Oaks Drive
                                           Beaumont, CA. 92223
6                                          *In Propria Persona*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                 -2-                    Paul Hupp

1   Paul Hupp
    965 Hidden Oaks Drive
2   Beaumont, CA. 92223
    *In Propria Persona*
3   .

4   | LODGED |
    | CLERK, U.S. DISTRICT COURT |          UNITED STATES DISTRICT COURT

5   | AUG 2 1 2020 |                         CENTRAL DISTRICT OF CALIFORNIA

6   | CENTRAL DISTRICT OF CALIFORNIA |
    | EASTERN DIVISION        BY DEPUTY |
7                                                      )
                                                       )
8   **Paul Hupp,**                                     )
                                                       )
9                   Plaintiff,                          )
                                                       )   Case No.: CV-20-
10              v.                                      )
                                                       )
11  **County of Riverside,**                           )
    **City of Beaumont,**                              )
12  **Solera Oak Valley Greens Association,**          )
    **Richardson Harman Ober, PC,**                    )
13  **Richardson Ober, PC,**                           )   **PLAINTIFF PAUL HUPP'S NOTICE OF**
    **Thomas Harry Cahraman,**                         )   **EMERGENCY *EX PARTE* APPLICATION**
14  **Rebecca Lynn Dugan,**                            )   **PURSUANT TO LOCAL RULE 7-19 FOR**
    **John Washburne Vineyard,**                       )   **TEMPORARY RESTRAINING ORDER;**
15  **Carol Anne Greene,**                             )   **MOTION FOR PERMANENT**
    **Debre Katz Weintraub,**                          )   **INJUNCTION; POINTS AND**
16  **Samiuela F. Taloa,**                             )   **AUTHORITIES; DECLARATION IN**
    **Wanda Joyce Bartholomew,**                       )   **SUPPORT (ORAL ARGUMENT**
17  **Richard Allen Beyl,**                            )   **REQUESTED)**
    **Kelly Gene Richardson,**                         )
18  **Jonathan Robert Davis,**                         )   Time:
    **Theodore Hyun Dokko,**                           )   Date:
19  **Todd Halbeisen,**                                )   Courtroom:
    **Miguel Macias,**                                 )   Judge:
20  **Lyndon Peats,**                                  )
    **John Simpson,**                                  )
21  **Wayne Wolcott,**                                 )
    **Virginia Anne Phillips,**                        )
22  **Roes 1-10,**                                     )
    Individually, Individually, Jointly, Jointly and   )
23  Severally,                                         )
                   Defendants.                          )
24                                                     )
25

                                    -1-                    Paul Hupp

**I**
**Introduction**

To the United States District Court for the Central District of California ("COURT"),

Defendants County of Riverside ("COUNTY"), City of Beaumont ("CITY"), Solera Oak Valley

Greens Association ("SOLERA"), Richardson Harman Ober, PC ("RHO"), Richardson Ober PC

("RO"), Thomas Harry Cahraman ("CAHRAMAN"), Rebecca Lynn Dugan ("DUGAN"), John

Washburne Vineyard ("VINEYARD"), Carol Anne Greene ("GREENE"), Debre Katz

Weintraub ("WEINTRAUB"), Samiuela F. Taloa ("TALOA"), Wanda Joyce Bartholomew

("BARTHOLOMEW"), Richard Allen Beyl ("BEYL"), Kelly Gene Richardson

("RICHARDSON"), Jonathan Robert Davis ("DAVIS"), Theodore Hyun Dokko ("DOKKO"),

Todd Halbeisen ("HALBEISEN"), Miguel Macias ("MACIAS"), Lyndon Peats ("PEATS"),

John Simpson ("SIMPSON"), Wayne Wolcott ("WOLCOTT") Virginia Anne Phillips

("PHILLIPS") and Roes 1-10 (collectively "DEFENDANTS") and all other parties of interest,

pursuant to Local Rule 7-19, Plaintiff Paul Hupp ("Plaintiff") HEREBY GIVES Notice of

Emergency *Ex Parte* to issue a temporary restraining order ("TRO") to stay and enjoin

DEFENDANTS, based on irreparable harm caused to Plaintiff by DEFENDANTS, from any

further criminal prosecution of Plaintiff in State Court by COUNTY, including TALOA. This

includes, but is not limited to cases, RIF-1902599 and RIM-1913990.

Plaintiff further seeks a motion date for a permanent injunction after notice and

opposition. The TRO will remain in effect until COURT has heard argument and can make a

ruling to grant or deny a permanent injunction. Hearing will be held at 9:00 AM in Dept.:   , at

Paul Hupp

1   the United States District Court for the Central District of California, Eastern Division,

2   Riverside, CA, 92501[1].

3
## II
## **Memorandum of Points and Authorities**

4

5      This request for TRO  concerns ongoing collusion between COUNTY, Deputy District

6   Attorney TALOA and multiple Riverside County Superior Court judges;  including

7   CAHRAMAN, DUGAN and VINEYARD who have colluded with COUNTY and TALOA to

8   file multiple felony criminal charges in case RIF-1902599,  all of which lack "probable cause"

9   ("PC"). RIF-1902599 lacks PC because the felony charges are based on free speech;

10   constitutionally protected free speech under the First Amendment. In addition to the felony

11   charge, COUNTY has filed a misdemeanor charge, RIM-1913990, that was direct retaliation

12   against Plaintiff's free speech, and clearly violates the Federal Right to a speedy trial secured by

13   the Sixth Amendment. COUNTY has filed six (6) different criminal cases against Plaintiff since

14   2013, five (5) since 2017, with 13 different charges. Two (2) of the six (6) cases, RIF-1902599

15   and RIM-1913990, are still pending. Of the prior four (4) cases, the first (1) case was dropped

16   the day of trail; the second (2) case was dropped the day of trial, the third (3) case was dropped

17   the day of trial, the fourth (4) case was thrown out by the judge after the jury had been sworn

18   because the statute of limitation ("SoL") had expired. Of the five (5) different charges in RIF-

19   1902599, the original single charge of Penal Code §76a- Threatening a Public official" ("§76a"),

20   filed June 20, 2019, was dismissed at preliminary hearing on December 2, 2019, for violating the

21   "Litigation Privilege" ("PRIVILEGE") under Civil Code §47(b) ("§47(b)"). §76a would have

22

23

24
---

25
[1] As of today the COURT is closed down due to COVID-19 and all parties should expect to participate in the *Ex Parte* Hearing telephonically. Whether appearance is in person or telephonically, the parties will be notified 24 hours in advance by Plaintiff on how to appear.

        Paul Hupp

been dismissed in any event because §76a is facially, and "as applied", unconstitutional. §76a violates the constitutionally protected free speech under the First Amendment. §76a lacked PC to file because it is privileged under §47(b). Three (3) days after §76a was tossed out, December 5, 2019, misdemeanor case BAM-1903181 was thrown out because the SoL had expired, but only after a jury had been picked and sworn in. BAM-1903181 also lacked PC to file because the SoL had expired. 10 days after §76a was tossed out, December 12, 2019, COUNTY filed an information alleging four (4) new felony charges, all four (4) new violations in RIF-1902599 were filed under Penal Code §69- Resisting an Executive Officer ("§69"). The four (4) §69 charges all lack PC because they were based on speech, constitutionally protected free speech under the First Amendment. And even if the speech was not protected, the factual circumstances were identical to the §76a charge, the speech was contained in legal papers filed in litigation with the Court Clerk, which means §69 charges, like the prior §76a charge, lacked PC to file because it is privileged under §47(b).

The same day that the four (4) new §69 violations were filed in RIF-1902599, December 12, 2019, COUNTY filed a new misdemeanor case, RIM-1913990. RIM-1913990 had the exact same *alleged* victim and the exact same charge as in BAM-1903181, the case that had been tossed out after a jury had been picked and sworn in just a week prior, December 5, 2019. But the *alleged* charges in RIM-1913990 occurred on December 17, 2018, which means the charge was on day number 360 of the 365 day SoL. RIM-1913990vialates a legion of State laws, including PC §1050.

## 1. **All Speech Is Protected Except Eight (8) Narrowly Tailored Categories**

RIF-1902599 allege felony charges of §69. Alleged felonies based purely on speech; written words. Speech consisting only of written words and nothing more. Words that on their

-4-                    Paul Hupp

face do not constitute any unlawful conduct. The alleged felony charges are not supported by PC because they are 100% protected under the First Amendment of the United States Constitution.

Exceptions to "Free Speech" in the United States fall into eight (8) very specific, and very limited, categories of speech. These categories of speech that are given lesser, or no protection at all by the First Amendment are extremely limited in scope and breadth. They are all narrowly tailored. Speech that is not protected by the First Amendment are: 1) **obscenity**; 2) **fraud**; 3) **child pornography**; 4) **speech integral to illegal conduct**; 5) **speech that incites imminent lawless action**; 6) **speech that violates/infringes intellectual property**; 7) **true threats (criminal threats):** and 8) **commercial speech**. The Supreme Court of the United States, under the First Amendment of the United States Constitution, protects legitimate "Free Speech", allowing for limitations of speech only if they encompass one (1) or more of those eight (8) enumerated, very specific, narrowly drawn and limited categories of unprotected speech. All other speech will be considered "Free Speech". All speech is therefore "Free Speech" unless it clearly, distinctly and unequivocally falls into one (1) or more of the eight (8) limited categories of unprotected speech. Any state or federal law that infringes on speech will be deemed invalid, and unlawful, unless the speech clearly, distinctly and unequivocally fall into one (1) or more of the eight (8) limited categories of unprotected speech. The United States Constitution is the supreme law of the land under the "Supremacy Clause" of the United States Constitution. The First Amendment of the United States Constitution is superior to all state and federal statutes. It is superior to all county and local statutes. It is superior to all municipal statutes. If a state or federal statute infringes on any speech, and that speech does NOT fall into one (1) or more of those eight (8) limited categories of unprotected speech, then said speech is deemed "Free Speech" and it is constitutionally protected and the statute is invalid, not the "Free

Speech". Likewise, any county, local or municipal statute that infringes on speech that does not clearly, distinctly and unequivocally fall into one (1) or more of those eight (8) categories of unprotected speech violates the First Amendment of the United States Constitution and is per se unconstitutional. Plaintiff's speech were statements made in legal pleadings to the effect that if DUGAN and VINEYARD refused grant or deny his submitted papers he would meet with them in person to get a ruling, one way or the other. Plaintiff's argument was drafted and filed in a motion to dismiss more than six (6) months ago and has still not received a hearing date; that motion is attached as "Exhibit #1".

## 2. Federal Court Intervention Based on "BAD FAITH" Prosecution; Federal Restraint of State Courts by Federal Injunctions Allowed for "BAD FAITH" Prosecutions; Anti-Injunction Act Does Not Apply to "BAD FAITH" Prosecutions

The SCOTUS has ruled that a federal court may enjoin a State from a criminal prosecution if the statute being charged infringes on First Amendment (freedom of speech, access to the courts) rights and is a result of a BAD FAITH filing/prosecution. Such a state BAD FAITH prosecution will be enjoined when an overbroad statute, a statute that reaches both protected and unprotected expression and conduct, such as the speech in this case, might/does critically impair the exercise of constitutionally protected rights; allowing a federal court to enjoin the State thereof.

Furthermore, it is clear in this action that the *alleged* criminal conduct is not met by the "probable cause" standard, or any standard whatsoever. That in and of itself is BAD FAITH. So the mere fact that the State has brought this criminal action, without "probable cause", and has been able to keep it in the court system for more than one (1) year, establishes that it is over broad, or at least is being used in such a manner by the State.

The mere **threat** of BAD FAITH prosecution under such an overbroad statute can invoke federal court injunctions:

> "...may deter . . . almost as potently as the actual application of sanctions. . . ." See Dombrowski v. Pfister, 380 U.S. 479,486 (1965).

In such cases courts could no longer embrace:

> "[t]he assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights," because: 1) the mere threat of prosecution; 2) or the long wait between prosecution and final vindication could result in a "chilling effect upon the exercise of First Amendment rights." See Dombrowski at 487.

This principle established by the SCOTUS was two-phased:

> "1) a federal court should **not** abstain when there is a facially unconstitutional statute infringing upon speech and application of that statute discourages protected activities; and 2) the court should **enjoin** the state proceedings when there is a prosecution, *or even* **the threat of prosecution**, under an overbroad statute regulating expression, if the prosecution **or threat of prosecution** chills the exercise of freedom of expression." See Cameron v. Johnson, 381 U.S. 741 (1965); Cameron v. Johnson, 390 U.S. 611 (1968).

Dombrowski allows Federal Courts to enjoin State Courts in criminal prosecutions in very limited circumstances. Those limited circumstances are met in the fraudulent prosecution of RIF-1902599. These fundamental rights were reaffirmed two (2) years later in Zwickler v. Koota, 389 U.S. 241 (1967). **In Zwickler the SCOTUS deemed abstention improper.** *See* Zwickler at 248-252.

Dombrowski was limited and narrowed under Younger v. Harris, 401 U.S. 37 (1971), but not reversed. The limitations imposed under Younger would not apply in this action because Plaintiff has alleged, and documented, *multiple/repeated bad faith criminal prosecutions* by DA, and even more bad faith acts (and collusion with DA) by multiple Riverside County Judges.  If RIF-1902599 and the other six (6) cases and 12 different charges brought by COUNTY was "good faith" enforcement of California's criminal laws there would not be a problem; the

problem is ALL six (6) of the cases and all 12 different charges have gone to trial, only to be dropped by COUNTY the day of trial, dropped after the jury was sworn in in case BAM-1903181 because the SoL had expired, or dismissed at the preliminary hearing  with the §76a charge. The multiple bad faith prosecutions of Plaintiff form a "pattern of harassment" that entitles Plaintiff to federal injunctive relief and is exempt from Younger. The *multiple/repeated bad faith criminal prosecutions* by COUNTY against Plaintiff are unparalleled.

"The Anti-Injunction Act" ("ACT"; *See* 28 U.S.C. § 2283) prevents Federal Courts from enjoining State Court criminal prosecutions in nearly all cases; one (1) of the few exceptions is when a State *threatens* to criminally prosecute in *violation of* First Amendment rights, such as free speech or access to the Courts. RIF-1902599 has multiple violations free speech, the main exception to The Anti-Injunction Act. In addition COUNTY and TALOA have stated they may file more felony charges against Plaintiff concerning his speech, speech that is identical to the speech here, constitutionally protected free speech under the First Amendment.

### 3.  Violation of Federal Speedy Trial Under Sixth Amendment

The Federal speedy trial analysis is completely different from the State speedy trial analysis, under the  Federal speedy trial analysis a defendant ne dot show any prejudice at all, a mere delay by the prosecution that is unwarranted is enough. Barker v. Wingo, 407 U.S. 514 (1972) is the leading case on the Federal right to speedy trial and includes a four (4) factor analysis. The Barker analysis uses four (4) factors to be considered in determining whether a criminal defendant's constitutional right to a speedy trial has been violated: "[1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." *See* Barker at 530. The first two (2) Barker factors, the "length of the delay" and the prosecuting attorneys "reason for the delay", weighs heavily in the Barker analysis.

Paul Hupp

Length of Delay

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *See* Barker at 530.analysis. "The first of these is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay [citation] since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.   [Citation.]   This latter enquiry is significant to the speedy trial analysis because . . . the presumption that pretrial delay has prejudiced the accused intensifies over time." (*Doggett v. United States* (1992) 505 U.S. 647, 651-652.)  A delay of one year can create a presumption of prejudice. (*Id*. at pp. 655-656; *People v. Williams* (2013) 58 Cal.4th 197, 234-235 [seven year delay in bringing a capital case was presumptively prejudicial].)

***

"Under the federal Constitution, **the defendant need not identify any specific prejudice from an unreasonable delay in bringing the defendant to trial after the speedy trial right has attached**. *See* Moore v Arizona 414 U.S. 25, 26 (1973) Instead, **delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases**. *See* Doggett v. United States, 505 U.S. 647, 651-652, 656-657 (1992); *see also* Leaututufu v. Superior Court, 202 Cal.App.4th Supp. 1, 8 (2011), ["it is important to distinguish between (i) the prejudice required to initiate a *Barker* analysis (**presumed prejudice is sufficient**), and (ii) the prejudice that the court considers when engaging in the *Barker* four factor analysis (prejudice is required, but **extreme delay in light of the charge can create a conclusive presumption of such prejudice**)"].) Bold and underline added.

Delay in and of itself is "prejudice" under Barker. RIM-1913990 was filed on day number 360 of a 365 day SoL. "The presumption that pretrial delay has prejudiced the accused intensifies over time", and "delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases…" Unless COUNTY can give a valid reason for the "uncommonly long" delay in filing RIM-1913990 under the second prong of Barker RIM-1913990 must be dismissed for violating the Federal right to a speedy trial. The "uncommonly long" was because it was retaliation against Plaintiff by COUNTY.

III

-9-                                          Paul Hupp

## Conclusion

For the reasons set forth *supra* Plaintiff prays that the COURT GRANT Plaintiff's

Emergency *Ex Parte* Application and TRO, to prevent irreparable harm being caused to Plaintiff,

until a full hearing on the merits can be held and a ruling on a permanent injunction is granted or

denied.

## IV
## Declaration

I, **Paul Hupp**, the above-entitled Respondent, declare the following;

1. I have personal knowledge of all statements and exhibits in this declaration.

2. If called upon to testify to this declaration in a court of competent jurisdiction I

   could and would testify to everything stated herein.

3. All Exhibits attached to or referenced in this brief, are true and correct copies of

   the originals, which I have in my personal possession.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct except for those portions based on information and belief and for

those portions I believe them to be true.

Executed August 10, 2020, Beaumont, CA

Respectfully submitted.

Dated this 10th day of August, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

-10-                     Paul Hupp

*Ex #1*

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA 92223
   *In Propria Persona*
3

4                          SUPERIOR COURT OF CALIFORNIA

5                               COUNTY OF RIVERSIDE

6

7                                          )   Citation No. Case No.: RIF-1902599
                                           )   Date Issued: <u>June 20, 2019</u>
8                                          )
9  People of the State of California,      )   **DEFENDANT PAUL HUPP'S NOTICE OF**
                                           )   **MOTION AND MOTION TO: 1)**
10              Plaintiff,                  )   **DISQUALIFY RIVERSIDE COUNTY**
                                           )   **DISTRICT ATTORNEY *FOR CAUSE*; 2)**
11      vs.,                               )   **DISMISSAL OF ENTIRE ACTION FOR**
                                           )   **LACK OF PROBABLE CAUSE;**
12  Paul Hupp,                             )   **MEMORANDUM OF POINTS AND**
                Defendant.                 )   **AUTHORITIES; DECLARATION OF**
13                                         )   **PAUL HUPP IN SUPPORT**
                                           )
14                                         )   Date: February 24, 2020
                                           )   Dept.: S20 (San Bernardino County Court)
15                                         )   Time: 8:30AM
                                           )   Judge: Hon. George Tavill
16
                                          **I**
17                                   <u>Introduction</u>

18          To the Superior Court of Californian, County of Riverside ("Court"), the Superior Court

19  of San Bernardino and Hon. George Tavill (calendared for all purposes), Riverside County

20  District Attorney ("DA") and all other interested parties, defendant Paul Hupp ("PHUPP")

21  hereby files this motion to disqualify the Riverside County District Attorney ("DA") for cause of

22  misconduct. Said Motion is to be heard on <u>February 24, 2020</u>, in Dept. S20, at 8:30 AM, or as

23  soon thereafter as this motion may be heard, at San Bernardino Superior Court, San Bernardino,

24  CA.

25

                              -1-                        Paul Hupp

## II
## Memorandum of Points and Authorities

PHUPP hereby moves this Court to disqualify DA from prosecuting this action, or any related action, due to extensive misconduct. Misconduct that involves the entire Riverside County Bench as well as third party private actors, such as Solera Oak Valley Greens Association ("SOLERA"); SOLERA'S law firm; City of Beaumont ("BEAUMONT") and BEAUMONT'S law firm. PHUPP has been involved in extensive civil litigation with BEAUMONT since 2011. PHUPP and his family have been involved with civil litigation with SOLERA and BEAUMONT since 2015. DA filed the false, bogus *allegations* after colluding with the Riverside County Bench. Furthermore, this is a "pattern and practice" of DA, having repeatedly filed false charges against PHUPP going back to 2013. Charges that lack "probable cause". False charges the DA then drops the day of trial.

### 1. Felony *Allegations* in RIF-1902599 Are 100% Protected Free Speech; Lack Probable Cause

This case involves the *allegation* of felony charges. *Alleged* felonies based purely on speech; written words. Speech consisting *only* of written words; nothing more. Words that on their face do not constitute *any* unlawful conduct. The *alleged* felony charges are not supported by probable cause ("PC") because they are 100% protected under the First Amendment of the United States Constitution.

Exceptions to "Free Speech" in the United States fall into eight (8) very specific, and very limited, categories of speech. These categories of speech that are given lesser, or no protection at all, by the First Amendment are extremely limited in scope and breadth. They are all narrowly tailored. Speech that is not protected by the First Amendment are: 1) **obscenity**; 2)

1   **fraud**; 3) **child pornography**; 4) **speech integral to illegal conduct**; 5) **speech that incites**

2   **imminent lawless action**; 6) **speech that violates/infringes intellectual property**; 7) **true**

3   **threats (criminal threats):** and 8) **commercial speech**. The Supreme Court of the United

4   States, under the First Amendment of the United States Constitution, protects legitimate "Free

5   Speech", allowing for *limitations* of speech *only* if they encompass one (1) or more of those eight

6   (8) enumerated, very specific, narrowly drawn and limited categories of unprotected speech. All

7   other speech will be considered "Free Speech". **All speech is therefore "Free Speech" unless it**

8   **clearly, distinctly and unequivocally falls into one (1) or more of the eight (8) limited**

9   **categories of unprotected speech.**

10

11      Any state or federal law that infringes on speech will be deemed invalid, and unlawful,

12   unless the speech clearly, distinctly and unequivocally fall into one (1) or more of the eight (8)

13   limited categories of unprotected speech. The United States Constitution is the supreme law of

14   the land under the "Supremacy Clause" of the United States Constitution.

15

16      The First Amendment of the United States Constitution is superior to all state and federal

17   statutes. It is superior to all county and local statutes. It is superior to all municipal statutes. If a

18   state or federal statute infringes on any speech, and that speech does NOT fall into one (1) or

19   more of those eight (8) limited categories of unprotected speech, then said speech is deemed

20   "Free Speech" and it is constitutionally protected and *the statute is invalid,* not the "Free

21   Speech". Likewise, any county, local or municipal statute that infringes on speech that does not

22   clearly, distinctly and unequivocally fall into one (1) or more of those eight (8) categories of

23   unprotected speech violates the First Amendment of the United States Constitution and is *per se*

24   unconstitutional.

25

The felony *allegations* DA filed against PHUPP'S "speech" does NOT fall into any of the eight (8) very specific, and very limited, categories of unprotected speech. PHUPP'S "speech" is therefore "Free Speech" and is constitutionally protected, fully protected. PHUPP has committed no crime. DA does not even have "Probable Cause". DA lacks *any* PC whatsoever to file *any* charges; felony or misdemeanor, based on PHUPP'S fully protected "Free Speech".

2.   **DA Has Filed Multiple Misdemeanor Cases That Violate Penal Code §1050**

But the false allegations do not stop with the *alleged* felonies in RIF-1902599. DA has filed two (2) misdemeanor cases against PHUPP since August 21, 2019; BAM-1903181 and RIM-1913990. RIM-1913990 apparently[1] involves a misdemeanor allegation of PC 166(a)(4) that involves an incident 360 days "stale" involving an *alleged* "victim" where there have been two (2) PRIOR TRIALS to the December 12, 2019, filing date (BAM-1702375, BAM-1903181) with *identical allegations*. DA could have brought both cases prior to the filing dates. DA has violated, and engaged in, misconduct under Penal Code §1050.

3.   **DA Has Engaged in *Multiple* Acts of Misconduct With Riverside County Judges**

There have been numerous instances of judicial misconduct between the Riverside COURT and DA involving PHUPP and various COURT judges; all of which are documented in this brief. But to easily summarize the type of judicial misconduct that the Riverside COURT has been engaging in going back to June 14, 2017, we just have to document the misconduct of the District Attorney ("DA"), through Deputy District Attorney Samiuela Feke'ila Taloa ("TALOA"), with Judge Carol Anne Greene ("GREENE") on January 21, 2020. The conduct of

---

[1] Defendant is speculating because Defendant has no idea who the charge involves as no discovery of any type has been turned over. Nor has any Law Enforcement Officer, or investigator of any kind, ever contacted Defendant.

1   DA, TALOA and GREENE are typical, but not exhaustive, of the illegal and unlawful criminal

2   conduct engaged in by the Riverside COURT and DA.

3          On January 21, 2020, at or around 10:00-10:15 AM, PHUPP was waiting in the hallway

4   of Dept. 64 of Riverside COURT and decided to go in and watch an ongoing trial in Dept. 62 of

5   Riverside COURT: People v. Ancel Yamil Romanrodrigues, case no.: RIF-1800345. PHUPP

6   walked into Dept. 62, and took a seat in the back row on the right side (facing bench), directly

7   adjacent to the swinging door entryway. The judge in Dept 62 was "Carol Ann Greene"

8   ("GREENE"), State Bar Number ("SBN") 146457. A trial had just started and appeared as if

9   opening statements were about to be given. TALOA, SBN 304502, appeared to be the

10   prosecuting attorney. After PHUPP walked in and sat down the Deputy Sheriff, who serves as

11   the Court Bailiff ("BAILIFF"), approached PHUPP and asked if PHUPP was a "witness".

12   PHUPP said "no", PHUPP was just a member of the public watching the trial. At that point

13   TALOA turned around, saw PHUPP and asked for a "side-bar" with GREENE. Once TALOA

14   and defense counsel got to the "side-bar" of GREENE they spoke briefly and exited the

15   courtroom for GREENE'S chambers, without the court reporter. When the three (3) returned

16   from GREENE'S chamber GREENE informed the jury that they had to have a short break and

17   asked them to leave the courtroom for a few minutes. The jury left, at which point the BAILIFF

18   ordered PHUPP to leave also. As PHUPP left, and was in the small area sealed entry between the

19   hallway and the courtroom, the BAILIFF said PHUPP was being ORDERED OUT of the

20   courtroom because "TALOA" did not want PHUPP there; and not to return. PHUPP informed

21   BAILIFF that the courtroom was a public place and PHUPP had a constitutionally protected

22   right under the First Amendment to attend any and all public court trials. The BAILIFF said he

23   didn't "care" and that he could, and would, **arrest** PHUPP for **"trespassing"** if PHUPP returned.

1   PHUPP asked if he could speak with the judge regarding this issue, as it was very serious; the

2   BAILIFF "NO". Leave and do not return or "go to jail".

3       GREENE has absolutely no authority whatsoever to kick PHUPP, *or anyone else*, out of

4   a **public** courtroom. What is far more troubling is that GREENE conspired with a DDA, with

5   TALOA, in her criminal acts.

6       **First**, GREENE and TALOA spoke to each other about PHUPP, *ex parte*, at a "side-bar",

7   without PHUPP present, for the sole purpose to violate PHUPP'S constitutionally protected

8   rights.

9       **Second**, GREENE and TALOA spoke to each other about PHUPP, *ex parte*, in chambers

10   without PHUPP present.

11       **Third**, GREENE and TALOA spoke to each other about PHUPP, *ex parte*, at a "side-

12   bar" *and* in chambers, without PHUPP present *and without a court reporter present* to record the

13   conversation for the record.

14       **Fourth**, after the jury had been excused, and without speaking to PHUPP in any manner

15   whatsoever, GREENE (at TALOA'S request) instructed her BAILIFF to bar PHUPP from re-

16   entering the public courtroom; and if PHUPP tried to reenter to ARREST PHUPP.

17       When judges and parties, especially a DDA in criminal trial, engage in *ex parte*

18   communications then misconduct is *presumed*. In the instant case it was/is obvious, and beyond

19   any dispute, that GREENE and TALOA spoke to each other regarding PHUPP *ex parte*, and

20   knowingly, willfully and intentionally conspired to have PHUPP removed from the courtroom;

21   without PHUPP being able to make any record of their illegal and unlawful actions.

22       TALOA has also conspired with other third party actors to engage in an unlawful and

23   illegal criminal conspiracy to file false criminal charges and to violate PHUPP'S constitutionally

24

25

-6-                     Paul Hupp

protected rights. These third parties include the: 1) Riverside County Probation Department; Riverside County Judge Thomas Cahraman and his staff; 3) Solera Oak Valley Greens Association ("SOLERA"); and 4) City of Beaumont ("BEAUMONT"). PHUPP knows this for a fact because he has personally seen the privileged records that document and confirm this criminal conspiracy.

      **Last**, there is a legion of prosecutorial and judicial misconduct involving the DA, COURT and PHUPP going back to 2013. This includes FIVE (5) *false* criminal charges that have been filed against PHUPP and **dropped the day of trial**, or **dropped at preliminary hearing**. These do NOT include the current *false* charges: RIM-1913990 or RIF-1902599.

| Case No.<br>Date Filed<br>Charge | Date of Disposition | Disposition | Note |
|---|---|---|---|
| 1 BAM-1301131<br>May 16, 2013<br>PC §415(1) | July 26, 2016 | Dismissed day of trial, July 26, 2013 | 1) Cased filed six (6) months after *alleged* violation; 2) First (1st) **filed case dismissed day of trial.** |
| 2 BAM-1702375<br>June 14, 2017<br>PC §M594(a) | January 24, 2019 | Dismissed day of trial, January 24, 2019 | 1) Cased filed on *allegation* vandalism of two (2) nine (9) cent sprinkler flags-with aggregate value of 18 cents; 2) BOND set @ $55K on misdemeanor |

Paul Hupp

| | | | | charge of 18 cent vandalism; 3) LE never contacted for opposing evidence; 4) **Second (2nd) filed case dismissed day of trial**; 5) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc. (HOA) and SOLERA law firm all criminally colluded with each other, and together, on case; 6) BPD does not respond to/investigate any vandalism charges, even felony. DA never charges vandalism on any charge under $500 even if BPD investigated. |
| 3 | BAM-1702398 June 15, 2017 | March 27, 2019 | Dismissed day of trial, | 1) Cased filed on *allegation* of violating court order; 2) BOND |

| | | | | | |
|---|---|---|---|---|---|
| | | PC §166 | | March 27, 2019 | set @ $53K on misdemeanor *allegation*; 3) LE never contacted for opposing evidence; 4) **Third (3rd) filed case dismissed day of trial**; 5) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc. (HOA) and SOLERA law firm all criminally colluding with each other, and together, on case. |
| 4 | RIF-1902599 June 15, 2017 PC §76a | December 2, 2019 | Dismissed day of Pre-Lim, December 2, 2019 | | 1) Judge Gunn approved *ex parte* bond of $150K with no supporting evidence; 2) No FTA's to support bond amount; 3) Charge did not support bond amount; 4) PC 76a charge lacked |

Paul Hupp

| | | | | | |
|---|---|---|---|---|---|
| | | | | | probable cause; 5) PC 76a is facially unconstitutional; 6) LE never contacted for opposing evidence; 7) **Fourth (4ᵗʰ) filed case dismissed prior to trial.** |
| 5 | BAM-1903181<br><br>August 21, 2019<br><br>PC §166 | December 5, 2019 | | Dismissed December 5, 2019, on opening day of trial, one (1) day after jury picked and sworn in. | 1) Cased filed on *allegation* violating court order; 2) Judge Randall Donald White unlawfully and illegally set BOND @ $5K without probable cause @ HUPP Motion Hearing, as a direct result of Judith Michael Fouladi making a perjured "Minute Order" stating, falsely, that she had "Ordered" HUPP to return for a hearing, later that day, on 9-16-2019, *an order* |

Paul Hupp

*Fouladi had no legal authority to make even if she had made it.* Both illegal and unlawful orders/warrant were based on a single misdemeanor *allegation;* 3) *Allegations* were from July 2018, and August 19, 2018, more than a year prior; 4) DDA Taloa repeatedly stated *allegations* were within SOL; 5) The allegations were identical to *allegations at* trial in BAM-1702375; 6) *Allegations* outside SOL, *Allegation*s lacked probable and lacked jurisdiction; 7) Charge violated PC §1050 and People v

-11-                              Paul Hupp

| | | | | |
|---|---|---|---|---|
| | | | | Lowe, 40 Cal.4th 937 (2007); 8) LE never contacted for opposing evidence; 9) No sanctions against State/DDA for knowingly, willfully and intentionally filing false charges; 10) Neither State nor DDA disciplined for bringing false charges; 11) **Fifth (5th) filed case dismissed day of trial**; 12) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc (HOA) and SOLERA law firm all criminally colluded with each other, and together, on case. |
| 6 | RIM-1913990 <br> August 21, 2019 | December 12, 2019 | Pending | 1) Same identical *allegation* as in BAM- |

Paul Hupp

| | | | | |
|---|---|---|---|---|
| PC §166 | | | | 1903181, where jury had been sworn in and could have heard the *allegation*; 2) Filed seven (7) days after BAM-1903181 was dismissed; 3) Same identical *allegation* as in BAM-1702375, where jury had been sworn in on January 24, 2019, a full blown trial ensued on identical *allegation*; 4) *Allegations* were from December 17, 2019, 360 days prior; 5) Charge violates PC §1050 and People v Lowe, 40 Cal.4th 937 (2007); 6) LE never contacted for opposing evidence; 7) No sanctions against State/DDA for |

| | | | | |
|---|---|---|---|---|
| | | | | knowingly, willfully and intentionally filing charges in violation of PC §1050 and People v Lowe; 8) Judge Gunn set bond @ $2,500 even though the identical *allegation* was filed, and dismissed, the week prior in BAM-1903181, bringing the aggregate total of the two (2) misdemeanor Bond charges to $7,500; 9) Beaumont PD, DA, Probation, *alleged* victim, Solera Oak Valley Greens Assoc. (HOA) and SOLERA law firm all criminally colluded with each other, and together, on case. |
| 7 | RIF-1800345 | Date of Violation: | N/A | At 10:00 - 10:15 AM, |

| | | | |
|---|---|---|---|
| People v. Ancel Yamil Romanrodrigues<br><br>Date Filed: 2018<br>Charge: N/A | January 21, 2020<br>Location of Violation:<br>Criminal Courthouse, 4000 Main Street, Dept 62.<br><br>**Judge Perpetrator**:<br>Carol Ann Greene<br><br>**DDA Perpetrator**:<br>Samiuela Feke'ila Taloa | | HUPP attempted to watch an ongoing PUBLIC trial in Dept. 62. The judge in Dept 62 was GREENE. The trial and opening statements were about to be given. TALOA was DDA prosecuting. After HUPP walked in and sat down TALOA turned around, saw HUPP and asked for a "side-bar" with GREENE. TALOA and defense counsel went to "side-bar" of GREENE, spoke briefly and exited courtroom to GREENE'S chambers, without the court reporter. When the three (3) returned from GREENE'S chambers GREENE informed |

| | | | | |
|---|---|---|---|---|
| 1 | | | | jury that they had to |
| 2 | | | | have a "short break" |
| 3 | | | | and asked jury to leave |
| 4 | | | | courtroom for a few |
| 5 | | | | minutes. Jury left, at |
| 6 | | | | which point the |
| 7 | | | | BAILIFF ordered |
| 8 | | | | HUPP to leave also. As |
| 9 | | | | HUPP left, and was in |
| 10 | | | | the small sealed entry |
| 11 | | | | area between the |
| 12 | | | | hallway and courtroom, |
| 13 | | | | BAILIFF said HUPP |
| 14 | | | | was being ORDERED |
| 15 | | | | OUT of the courtroom |
| 16 | | | | by GREENE because |
| 17 | | | | "TALOA" did not want |
| 18 | | | | HUPP there, and not to |
| 19 | | | | return. HUPP informed |
| 20 | | | | BAILIFF courtroom |
| 21 | | | | was public place and |
| 22 | | | | HUPP had a |
| 23 | | | | constitutionally |
| 24 | | | | protected right to attend |
| 25 | | | | all public court trials. |

-16-                    Paul Hupp

| | | | | BAILIFF said he didn't "care" and would "arrest" HUPP for "trespassing" if HUPP re-entered or returned. HUPP asked if he could speak with the GREENE regarding issue. BAILIFF said "NO", leave and do not return, or "go to jail". HUPP informed Presiding Criminal Judge Molloy in open session at 10:30 AM. Molloy took no action. |
|---|---|---|---|---|

This is an ongoing, non-exhaustive list of the prosecutorial and judicial misconduct that DA and COURT have engaged in against PHUPP.

### III
### Conclusion

For the reasons set forth *supra* PHUPP also requests that: 1) the entire DA Office be **disqualified for cause** based on their numerous, documented, unlawful and illegal criminal acts

1   fully documented and set forth in this Motion; and 2) that the entire action be dismissed for

2   lacking probable cause.

3                                         **Declaration**

4

5       I, **Paul Hupp**, the above-entitled Defendant, declare the following;

6           1.  If called upon to testify to this declaration in a court of competent jurisdiction I

7               would and could competently testify to such;

8           2.  Based on the documented actions in this Motion, which is supported by public

9               records, the entire Riverside County DA Office is biased against me should be

10              disqualified for cause.

11          3.  The filing of RIF-1902599 justifies disqualification of DA from this, and all

12              related, cases involving PHUPP.

13          4.  The *alleged felony* charges in this action, RIF-1902599, are unequivocally, fully

14              protected "Free Speech". Because the *allegations* are fully protected "Free

15              Speech" the Riverside County DA Office never had, and still lacks, probable

16              cause to bring the *alleged* charges.

17

18          5.  I cannot receive a fair trial from the Riverside County DA, or *any* Riverside

19              County DDA, including DDA TALOA, as evidenced by the conduct of TALOA

20              and GREENE (and the legion of judges before her), a judge whom I have never

21              met, did not know or have ever had any contact with whatsoever. GREENE

22              engaged in an illegal and unlawful *ex parte* action with TALOA and the Riverside

23              County DA Office to violate my constitutionally protected rights.

24          6.  I notified the "Presiding Criminal Judge" of the Riverside County Superior Court,

25              John Molloy, about the illegal, unlawful violation of my constitutionally protected

                                    -18-                    Paul Hupp

rights by GREENE and DA on or around <u>January 22, 2020</u>. To date there has been no response whatsoever.

7. Attached is a true and correct copy of the <u>January 22, 2020,</u> letter I served on Judge Molloy.

8. In addition to the most recent conduct of GREENE, numerous other judges, cited *supra,* have engaged in a legion of unlawful and illegal actions; this includes, but is not limited to: 1) making perjured "Minute Orders" (FOULADI); 2) issuing a Bench Warrant when they had no legal authority to do so whatsoever (WHITE); 3) setting bond at five (5) times the schedule rate based on a "Declaration" that was **blank** and contained no support whatsoever (GUNN); 4) not hearing, or ruling on, PHUPP'S "Motions to Dismiss" and then marking them as "Disposed" (MOLLOY on 1-28-2020 in RIM-1913990).

9. In addition to the conduct of DA and the various Riverside County Superior Court judges, TALOA has engaged in numerous communications with BEAUMONT and BEAUMONT'S law firm, SOLERA, SOLERA'S law firm and multiple attorneys from the SOLERA law firm. DA, BEAUMONT, SOLERA and TALOA, as well as the Riverside County Probation Department ("PROBATION" (and who knows how many other outside/third parties)) have been engaged in an ongoing criminal conspiracy ("CRIMINAL CONSPIRACY") to violate my constitutionally protected rights.

10. CRIMINAL CONSPIRACY is supported by the legion of *ex parte* emails, letters, phone calls and other communications that have taken place between, but not limited to, the following: 1) SOLERA, SOLERA law firm and PROBATION; 2)

-19-                    Paul Hupp

SOLERA, SOLERA law firm and DA; 3) SOLERA, SOLERA law firm and TALOA; 4) Riverside County Superior Court and PROBATION; 5) Riverside County Superior Court and SOLERA, SOLERA law firm; 6) BEAUMONT and SOLERA, DA and TALOA.

11. Particularly egregious, and supporting the disqualification of DA, is that DA filed RIM-1913990, which was *identical* to BAM-1903181. BAM-1903181 was a bogus and false criminal *allegation* barred by the statute of limitations **and** Penal Code §1050. RIM-1913990, although *identical* in virtually every detail, was filed a mere seven (7) days after BAM-1903181 was *dismissed*. That is brazen, flagrant and heinous misconduct of DA and TALOA. And another clear violation of Penal Code §1050.

12. The filing of RIM-1913990 justifies disqualification of DA from this, and all related, cases involving PHUPP.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true. If called to testify to these facts I would and could competently testify to such in a court of competent jurisdiction.

Executed in Beaumont, CA, on February 11, 2020.

Respectfully submitted.

Dated this 11th day of February, 2020

-20-                          Paul Hupp

—

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*

-21-

Paul Hupp

1   Paul Hupp
    965 Hidden Oaks Drive
2   Beaumont, CA. 92223
    *In Propria Persona*

3   LODGED
    CLERK, U.S. DISTRICT COURT

4   AUG 2 1 2020                    UNITED STATES DISTRICT COURT

5   CENTRAL DISTRICT OF CALIFORNIA   CENTRAL DISTRICT OF CALIFORNIA
    EASTERN DIVISION   BY DEPUTY

6   Paul Hupp,                              )
                                            )
7            Plaintiff,                     )
                                            )
8        v.                                 )   Case No.: 20-CV-
                                            )
9   County of Riverside,                    )
    City of Beaumont,                       )
10  Solera Oak Valley Greens Association,   )
    Richardson Harman Ober, PC,             )
11  Richardson Ober, PC,                    )
    Thomas Harry Cahraman,                  )
12  Rebecca Lynn Dugan,                     )
    John Washburne Vineyard,                )   **COMPLAINT AND DEMAND FOR JURY**
13  Carol Anne Greene,                      )   **TRIAL**
    Debre Katz Weintraub,                   )
14  Samiuela F. Taloa,                      )
    Wanda Joyce Bartholomew,                )
15  Richard Allen Beyl,                     )
    Kelly Gene Richardson,                  )
16  Jonathan Robert Davis,                  )
    Theodore Hyun Dokko,                    )
17  Todd Halbeisen,                         )
    Miguel Macias,                          )
18  Lyndon Peats,                           )
    John Simpson,                           )
19  Wayne Wolcott,                          )
    Virginia Anne Phillips,                 )
20  Roes 1-10,                              )
    Individually, Individually, Jointly, Jointly and )
21  Severally,                              )
                                            )
22           Defendants.                    )
                                            )
23

24

25

COMPLAINT - 1                          Paul Hupp Case No.: 20-CV-

COMPLAINT

Plaintiff Paul Hupp ("Plaintiff"), in *Propria Persona*, complains against Defendants County of Riverside ("COUNTY"), City of Beaumont ("CITY"), Solera Oak Valley Greens Association ("SOLERA"), Richardson Harman Ober, PC ("RHO"), Richardson Ober PC ("RO"), Thomas Harry Cahraman ("CAHRAMAN"), Rebecca Lynn Dugan ("DUGAN"), John Washburne Vineyard ("VINEYARD"), Carol Anne Greene ("GREENE"), Debre Katz Weintraub ("WEINTRAUB"), Samiuela F. Taloa ("TALOA"), Wanda Joyce Bartholomew ("BARTHOLOMEW"), Richard Allen Beyl ("BEYL"), Kelly Gene Richardson ("RICHARDSON"), Jonathan Robert Davis ("DAVIS"), Theodore Hyun Dokko ("DOKKO"), Todd Halbeisen ("HALBEISEN"), Miguel Macias ("MACIAS"), Lyndon Peats ("PEATS"), John Simpson ("SIMPSON"), Wayne Wolcott ("WOLCOTT") Virginia Anne Phillips ("PHILLIPS") and Roes 1-10 (collectively "DEFENDANTS"), individually, jointly, jointly and severally, as follows:

## PARTIES, VENUE AND JURISDICTION

1. Paul Hupp ("Plaintiff") resides, and is domiciled within the state of California.
2. The actions that arise from this action all occurred within this judicial district.
3. COUNTY and CITY are state subdivisions and incorporated municipalities located within this judicial district.
4. SOLERA operates within this judicial district.
5. RHO, and its successor RO, are professional corporations conducting business within this judicial district. DAVIS, DOKKO and RICHARDSON are, or were, employed by RHO at all relevant times of the actions stated herein.
6. CAHRAMAN, DUGAN, VINEYARD, GREENE, WEINTRAUB and TALOA reside and are employed within this judicial district.

COMPLAINT - 2                                         Paul Hupp Case No.: 20-CV-

7. BARTHOLOMEW and BEYL reside within this judicial district.

8. MACIAS and PEATS were employed by CITY at all relevant times of the actions stated herein.

9. HALBEISEN, SIMPSON and WOLCOTT, on information and belief, all are employed by COUNTY.

10. PHILLIPS resides and is employed within his judicial district.

11. Roes 1-10 are unknown at this time but will be named and added to the complaint as their identities become known.

12. DEFENDANTS' actions all occurred within Riverside County, located within the Central District of California for jurisdictional purposes.

13. DEFENDANTS are sued individually, jointly and jointly and severally.

14. This action arises under the United States Constitution, particularly under the provisions of the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983, 1985 and 1988.

15. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1343-Civil rights and elective franchise.

16. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Section 1331-Federal question.

17. This court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 2201 and 2202-Declatory and injunctive relief.

18. This court has supplemental jurisdiction of state claims that arise out of the common nucleus of operative facts, case, or controversy common to the Plaintiff's federal claims under the provisions of Title 28 of the United States Code, Section 1367(a)-Supplemental jurisdiction.

19. This court has venue over this case under the provisions of Title 28 of the United States Code, Section 1391(b) and (c).

## FACTUAL ALLEGATIONS

20. That each and every act of DEFENDANTS, including but not limited to private actors working in conjunction and jointly with the state actors, as set forth herein was executed under the color of authority, statutes, ordinances, regulations, laws, customs, training and usages of COUNTY and CITY, by virtue of and under authority of their employment with COUNTY and CITY as government agents.

This reference incorporates the above paragraphs into the following counts.

### COUNT ONE (1): 42 USC SECTION 1983 LIABILITY FOR VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND EXCESSIVE BOND

21. On June 20, 2019, CAHRAMAN, TALOA and COUNTY filed a felony criminal charge, RIF-1902599, against Plaintiff *alleging* a violation Penal Code ("PC") §76(a) ("§76(a)") "Threatening Life of or Serious Bodily Harm to Public Official, Staff, or Member of Immediate Family", based on written words in a pleading Plaintiff submitted to disqualify CAHRAMAN in a Riverside County superior court civil case, where CAHRAMAN and his staff were engaging in *ex parte* communications and criminal acts with opposing counsel. Criminal acts that CAHRAMAN lied about, covered up and stated never happened in open court. COUNTY sought, and was granted, bond of $150,000 without the probable cause affidavit as mandated under PC §1269c. There was no explanation how COUNTY requested, or why Judge David Allen Gunn approved, bond of $150,000 without the probable cause affidavit as mandated under PC §1269c. Plaintiff's written words were protected free speech under the First Amendment. The §76(a) was dismissed on December 2, 2019, for violating the "Litigation Privilege" under Cal. C. Civ. P. §47(b) ("§47(b)").

22. There was no "probable cause" to bring the felony charge because Plaintiff's words were constitutionally protected free speech; and were privileged under §47(b). There was no probable cause to seek any bond increase whatsoever without complying with PC §1269c, documenting supporting and articulable facts, as a prerequisite.

23. CAHRAMAN, TALOA and COUNTY violated Plaintiff's civil rights to be free of unlawful seizure under the Fourth Amendment and free of excessive bond under the Eighth Amendment.

24. CAHRAMAN, TALOA and COUNTY caused damages to Plaintiff, including the costs to post the bond of $150,000.

This reference incorporates the above paragraphs into the following counts.

**COUNT TWO (2): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS**

25. CAHRAMAN, TALOA and COUNTY all conspired with each other in Count One (1) to violate Plaintiff's civil rights to be free from unlawful seizure, excessive bond and malicious prosecution.

Plaintiff suffered damages as a direct result of CAHRAMAN, TALOA and COUNTY conspiracy.

26. CAHRAMAN, TALOA and COUNTY are the proximate cause of said damages.

This reference incorporates the above paragraphs into the following counts.

**COUNT THREE (3): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE, DENIAL OF DUE PROCESS RIGHTS AND VIOLATION OF THE FEDERAL RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AMENDMENT**

27. On or around December 12, 2019, just seven (7) days after COUNTY, TALOA CAHRAMAN'S §76(a) was thrown out based on §47(b), CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY filed by "Information" four (4) new felony

charges against Plaintiff in RIF-1902599, *alleging* a PC §69(a) ("§69(a)") "Resisting an Executive Officer", based on written words in pleadings Plaintiff submitted to DUGAN and VINEYARD asking them to make a ruling on papers Plaintiff had submitted to file a lawsuit; and papers Plaintiff filed to disqualify CAHRAMAN in a superior court civil case for unlawful *ex parte* communications with opposing counsel/parties. There was no explanation how COUNTY requested bond of $150,000 without the probable cause affidavit as mandated under PC §1269c. Plaintiff's written words were protected free speech under the First Amendment.

28. There was no "probable cause" to bring the four (4) new felony charges because Plaintiff's words were constitutionally protected free speech under the First Amendment. There was no probable cause to seek any bond increase whatsoever without complying with PC §1269c.

29. COUNTY and TALOA filed a second criminal charge the same day, misdemeanor RIM-1913990. It was filed 360 days after the *allegations*, and just five (5) days prior to the Statute of Limitations ("SoL") running. The charge was brought as retaliation based on Plaintiff's free speech, in conjunction with the charges in RIF-1902599. RIM-1913990 violates Plaintiff's First Amendment right to free speech because it was retaliation; and the Federal Right to a Speedy Trial under the Sixth Amendment.

30. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY violated Plaintiff's civil rights to be free of unlawful seizure under the Fourth Amendment and excessive bond under the Eight Amendment.

31. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY caused damages to Plaintiff, including the costs to post the bond of $150,000 for the felony and the $2,500 for the misdemeanor.

This reference incorporates the above paragraphs into the following counts.

COMPLAINT - 6                                    Paul Hupp Case No.: 20-CV-

## COUNT FOUR (4): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

32. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY all conspired with each other to violate Plaintiff's civil rights to be free from unlawful seizure, excessive bond and malicious prosecution. Plaintiff suffered damages as a direct result of CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY conspiracy.

33. CAHRAMAN, DUGAN, VINEYARD, TALOA and COUNTY are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT FIVE (5): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF ACCESSING A PUBLIC COURTROOM UNDER THE FIRST AMENDMENT

34. On January 21, 2020, at or around 10:00-10:15 AM, Plaintiff was waiting in the hallway of Dept. 64, and decided to go in and watch an ongoing trial in Dept. 62: People v. Ancel Yamil Romanrodrigues, case no.: RIF-1800345. Plaintiff walked into Dept. 62, and took a seat in the back row.

35. TALOA was in the courtroom and saw Plaintiff. TALOA asked for a "side bar" with the judge, who was GREENE. TALOA and GREENE then went into chambers and returned a few minutes later, and GREENE told the seated jury that the court was taking a break.

36. As the jurors left Plaintiff was told to leave also. When Plaintiff was in the hallway the deputy sheriff/bailiff told Plaintiff he could not return back to the public courtroom because TALOA did not want Plaintiff there. And if Plaintiff returned he would be "arrested for trespassing". Plaintiff asked if her could speak with the Judge GREENE and was told no.

1    37. COUNTY, TALOA and GREENE violated Plaintiff's civil rights to be free of

2       unlawful seizure in a public courtroom under the Fourth Amendment; including

3       threats of seizure in a public place and especially a public courtroom.

4    38. COUNTY, TALOA and GREENE caused damages to Plaintiff.

5       This reference incorporates the above paragraphs into the following counts.

6    **COUNT SIX (6): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF**
**CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL**
7                                     **RIGHTS**

8    39. COUNTY, TALOA and GREENE all conspired with each other to violate Plaintiff's

9       civil rights of/to access a public courtroom.

10       Plaintiff suffered damages as a direct result of COUNTY, TALOA and GREENE

11       conspiracy.

12    40. COUNTY, TALOA and GREENE are the proximate cause of the damages.

13       This reference incorporates the above paragraphs into the following counts.

14    **COUNT SEVEN (7): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF**
**CONSTITUTIONAL AND CIVIL RIGHTS- SEIZURE OF THE PERSON**
15

16    41. On Friday, <u>October 26, 2018</u>, at or around 1:30 - 2:00 PM, Plaintiff entered the

17       Riverside Superior Court Historic Courthouse, 4050 Main Street, Riverside, CA.

18       Plaintiff walked through the metal detector wearing only a t-shirt, shorts, socks and

19       shoes. Plaintiff was only carrying papers. The metal detector did not sound or alert in

20       any manner whatsoever. The contracted security guard at the entrance ("ROE #1")

21       told Plaintiff to stop. Plaintiff stopped and asked what was needed. ROE #1 told

22       Plaintiff to come back towards him. Plaintiff asked why, ROE #1 refused to answer.

23       Plaintiff asked ROE #1 a second time what he wanted, ROE #1 refused to answer.

24       ROE #1 had no legal authority to detain or seize Plaintiff, so Plaintiff walked into the

25       clerk's office. After approximately five (5) minutes Plaintiff was leaving the clerk's

      office and several uniformed deputy sheriffs approached Plaintiff and then unlawfully

COMPLAINT - 8                              Paul Hupp Case No.: 20-CV-

seized Plaintiff for approximately 20 minutes against Plaintiff's will. The uniformed

deputy sheriffs stated ROE #1 had *alleged* Plaintiff breached the security area. This

was in fact false. Plaintiff did not breach the security area, and ROE #1 never stated

to Plaintiff he had. There are several security cameras located though out the

courthouse, including several that filmed the entrance Plaintiff came in, which would

have proven there was no breach by Plaintiff. Instead of reviewing the security

camera images the uniformed deputy sheriffs detained Plaintiff against his will.

42. ROE #1 and COUNTY violated Plaintiff's civil rights to be free of unlawful seizure

under the Fourth Amendment.

43. ROE #1 and COUNTY caused damages to Plaintiff and are the proximate cause of

said damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT EIGHT (8): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND DENIAL OF DUE PROCESS RIGHTS

44. On or around June 14, 2017, BEYL claimed Plaintiff "vandalized" two (2) sprinkler

flags. Sprinkler flags with an aggregate value of less than 20 cents (8.9 cents each).

CITY investigated and sought a misdemeanor charge of "Vandalism" under Penal

Code §594(a). COUNTY, SIMPSON, WOLCOTT and TALOA sought "Bail" of

$250K on the *alleged* misdemeanor charge involving less two (2) sprinkler flags that

had less than 20 cents of aggregate value. COUNTY, SIMPSON, WOLCOTT and

TALOA never complied with any documentary, or other evidence, mandated under

PC §1269c that would support such a staggering amount of bond over the posted

schedule of $2,500. Bail was granted in the staggering amount of $57K. The *alleged*

misdemeanor charge, Penal Code §594(a) (Case no.: BAM-1702398), was dropped

the day of trial, <u>January 24, 2019</u>. This was the second time COUNTY dropped a criminal charge by BEYL and CITY the day of trial.

45. There was no probable cause to bring the charge.

46. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL had no warrant, nor sought a warrant based on probable cause.

47. Plaintiff was physically arrested and had to post bond in the amount of $57K.

48. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL are liable to Plaintiff for unlawful seizure under the Fourth Amendment.

49. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL are liable to Plaintiff for violating due process for malicious prosecution under the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT NINE (9): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

50. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL all conspired with each other to violate Plaintiff's civil rights to be free from unlawful seizure and malicious prosecution.

51. Plaintiff suffered damages as a direct result of COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL conspiracy.

52. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BEYL are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

## COUNT TEN (10): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND DENIAL OF DUE PROCESS RIGHTS

53. On or around June 15, 2017, BARTHOLOMEW *alleged* Plaintiff violated a court order. CITY investigated and sought a misdemeanor charge of "Violating a Court Order" under Penal Code §166(a)(4).

54. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW sought "Bail" of $250K on the *alleged* misdemeanor charge. Bail was granted in the staggering amount of $53K. The *alleged* misdemeanor charge, Penal Code §166(a)(4) (Case no.: BAM-1702398), was dropped the day of trial, March 27, 2019. This was the third time COUNTY dropped their charge the day of trial.

55. There was no probable cause to bring the charge.

56. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW had no warrant, nor sought a warrant based on probable cause.

57. Plaintiff was physically arrested and had to post bond in the amount of $53K.

58. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW are liable to Plaintiff for unlawful seizure under the Fourth Amendment.

59. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW are liable to Plaintiff for violating due process for malicious prosecution under the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

**COUNT ELEVEN (11): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS**

60. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW all conspired with each other to violate Plaintiff's civil rights to be free from unlawful seizure and malicious prosecution.

61. Plaintiff suffered damages as a direct result of COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW conspiracy.

62. COUNTY, CITY, SIMPSON, WOLCOTT, TALOA and BARTHOLOMEW are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

**COUNT TWELVE (12): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE CAUSE TO SUPPORT SEIZURE AND DENIAL OF DUE PROCESS RIGHTS**

63. On or around July 17, 2017, CITY, MACIAS and PEATS arrested Plaintiff for an *alleged* violation by BEYL of *felony* assault with a deadly weapon, Penal Code §245 . Plaintiff had to post a $25K bond to be released from custody. Plaintiff was never charged with felony assault with a deadly weapon because there was no probable cause supporting it.   This was the fourth time CITY arrested Plaintiff and either never filed charges or dropped their charge the day of trial.

64. There was no probable cause to arrest Plaintiff on a felony charge and no felony charge was ever filed.

65. CITY, MACIAS and PEATS had no warrant nor sought a warrant based on probable cause.

66. Plaintiff was physically arrested and had to post bond in the amount of $25K.

67. CITY, MACIAS, PEATS and BEYL are liable to Plaintiff for unlawful seizure under the Fourth Amendment.

68. CITY, MACIAS, PEATS and BEYL are liable to Plaintiff for forcing Plaintiff to post excessive bond without probable cause in violation of the Eighth Amendment.

69. CITY, MACIAS, PEATS and BEYL are liable to Plaintiff for violating due process under the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

**COUNT THIRTEEN (13): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS**

70. CITY, MACIAS, PEATS and BEYL all conspired with each other to violate

Plaintiff's civil rights to be free from unlawful seizure and malicious prosecution.

Plaintiff suffered damages as a direct result of CITY, MACIAS, PEATS and BEYL

conspiracy.

71. CITY, MACIAS, PEATS and BEYL are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

**COUNT FOURTEEN (14): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT**

72. Plaintiff and BARTHOLOMEW are involved in a civil case that was/is being

litigated in Riverside County Superior Court-Open Civil, case# MCP-1601191,

CAHRAMAN was the judge. COUNTY Deputy Sheriff HALBEISEN was

CAHRAMAN'S court bailiff. DOKKO, DAVIS and RICHARDSON of the law firm

RO/RHO represented BARTHOLOMEW. DOKKO, DAVIS and RICHARDSON of

the law firm RO/RHO are also the attorneys and law firm of record for SOLERA.

SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS,

RICHARDSON and RO/RHO are all "alter egos" of each other under this count.

73. DOKKO, DAVIS and RICHARDSON of RO/RHO met numerous times with

CAHRAMAN and HALBEISEN in CAHRAMAN'S chambers and locked down

courtroom when it was not open to the public. In 2017 Plaintiff filed court papers

documenting this misconduct. CAHRAMAN, HALBEISEN, DOKKO, DAVIS,

RICHARDSON and RO/RHO all admitted on the record that DOKKO, DAVIS,

RICHARDSON and RO/RHO were in the locked down courtroom, but all denied that they discussed the case or were engaging in any misconduct concerning the case. In 2018 Plaintiff received documents from COUNTY that showed CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO were in fact discussing the case, in chambers and the locked down courtroom, and that their earlier denials of such misconduct were perjured lies, violating Plaintiff's right to Due Process of law under the Fourteenth Amendment.

74. SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO are liable to Plaintiff for their *ex parte* communications and unlawful misconduct with each other to the detriment of Plaintiff; and then concealing their deceit, temporarily, by making perjured statements on the record that they had not engaged in any misconduct. This prevented SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO unlawful acts from being discovered in a timely fashion, and almost never discovered, in violation of the Due Process Clause of the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT FIFTEEN (15): 42 USC SECTION 1985 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS

75. SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO all conspired with each other to violate Plaintiff's civil rights to Due Process of Law secured by the Fourteenth Amendment.

76. Plaintiff suffered damages as a direct result of SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO conspiracy.

77. SOLERA, BARTHOLOMEW, CAHRAMAN, HALBEISEN, DOKKO, DAVIS, RICHARDSON and RO/RHO are the proximate cause of the damages.

This reference incorporates the above paragraphs into the following counts.

**COUNT SIXTEEN (16): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF ACCESS TO THE COURTS AND DUE PROCESS UNDER THE FIRST AND FOURTEENTH AMENDMENTS**

78. Plaintiff was a defendant in a case held before "The Office of Administrative Hearings" ("OAH") in 2017. OAH is a quasi-judicial tribunal that hears administrative disputes between State and local licensing agencies that was established by the California Legislature. OAH provides Administrative Law Judges ("ALJ") to conduct hearings for State and local government agencies. Plaintiff has had numerous such hearings before the OAH and their ALJ, and Plaintiff has always found the OAH ALJ to be bias in favor of the State. Plaintiff has had multiple ALJ rulings reversed on appeal to the Superior Court.

79. Plaintiff had an adverse ALJ ruling in Los Angeles in 2017 and appealed it through the normal process, by a "Writ of Mandamus" ("APPEAL"). WEINTRAUB was the Presiding Judge for the Los Angeles County Superior Court and refused to calendar the APPEAL, violating Plaintiff's right of access to the courts under the First Amendment and to due process of law secured by the Fourteenth Amendment.

80. Plaintiff suffered damages and WEINTRAUB is the proximate cause and liable for said damages.

1    81. WEINTRAUB is liable to Plaintiff for violating his constitutionally protected right of

2        access to the courts under the First Amendment; and due process of law secured by

3        the Fourteenth Amendment.

4    This reference incorporates the above paragraphs into the following counts.

5    **COUNT SEVENTEEN (17): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF**

6    **CONSTITUTIONAL AND CIVIL RIGHTS-DENIAL OF ACCESS TO THE COURTS**
     **AND DUE PROCESS UNDER THE FIRST AND FOURTEENTH AMENDMENTS**

7    82. Plaintiff has attempted to file 13 lawsuits in the Riverside Superior Court pursuant to

8        Cal. C. of Civ. Pro. §391.7(c), since 2017. DUGAN and VINEYARD were/are the

9        "Presiding Judges" during this time period and were/are responsible for either

10       granting or denying the filing. DUGAN and VINEYARD have not granted, denied or

11       processed any of the 13 actions going back to 2017. On July 10, 2020, Plaintiff

12       submitted papers to file a lawsuit and included an "Emergency *Ex Parte* Application"

13       for an *emergency* hearing over issues that were causing irreparable harm to Plaintiff

14       and needed immediate action. Plaintiff wanted that hearing to have been held within

15       2-5 days of submitting the papers on July 10, 2020. Despite the *emergency* filing on

16       July 10, 2020, as with the previous 13 actions going back to 2017 there was no

17       response by DUGAN or VINEYARD. It has been 31 days with no response from

18       DUGAN or VINEYARD. The identical and the very same response from DUGAN

19       and VINEYARD as the previous 13 actions filed by Plaintiff in the last three and a

20       half (3.5) years; which is no response. Five (5) days later, on July 14, 2020, Plaintiff

21       filed an *emergency* petition for a Writ of Mandamus ("WRIT") in the District Court

22       of Appeal ("DCA"). Once again, despite the need for an *emergency* hearing, there

23       was no *emergency* reply. The DCA did not take any action until a week later, when

COMPLAINT - 16                                    Paul Hupp Case No.: 20-CV-

on July 21, 2020, the DCA asked Plaintiff to file yet more paperwork, which Plaintiff complied with and filed that same day because of the *emergency* nature of the action. After waiting yet *another week* with no reply Plaintiff filed a third paper with DCA on July 27, 2020, noting the *emergency* nature and asked for an immediate ruling. The DCA filed a ruling July 28, 2020, DENYING the WRIT, but not on the merits, the DCA *alleged* they could not grant WRIT because they alleged needed yet more information from Plaintiff, information that was not asked for in their July 21, 2020, Order. But instead of allowing Plaintiff to try to cure any perceived deficiencies, deficiencies that DCA failed to seek in their original order, DCA closed the case without giving Plaintiff a chance to comply. Plaintiff established through the information DCA put in their July 21, 2020, Order that DCA and DUGAN/VINEYARD/Trial Court were having *ex parte* communications because DCA made statements that were not in the record filed at DCA. The only way the DCA could have learned of such information was by having *ex parte* communications with DUGAN/VINEYARD/Trial Court. Plaintiff asked DCA to re-open the case, and to disqualify itself *for cause* based on their *ex parte* communications with DUGAN/VINEYARD/Trial Court. DCA refused to reopen the case.

83. Plaintiff then re-drafted that lawsuit to file with this Court, with additional actions against DUGAN and VINEYARD for violating Plaintiff's constitutionally protected right of access to the courts under the First Amendment. That action was then filed with this court on Monday, August 17, 2020, with an *emergency ex parte* application, just as Plaintiff sought, on an *emergency* basis, more than a month prior in the state court.

84. Plaintiff suffered damages as a result of DUGAN and VINEYARD failing to rule on, or process in any manner whatsoever, the 13 lawsuits Plaintiff has attempted to file going back 3.5 years, to 2017, plus the action filed on July 21, 2020.

85. DUGAN and VINEYARD are the proximate cause of, and liable, for said damages.

86. DUGAN and VINEYARD are liable to Plaintiff for violating his constitutionally protected right of access to the courts under the First Amendment; and violating due process of law secured by the Fourteenth Amendment.

This reference incorporates the above paragraphs into the following counts.

## COUNT EIGHTEEN (19): 42 USC SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-SEIZURE OF THE PERSON, LACK OF PROBABLE IN VIOLATION OF THE FOURTH AMENDMENT

87. On or around May 7, 2019, COUNTY unlawfully seized and detained Plaintiff without probable cause.

88. Plaintiff suffered damages from COUNTY unlawful action, and COUNTY was the proximate cause of the action.

89. COUNTY is liable to Plaintiff for an unlawful seizure of the person in violation of the Fourth Amendment.


## COUNT NINETEEN (19): DECLARATORY RELIEF

90. DECLARE Cal. C. of Civ. Pro. §391.7(c) is unconstitutional "as applied" by the actions/inactions of COUNTY, DUGAN and VINEYARD.

91. DECLARE Cal. C. of Civ. Pro. §391.7(c) is unconstitutional vague, ambiguous and overly broad.

COMPLAINT - 18                                    Paul Hupp Case No.: 20-CV-

92. DECLARE that Plaintiff's speech that is the subject of the four (4) count felony information in pending case RIF-1902599 is constitutionally protected free speech secured by the First Amendment.

93. DECLARE that COUNTY'S pending misdemeanor case RIM-1913990 was brought in retaliation for Plaintiff's free speech rights and is a direct violation of: 1) the First Amendment; and 2) the Federal Right to a Speedy Trial secured by the Sixth Amendment.

94. DECLARE PHILLIPS ruling in Case No.: EDCV-16-00370 VAP (SP) declaring Plaintiff a "vexatious litigant", a violation of the FRCP based on issue preclusion and collateral estoppel. PHILLIPS list of cases were the exact same cases used in the "vexatious litigant" motion that was filed April 27, 2012[1], against Plaintiff by Cheryl Brierton, a supervising Deputy Attorney General ("DAG") for the State of California, before Presiding United States District Court Judge for the Southern District of California, Judge Irma E. Gonzalez. Judge Gonzalez refused to make the "finding" requested that Plaintiff was a "vexatious litigant". In fact Judge Gonzalez would not even make the finding that the statements in the referenced cases are factually true. PHILLIPS just re-litigated the exact same issue that had been ruled on, and denied, prior by Judge Irma Gonzales April 27, 2012, ORDER.

This reference incorporates the above paragraphs into the following counts.

**COUNT TWENTY (20): INJUNCTIVE RELIEF**

95. ENJOIN COUNTY, including TALOA, from prosecuting pending cases RIF-1902599 and RIM-1913990.

---

[1] *See* Hupp v San Diego County et al, 12-cv-492, Docket #24.

COMPLAINT - 19                                        Paul Hupp Case No.: 20-CV-

96. ENJOIN COUNTY, including TALOA, from filing any new criminal *allegation/s* against Plaintiff and mandating that any criminal *allegation/s* be forwarded to the Office of Attorney General of California for review of charges and any criminal filing. Support for such an injunction is warranted based on the prior seven (7) criminal cases with 13 different violations, and virtually every single case and all counts: 1) dropped the day of trial; 2) dismissed at preliminary hearing based on the "Litigation Privilege"; 3) dismissed at opening argument, but after a jury had been picked and sworn in, because the statute of limitations had run; 4) dismissal that is warranted based on the pending motions to dismiss under: a) free speech; b) federal speedy trial and c) the "Litigation Privilege".

97. Further buttressing such an injunction is that on or around <u>May 29, 2020,</u> TALOA stated to Plaintiff's attorney that TALOA and COUNTY were considering filing new charges against Plaintiff based on speech TALOA attributed to Plaintiff, speech which was, and is, constitutionally protected under the First Amendment. Given the history of COUNTY, CAHRAMAN, DUGAN, VINEYARD, GREENE, TALOA and several other COUNTY judges of: 1) filing of multiple cases and charges that are either dismissed by COUNTY the day of trial, dismissed at preliminary hearing or dismissed at opening statements due to the statute of limitations having run; 2) seeking excessive bond; 3) and such excessive bond then rubber stamped/granted by COUNTY despite failing to comply with statutory law under PC §1269c, as required in COUNTY seeking any bond increase whatsoever above the posted schedule. Given this legion of past actions/misconduct engaged in by COUNTY, TALOA and COUNTY judges it is appropriate that COUNTY and TALOA be ENJOINED from

being allowed to file any further criminal actions against Plaintiff, and instead forward any allegations to the AG Office for review and possible filing.

98. ENJOIN COUNTY, GREENE and TALOA from blocking access to public courts in violation of the First Amendment.

99. ENJOIN COUNTY, CAHRAMAN, DUGAN, VINEYARD and GREENE from hearing any civil or criminal case/motions/papers involving Plaintiff whatsoever and transfer any cases current and future cases to San Bernardino County. Two (2) criminal cases have already been transferred to San Bernardino County, RIF-02599 and RIM-1903181 as a result of COUNTY, CAHRAMAN, DUGAN and VINEYARD misconduct.

100.    ENJOIN COUNTY from seeking excessive bond in violation of the Eighth Amendment.

101.    MANDATE that COUNTY review and process any civil papers that Plaintiff submits for processing within 21 days.

102.    MANDATE PHILLIPS remove Plaintiff from the "vexatious litigant" list forthwith.

This reference incorporates the above paragraphs into the following counts.

### COUNT TWENTYONE (21): INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE CLAIM)

103.    The DEFENDANTS in this action engaged in numerous civil wrongs as outlined in this COMPLAINT, including engaging in intentional and reckless conduct. These acts by DEFENDANTS were beyond the bounds of human decency. DEFENDANTS did these acts knowingly, willfully, intentionally and maliciously, with the intent to cause Plaintiff severe emotional distress and mental anguish.

104.    DEFENDANTS conduct was both extreme and outrageous. As a direct

and proximate cause of this extreme and outrageous conduct by DEFENDANTS,

stated *supra*, Plaintiff suffered extreme emotional and psychological distress.

DEFENDANTS' actions also caused embarrassment, humiliation, shame, fright,

fear, and grief in Plaintiff, and DEFENDANTS actions were more than a

reasonable person could endure.

105.    Plaintiff has suffered severe and extreme emotional and psychological

distress.

106.    Said illegal actions by DEFENDANTS were unreasonable, performed

knowingly, willfully, intentionally, deliberately, with deliberate indifference,

maliciously, with gross negligence, callousness, indecency and with reckless

disregard and indifference to the laws of the state of California.

107.    Defendants are liable for their malicious actions damaging Plaintiff.

## PRAYER FOR RELIEF

ON THESE ABOVE LISTED GROUNDS, Plaintiff Paul Hupp prays that this Honorable

United States District Court grant judgment in his favor and against DEFENDANTS as follows;

1.  For compensatory, special and general damages according to proof, but

exceeding $1,000,000;

2.  For punitive and exemplary damages according to proof;

3.  For prejudgment and post judgment interest;

4.  For declaratory and injunctive *supra*, including preventing DEFENDANTS

from engaging in the conduct that gives rise to this action, including: 1)

DECLARING Plaintiff's free speech is constitutionally protected; 2)

enjoining and dismissing the pending felony case of COUNTY as violating

Plaintiff's free speech under the First Amendment; 3)  enjoining and

dismissing the pending misdemeanor case of COUNTY against Plaintiff as

violating the federal right to speedy trial and as retaliation against Plaintiff for

exercising his constitutionally protected right of free speech under the First

Amendment; 3) enjoining COUNTY from filing any new criminal

*allegation/s* against Plaintiff and mandating that any criminal *allegation/s* be

forwarded to the Office of Attorney General of California for review of

charges and filing in San Bernardino County if warranted; 2) enjoining

COUNTY, GREENE and TALOA from blocking access to public courts in

violation of the First Amendment; 3) enjoining COUNTY, CAHRAMAN,

DUGAN, VINEYARD and GREENE from hearing any civil or criminal

case/motions/papers involving Plaintiff whatsoever; 4) enjoining COUNTY

from seeking excessive bond in violation of the Eighth Amendment.

5.  All fees, costs and expenses for the bringing of this claim, including but not

limited to, all attorney fees and costs provided for under 42 U.S.C. Section

1988.

6.  All other appropriate legal and equitable relief.

## RIGHT TO AMEND

Plaintiff hereby expressly reserves the right to amend this action to include any actions

arising from discovery and to add in Roe defendants.

## JURY DEMAND

Plaintiff requests trial by jury on all genuine and disputed issues of material fact in this

case.

Dated this 10th day of August, 2020

COMPLAINT - 23                                        Paul Hupp Case No.: 20-CV-

1

2        /s/ Paul Hupp
         Paul Hupp
3        965 Hidden Oaks Drive
         Beaumont, CA. 92223
4        *In Propria Persona*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 24                           Paul Hupp Case No.: 20-CV-

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

PPaul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223

LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

ATTORNEY(S) FOR: Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Paul Hupp | CASE NUMBER: |
|---|---|
| Plaintiff(s), | 20-CV- |
| v. | |
| County of Riverside et al (See Attached Facepage) | CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1) |
| Defendant(s) | |

TO:     THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for _____     Paul Hupp _____
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Paul Hupp | Plaintiff |

8-10-2020
Date

Signature

Attorney of record for (or name of party appearing in pro per):

_____

CV-30 (05/13)                     NOTICE OF INTERESTED PARTIES

1    Paul Hupp
     965 Hidden Oaks Drive
2    Beaumont, CA. 92223
     *In Propria Persona*
3

4                    UNITED STATES DISTRICT COURT

5                    CENTRAL DISTRICT OF CALIFORNIA

6    **Paul Hupp,**                           )
                                               )
7                    Plaintiff,                )
                                               )
8             v.                               )   Case No.: 20-CV-
                                               )
9    **County of Riverside,**                  )
     **City of Beaumont,**                     )
10   **Solera Oak Valley Greens Association,** )
     **Richardson Harman Ober, PC,**           )
11   **Richardson Ober, PC,**                  )
     **Thomas Harry Cahraman,**                )
12   **Rebecca Lynn Dugan,**                   )
     **John Washburne Vineyard,**              )   **COMPLAINT AND DEMAND FOR JURY**
13   **Carol Anne Greene,**                    )   **TRIAL**
     **Debre Katz Weintraub,**                 )
14   **Samiuela F. Taloa,**                    )
     **Wanda Joyce Bartholomew,**              )
15   **Richard Allen Beyl,**                   )
     **Kelly Gene Richardson,**                )
16   **Jonathan Robert Davis,**               )
     **Theodore Hyun Dokko,**                  )
17   **Todd Halbeisen,**                       )
     **Miguel Macias,**                        )
18   **Lyndon Peats,**                         )
     **John Simpson,**                         )
19   **Wayne Wolcott,**                        )
     **Virginia Anne Phillips,**               )
20   **Roes 1-10,**                            )
     Individually, Individually, Jointly, Jointly and )
21   Severally,                                )
                                               )
22                   Defendants.               )
                                               )
23   _____)

24

25

---

COMPLAINT - 1                                      Paul Hupp Case No.: 20-CV-

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223



LODGED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Paul Hupp | CASE NUMBER |
| | 20-CV- |
| PLAINTIFF/PETITIONER, | |
| v. | REQUEST TO PROCEED |
| County of Riverside et al | IN FORMA PAUPERIS WITH |
| (See Attached Facepage)          DEFENDANT(S). | DECLARATION IN SUPPORT |

I, Paul Hupp_____, declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.  Are you presently employed? ☐Yes   ☑No

   a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. August 8-2010, washed neighbors car, $25

2.  Have you received, *within the past twelve months*, any money from any of the following sources?

   a. Business, profession or form of self-employment?   ☐Yes  ☑No

   b. Rent payments, interest or dividends?   ☐Yes  ☑No

   c. Pensions, annuities or life insurance payments?   ☐Yes  ☑No

   d. Gifts or inheritances?   ☐Yes  ☑No

   e. Any other income (other than listed above)?   ☐Yes  ☑No

   f. Loans?   ☑Yes  ☐No

If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: Borrowed $1200 from neighbor to pay utility bills

---

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐Yes ☑No

If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☑Yes ☐No

If the answer is yes, describe the property and state its approximate value: _____

 Own 1986 Nissan Truck- $500

5. In what year did you last file an Income Tax return? 2010

Approximately how much income did your last tax return reflect? $5,000

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

 Just myself and my rescue animals

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

| CA | Riverside |
|---|---|
| State | County (or City) |

I, Paul Hupp _____, declare under penalty of perjury that the
foregoing is true and correct.

| 8-10-2020 | *[signature]* |
|---|---|
| Date | Plaintiff/Petitioner (Signature) |

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3

4              UNITED STATES DISTRICT COURT

5              CENTRAL DISTRICT OF CALIFORNIA

6  **Paul Hupp**,                          )
                                           )
7              Plaintiff,                   )
                                           )
8        v.                                 )   Case No.: 20-CV-
                                           )
9  **County of Riverside,**                )
   **City of Beaumont,**                   )
10 **Solera Oak Valley Greens Association,**)
   **Richardson Harman Ober, PC,**         )
11 **Richardson Ober, PC,**                )
   **Thomas Harry Cahraman,**              )
12 **Rebecca Lynn Dugan,**                 )
   **John Washburne Vineyard,**            )   **COMPLAINT AND DEMAND FOR JURY**
13 **Carol Anne Greene,**                  )   **TRIAL**
   **Debre Katz Weintraub,**               )
14 **Samiuela F. Taloa,**                  )
   **Wanda Joyce Bartholomew,**            )
15 **Richard Allen Beyl,**                 )
   **Kelly Gene Richardson,**              )
16 **Jonathan Robert Davis,**              )
   **Theodore Hyun Dokko,**                )
17 **Todd Halbeisen,**                     )
   **Miguel Macias,**                      )
18 **Lyndon Peats,**                       )
   **John Simpson,**                       )
19 **Wayne Wolcott,**                      )
   **Virginia Anne Phillips,**             )
20 **Roes 1-10,**                          )
   Individually, Individually, Jointly, Jointly and )
21 Severally,                              )
              Defendants.                   )
22
23

24

25

COMPLAINT - 1                         Paul Hupp Case No.: 20-CV-

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul Hupp<br>965 Hidden Oaks Drive<br>Beaumont, CA 92223 | County of Riverside et al<br>(See Attached Facepage) |

**(b)** County of Residence of First Listed Plaintiff  Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Riverside
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul Hupp
965 Hidden Oaks Drive     951 769 1268
Beaumont, CA 92223   PAUL Hupp @ G mAIL . com

Attorneys *(If Known)*
UKN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Violations of, inter alia, First Amendment

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER |
|---|---|---|---|---|

| DATE<br>08/10/2020 | SIGNATURE OF ATTORNEY OF RECORD<br>*[signature]* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

1

Paul Hupp
965 Hidden Oaks Drive

2

Beaumont, CA. 92223
*In Propria Persona*

3

4

UNITED STATES DISTRICT COURT

5

CENTRAL DISTRICT OF CALIFORNIA

6

**Paul Hupp,**

7

Plaintiff,

8

v.                                          Case No.: 20-CV-

9

**County of Riverside,**

10

**City of Beaumont,**
**Solera Oak Valley Greens Association,**

11

**Richardson Harman Ober, PC,**
**Richardson Ober, PC,**

12

**Thomas Harry Cahraman,**
**Rebecca Lynn Dugan,**

13

**John Washburne Vineyard,**          **COMPLAINT AND DEMAND FOR JURY**
**Carol Anne Greene,**                **TRIAL**

14

**Debre Katz Weintraub,**

15

**Samiuela F. Taloa,**
**Wanda Joyce Bartholomew,**

16

**Richard Allen Beyl,**
**Kelly Gene Richardson,**

17

**Jonathan Robert Davis,**
**Theodore Hyun Dokko,**

18

**Todd Halbeisen,**
**Miguel Macias,**

19

**Lyndon Peats,**
**John Simpson,**

20

**Wayne Wolcott,**
**Virginia Anne Phillips,**

21

**Roes 1-10,**
Individually, Individually, Jointly, Jointly and

22

Severally,

Defendants.

23

24

25

COMPLAINT - 1                              Paul Hupp Case No.: 20-CV-

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| Paul Hupp | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  20-cv- |
| | ) | |
| County of Riverside et al | ) | |
| (See Attached Facepage) | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  965 Hidden Oaks Drive
Beaumont, CA 92223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA 92223

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____          _____
*Signature of Clerk or Deputy Clerk*

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Paul Hupp,                                                )
                                                         )
            Plaintiff,                            )
                                                         )
       v.                                     )   Case No.: 20-CV-
                                                         )
County of Riverside,                                      )
City of Beaumont,                                         )
Solera Oak Valley Greens Association,                     )
Richardson Harman Ober, PC,                               )
Richardson Ober, PC,                                      )
Thomas Harry Cahraman,                                    )
Rebecca Lynn Dugan,                                       )
John Washburne Vineyard,                                  )   **COMPLAINT AND DEMAND FOR JURY**
Carol Anne Greene,                                        )   **TRIAL**
Debre Katz Weintraub,                                     )
Samiuela F. Taloa,                                        )
Wanda Joyce Bartholomew,                                  )
Richard Allen Beyl,                                       )
Kelly Gene Richardson,                                    )
Jonathan Robert Davis,                                    )
Theodore Hyun Dokko,                                      )
Todd Halbeisen,                                           )
Miguel Macias,                                            )
Lyndon Peats,                                             )
John Simpson,                                             )
Wayne Wolcott,                                            )
Virginia Anne Phillips,                                   )
Roes 1-10,                                                )
Individually, Individually, Jointly, Jointly and         )
Severally,                                                )
           Defendants.                         )

COMPLAINT - 1                                    Paul Hupp Case No.: 20-CV-

Hupp v.  County of Riverside et al, *et al*
9th Circuit Case No.: 20-
Central District of CA Case No.: (No Case No. assigned) VAP (SP)

# Exhibit #2

ATES DISTRICT COURT
AL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIFORNIA 90012

———

**OFFICIAL BUSINESS**



Hupp v.  County of Riverside et al, *et al*
9th Circuit Case No.: 20-
Central District of CA Case No.: (No Case No. assigned) VAP (SP)

# Exhibit #3

1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   *In Propria Persona*
3

4                    UNITED STATES DISTRICT COURT

5                    CENTRAL DISTRICT OF CALIFORNIA

6

7                                          )
                                           )
8  **Paul Hupp**,                          )
                                           )
9              Plaintiff,                   )
                                           )   Case No.: CV-20-
10         v.                              )
                                           )
11 **County of Riverside,**               )
   **City of Beaumont,**                   )
12 **Solera Oak Valley Greens Association,** )
   **Richardson Harman Ober, PC,**          )
13 **Richardson Ober, PC,**                )   **PLAINTIFF PAUL HUPP'S NOTICE OF**
   **Thomas Harry Cahraman,**              )   **EMERGENCY** *EX PARTE* **APPLICATION**
14 **Rebecca Lynn Dugan,**                 )   **PURSUANT TO LOCAL RULE 7-19 FOR**
   **John Washburne Vineyard,**            )   **TEMPORARY RESTRAINING ORDER;**
15 **Carol Anne Greene,**                  )   **MOTION FOR PERMANENT**
   **Debre Katz Weintraub,**               )   **INJUNCTION; POINTS AND**
16 **Samiuela F. Taloa,**                  )   **AUTHORITIES; DECLARATION IN**
   **Wanda Joyce Bartholomew,**            )   **SUPPORT (ORAL ARGUMENT**
17 **Richard Allen Beyl,**                 )   **REQUESTED)**
   **Kelly Gene Richardson,**              )
18 **Jonathan Robert Davis,**              )   Time:
   **Theodore Hyun Dokko,**                )   Date:
19 **Todd Halbeisen,**                     )   Courtroom:
   **Miguel Macias,**                      )   Judge:
20 **Lyndon Peats,**                       )
   **John Simpson,**                       )
21 **Wayne Wolcott,**                      )
   **Virginia Anne Phillips,**             )
22 **Roes 1-10,**                          )
23 Individually, Individually, Jointly, Jointly and )
   Severally,                              )
24              Defendants.                )
                                           )
25

                                   -1-                    Paul Hupp

# I
## Introduction

To the United States District Court for the Central District of California ("COURT"),

Defendants County of Riverside ("COUNTY"), City of Beaumont ("CITY"), Solera Oak Valley

Greens Association ("SOLERA"), Richardson Harman Ober, PC ("RHO"), Richardson Ober PC

("RO"), Thomas Harry Cahraman ("CAHRAMAN"), Rebecca Lynn Dugan ("DUGAN"), John

Washburne Vineyard ("VINEYARD"), Carol Anne Greene ("GREENE"), Debre Katz

Weintraub ("WEINTRAUB"), Samiuela F. Taloa ("TALOA"), Wanda Joyce Bartholomew

("BARTHOLOMEW"), Richard Allen Beyl ("BEYL"), Kelly Gene Richardson

("RICHARDSON"), Jonathan Robert Davis ("DAVIS"), Theodore Hyun Dokko ("DOKKO"),

Todd Halbeisen ("HALBEISEN"), Miguel Macias ("MACIAS"), Lyndon Peats ("PEATS"),

John Simpson ("SIMPSON"), Wayne Wolcott ("WOLCOTT") Virginia Anne Phillips

("PHILLIPS") and Roes 1-10 (collectively "DEFENDANTS") and all other parties of interest,

pursuant to Local Rule 7-19, Plaintiff Paul Hupp ("Plaintiff") HEREBY GIVES Notice of

Emergency *Ex Parte* to issue a temporary restraining order ("TRO") to stay and enjoin

DEFENDANTS, based on irreparable harm caused to Plaintiff by DEFENDANTS, from any

further criminal prosecution of Plaintiff in State Court by COUNTY, including TALOA. This

includes, but is not limited to cases, RIF-1902599 and RIM-1913990.

Plaintiff further seeks a motion date for a permanent injunction after notice and

opposition. The TRO will remain in effect until COURT has heard argument and can make a

ruling to grant or deny a permanent injunction. Hearing will be held at 9:00 AM in Dept.:   , at

1  the United States District Court for the Central District of California, Eastern Division,

2  Riverside, CA, 92501[1].

3  ## II
   ## Memorandum of Points and Authorities

5  This request for TRO concerns ongoing collusion between COUNTY, Deputy District

6  Attorney TALOA and multiple Riverside County Superior Court judges; including

7  CAHRAMAN, DUGAN and VINEYARD who have colluded with COUNTY and TALOA to

8  file multiple felony criminal charges in case RIF-1902599, all of which lack "probable cause"

9  ("PC"). RIF-1902599 lacks PC because the felony charges are based on free speech;

10 constitutionally protected free speech under the First Amendment. In addition to the felony

11 charge, COUNTY has filed a misdemeanor charge, RIM-1913990, that was direct retaliation

12 against Plaintiff's free speech, and clearly violates the Federal Right to a speedy trial secured by

13 the Sixth Amendment. COUNTY has filed six (6) different criminal cases against Plaintiff since

14 2013, five (5) since 2017, with 13 different charges. Two (2) of the six (6) cases, RIF-1902599

15 and RIM-1913990, are still pending. Of the prior four (4) cases, the first (1) case was dropped

16 the day of trail; the second (2) case was dropped the day of trial, the third (3) case was dropped

17 the day of trial, the fourth (4) case was thrown out by the judge after the jury had been sworn

18 because the statute of limitation ("SoL") had expired. Of the five (5) different charges in RIF-

19 1902599, the original single charge of Penal Code §76a- "Threatening a Public official"

20 ("§76a"), filed June 20, 2019, was dismissed at preliminary hearing on December 2, 2019, for

21 violating the "Litigation Privilege" ("PRIVILEGE") under Civil Code §47(b) ("§47(b)"). §76a

24  _____

25  [1] As of today the COURT is closed down due to COVID-19 and all parties should expect to participate in the *Ex Parte* Hearing telephonically. Whether appearance is in person or telephonically, the parties will be notified 24 hours in advance by Plaintiff on how to appear.

would have been dismissed in any event because §76a is facially, and "as applied",

unconstitutional. §76a violates the constitutionally protected free speech under the First

Amendment. §76a lacked PC to file because it is privileged under §47(b). Three (3) days after

§76a was tossed out, December 5, 2019, misdemeanor case BAM-1903181 was thrown out

because the SoL had expired, but only after a jury had been picked and sworn in. BAM-1903181

also lacked PC to file because the SoL had expired. 10 days after §76a was tossed out, December

12, 2019, COUNTY filed an information alleging four (4) new felony charges, all four (4) new

violations in RIF-1902599 were filed under Penal Code §69- "Resisting an Executive Officer"

("§69"). The four (4) §69 charges all lack PC because they were based on speech,

constitutionally protected free speech under the First Amendment. And even if the speech was

not protected, the factual circumstances were identical to the §76a charge, the speech was

contained in legal papers filed in litigation with the Court Clerk, which means §69 charges, like

the prior §76a charge, lacked PC to file because it is privileged under §47(b).

The same day that the four (4) new §69 violations were filed in RIF-1902599, December

12, 2019, COUNTY filed a new misdemeanor case, RIM-1913990. RIM-1913990 had the exact

same *alleged* victim and the exact same charge as in BAM-1903181, the case that had been

tossed out after a jury had been picked and sworn in just a week prior, December 5, 2019. But

the *alleged* charges in RIM-1913990 occurred on December 17, 2018, which means the charge

was on day number 360 of the 365 day SoL. RIM-1913990 violates a legion of State laws,

including PC §1050.

### 1.  All Speech Is Protected Except Eight (8) Narrowly Tailored Categories

RIF-1902599 allege felony charges of §69. Alleged felonies based purely on speech;

written words. Speech consisting only of written words and nothing more. Words that on their

face do not constitute any unlawful conduct. The alleged felony charges are not supported by PC because they are 100% protected under the First Amendment of the United States Constitution.

Exceptions to "Free Speech" in the United States fall into eight (8) very specific, and very limited, categories of speech. These categories of speech that are given lesser, or no protection at all by the First Amendment are extremely limited in scope and breadth. They are all narrowly tailored. Speech that is not protected by the First Amendment are: 1) **obscenity**; 2) **fraud**; 3) **child pornography**; 4) **speech integral to illegal conduct**; 5) **speech that incites imminent lawless action**; 6) **speech that violates/infringes intellectual property**; 7) **true threats (criminal threats):** and 8) **commercial speech**. The Supreme Court of the United States, under the First Amendment of the United States Constitution, protects legitimate "Free Speech", allowing for limitations of speech only if they encompass one (1) or more of those eight (8) enumerated, very specific, narrowly drawn and limited categories of unprotected speech. All other speech will be considered "Free Speech". All speech is therefore "Free Speech" unless it clearly, distinctly and unequivocally falls into one (1) or more of the eight (8) limited categories of unprotected speech. Any state or federal law that infringes on speech will be deemed invalid, and unlawful, unless the speech clearly, distinctly and unequivocally fall into one (1) or more of the eight (8) limited categories of unprotected speech. The United States Constitution is the supreme law of the land under the "Supremacy Clause" of the United States Constitution. The First Amendment of the United States Constitution is superior to all state and federal statutes. It is superior to all county and local statutes. It is superior to all municipal statutes. If a state or federal statute infringes on any speech, and that speech does NOT fall into one (1) or more of those eight (8) limited categories of unprotected speech, then said speech is deemed "Free Speech" and it is constitutionally protected and the statute is invalid, not the "Free

Speech". Likewise, any county, local or municipal statute that infringes on speech that does not clearly, distinctly and unequivocally fall into one (1) or more of those eight (8) categories of unprotected speech violates the First Amendment of the United States Constitution and is per se unconstitutional. Plaintiff's speech were statements made in legal pleadings to the effect that if DUGAN and VINEYARD refused grant or deny his submitted papers he would meet with them in person to get a ruling, one way or the other. Plaintiff's argument was drafted and filed in a motion to dismiss more than six (6) months ago and has still not received a hearing date; that motion is attached as "Exhibit #1".

2. **Federal Court Intervention Based on "BAD FAITH" Prosecution; Federal Restraint of State Courts by Federal Injunctions Allowed for "BAD FAITH" Prosecutions; Anti-Injunction Act Does Not Apply to "BAD FAITH" Prosecutions**

The SCOTUS has ruled that a federal court may enjoin a State from a criminal prosecution if the statute being charged infringes on First Amendment (freedom of speech, access to the courts) rights and is a result of a BAD FAITH filing/prosecution. Such a state BAD FAITH prosecution will be enjoined when an overbroad statute, a statute that reaches both protected and unprotected expression and conduct, such as the speech in this case, might/does critically impair the exercise of constitutionally protected rights; allowing a federal court to enjoin the State thereof.

Furthermore, it is clear in this action that the *alleged* criminal conduct is not met by the "probable cause" standard, or any standard whatsoever. That in and of itself is BAD FAITH. So the mere fact that the State has brought this criminal action, without "probable cause", and has been able to keep it in the court system for more than one (1) year, establishes that it is over broad, or at least is being used in such a manner by the State.

The mere **threat** of BAD FAITH prosecution under such an overbroad statute can invoke federal court injunctions:

"…may deter . . . almost as potently as the actual application of sanctions. . . ." See Dombrowski v. Pfister, 380 U.S. 479,486 (1965).

In such cases courts could no longer embrace:

"[t]he assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights," because: 1) the mere threat of prosecution; 2) or the long wait between prosecution and final vindication could result in a "chilling effect upon the exercise of First Amendment rights." See Dombrowski at 487.

This principle established by the SCOTUS was two-phased:

"1) a federal court should **not** abstain when there is a facially unconstitutional statute infringing upon speech and application of that statute discourages protected activities; and 2) the court should **enjoin** the state proceedings when there is a prosecution, *or even* **the threat of prosecution**, under an overbroad statute regulating expression, if the prosecution **or threat of prosecution** chills the exercise of freedom of expression." *See* Cameron v. Johnson, 381 U.S. 741 (1965); Cameron v. Johnson, 390 U.S. 611 (1968).

Dombrowski allows Federal Courts to enjoin State Courts in criminal prosecutions in very limited circumstances. Those limited circumstances are met in the fraudulent prosecution of RIF-1902599. These fundamental rights were reaffirmed two (2) years later in Zwickler v. Koota, 389 U.S. 241 (1967). **In Zwickler the SCOTUS deemed abstention improper**. *See* Zwickler at 248-252.

Dombrowski was limited and narrowed under Younger v. Harris, 401 U.S. 37 (1971), but not reversed. The limitations imposed under Younger would not apply in this action because Plaintiff has alleged, and documented, *multiple/repeated bad faith criminal prosecutions* by DA, and even more bad faith acts (and collusion with DA) by multiple Riverside County Judges.  If RIF-1902599 and the other six (6) cases and 12 different charges brought by COUNTY was "good faith" enforcement of California's criminal laws there would not be a problem; the

problem is ALL six (6) of the cases and all 12 different charges have gone to trial, only to be dropped by COUNTY the day of trial, dropped after the jury was sworn in in case BAM-1903181 because the SoL had expired, or dismissed at the preliminary hearing  with the §76a charge. The multiple bad faith prosecutions of Plaintiff form a "pattern of harassment" that entitles Plaintiff to federal injunctive relief and is exempt from Younger. The *multiple/repeated bad faith criminal prosecutions* by COUNTY against Plaintiff are unparalleled.

"The Anti-Injunction Act" ("ACT"; *See* 28 U.S.C. § 2283) prevents Federal Courts from enjoining State Court criminal prosecutions in nearly all cases; one (1) of the few exceptions is when a State *threatens* to criminally prosecute in *violation of* First Amendment rights, such as free speech or access to the Courts. RIF-1902599 has multiple violations free speech, the main exception to The Anti-Injunction Act. In addition COUNTY and TALOA have stated they may file more felony charges against Plaintiff concerning his speech, speech that is identical to the speech here, constitutionally protected free speech under the First Amendment.

### 3.  **Violation of Federal Speedy Trial Under Sixth Amendment**

The Federal speedy trial analysis is completely different from the State speedy trial analysis, under the  Federal speedy trial analysis a defendant need not show any prejudice at all, a mere delay by the prosecution that is unwarranted is enough. Barker v. Wingo, 407 U.S. 514 (1972) is the leading case on the Federal right to speedy trial and includes a four (4) factor analysis. The Barker analysis uses four (4) factors to be considered in determining whether a criminal defendant's constitutional right to a speedy trial has been violated: "[1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." *See* Barker at 530. The first two (2) Barker factors, the "length of the delay" and the prosecuting attorneys "reason for the delay", weighs heavily in the Barker analysis.

Length of Delay

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *See* <u>Barker</u> at 530.analysis. "The first of these is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay [citation] since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.   [Citation.]   This latter enquiry is significant to the speedy trial analysis because . . . the presumption that pretrial delay has prejudiced the accused intensifies over time." (*Doggett v. United States* (1992) 505 U.S. 647, 651-652.)  A delay of one year can create a presumption of prejudice.  (*Id.* at pp. 655-656; *People v. Williams* (2013) 58 Cal.4th 197, 234-235 [seven year delay in bringing a capital case was presumptively prejudicial].)

\*\*\*

"Under the federal Constitution, **the defendant need not identify any specific prejudice from an unreasonable delay in bringing the defendant to trial after the speedy trial right has attached**. *See* <u>Moore v Arizona</u> 414 U.S. 25, 26 (1973) Instead, **delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases**. *See* <u>Doggett v. United States</u>, 505 U.S. 647, 651-652, 656-657 (1992); *see also* <u>Leaututufu v. Superior Court</u>, 202 Cal.App.4[th] Supp. 1, 8 (2011), ["it is important to distinguish between (i) the prejudice required to initiate a *Barker* analysis (**presumed prejudice is sufficient**), and (ii) the prejudice that the court considers when engaging in the *Barker* four factor analysis (prejudice is required, but **extreme delay in light of the charge can create a conclusive presumption of such prejudice**)"].) Bold and underline added.

Delay in and of itself is "prejudice" under <u>Barker</u>. RIM-1913990 was filed on day number 360 of a 365 day SoL. "The presumption that pretrial delay has prejudiced the accused intensifies "over time", and "delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases…" Unless COUNTY can give a valid reason for the "uncommonly long" delay in filing RIM-1913990 under the second prong of <u>Barker</u> RIM-1913990 must be dismissed for violating the Federal right to a speedy trial. The "uncommonly long" delay was because it was retaliation against Plaintiff's speech by COUNTY.

## III
## Conclusion

For the reasons set forth *supra* Plaintiff prays that the COURT GRANT Plaintiff's Emergency *Ex Parte* Application and TRO, to prevent irreparable harm being caused to Plaintiff, until a full hearing on the merits can be held and a ruling on a permanent injunction is granted or denied.

## IV
## Declaration

I, **Paul Hupp**, the above-entitled Respondent, declare the following;

1. I have personal knowledge of all statements and exhibits in this declaration.

2. If called upon to testify to this declaration in a court of competent jurisdiction I could and would testify to everything stated herein.

3. All Exhibits attached to or referenced in this brief, are true and correct copies of the originals, which I have in my personal possession.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those portions based on information and belief and for those portions I believe them to be true.

Executed August 10, 2020, Beaumont, CA

Respectfully submitted.

Dated this 10th day of August, 2020

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
*In Propria Persona*

-10-                              Paul Hupp



FROM: 965 HIDDEN OAKS
BEAUMONT CA
92223

TO:

9TH CIRCUIT COURT APPEAL
CLERK
PO BOX 193939
SAN FRANCISCO CA
94119-3939

This envelope is made from post-consumer waste. Please recycle - again.